

U.S. Department of Justice

*United States Attorney*
*District of Hawaii*

---

PJKK Federal Building   (808) 541-2850
300 Ala Moana Blvd., Room 6-100   FAX (808) 541-2958
Honolulu, Hawaii 96850

August 3, 2005

Harlan Y. Kimura, Esq.          Pamela E. Tamashiro
220 S. King Street              Ocean View Center
Ste. 1660                       707 Richards St., PH 7
Honolulu, HI 96813              Honolulu, HI 96813

     Re:  <u>United States v. James Troiano (01); Wendell Toki (02)</u>
          Cr. No. 05-00261 HG

Dear Counsel:

    In compliance with the Court's order, issued on August 2, 2005, notice is hereby given of evidence the United States intends to offer in the above-referenced case. This evidence is admissible because it is inextricably intertwined with the evidence supporting the charged offenses and provides the context in which the charged criminal conduct occurred. While the United States takes the position that this evidence is not governed by FRE 404(b), we bring it to your attention out of an abundance of caution.

    Specifically, the evidence is as follows:

    (1)  Evidence that defendant James Troiano, aka: John Klatt ("defendant Troiano"), and his co-conspirator, Tony Esparza, met while they were incarcerated in the same facility on the mainland.

    (2)  Evidence that defendant Troiano and defendant Wendell Toki ("defendant Toki") became acquainted through their involvement in the chicken fighting "industry" here in Hawaii.

    (3)  Evidence related to two prior burglaries. First, the April 13, 2005 burglary of the home of David Klein, at which time Mr. Klein's black 1993 Toyota Camry sedan (Hawaii license plate JWA-457) was stolen. Second, the May 5, 2005 burglary of the home of Lorie Phillips, at which time the Colt .45 handgun, serial #CLW023025, was stolen. As you are aware, the black Toyota Camry was used as the get-away vehicle on May 9, 2005, and the Colt .45 handgun was found in the room occupied by defendant Troiano at the Ohana Surf Hotel two days after the robbery of The Brown Bottle.

**EXHIBIT A**

(4) Evidence that defendant Troiano and Esparza were under the influence of methamphetamine at the time of the subject Hobbs Act robbery. The United States does not intend to introduce evidence of other incidents of drug use, unless they become relevant during the course of trial.

As noted above, this evidence is admissible to provide context. United States v. Rrapi, 175 F.3d 742, 748 (9th Cir. 1999). Evidence should **not** be treated as 'other crimes' evidence when 'the evidence concerning the [other act] and the evidence concerning the crime are inextricably intertwined. United States v. Sayakhom, 186 F.3d 928, 937-38 (9th Cir. 1999), cert. denied, 528 U.S. 1179 (2000). Prior act evidence may be admitted "when it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir 2004). With regard to this second category, the Ninth Circuit has emphasized that "[t]he jury cannot be expected to make its decision in a void - without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995).

Should you have any questions regarding this matter, please feel free to contact the undersigned at (808) 440-9272.

Very truly yours,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By: _____
WES R. PORTER
CLARE E. CONNORS
Assistant U.S. Attorneys