

**U.S. Department of Justice**

*United States Attorney*
*District of Hawaii*

*PJKK Federal Building*  (808) 541-2850
*300 Ala Moana Blvd., Room 6-100*  FAX (808) 541-2958
*Honolulu, Hawaii 96850*

January 3, 2006

Todd Eddins                          Pamela E. Tamashiro
Pauahi Tower                         Ocean View Center
1001 Bishop Street, Ste. 1320        707 Richards St., PH 7
Honolulu, HI 96813                   Honolulu, HI 96813

    Re:   United States v. James Troiano (01); Wendell Toki (02)
           Cr. No. 05-00261 HG

Dear Counsel:

    Notice is hereby given of evidence the United States intends to offer in the above-referenced case. Please be advised that this letter supplements the United States previous 404(b) notice, which was provided to you in a letter dated August 3, 2005. This evidence is admissible because it is inextricably intertwined with the evidence supporting the charged offenses. While the United States takes the position that this evidence is not governed by FRE 404(b), we bring it to your attention out of an abundance of caution.

    Specifically, the evidence is as follows:

    (1) Evidence of prior burglaries linked to defendant James Troiano, aka "John Klatt," that occurred following the defendant's release on parole on March 24, 2005. Specifically, the United States intends to introduce evidence linking defendant Troiano to the following incidents:

        (a)   The April 13, 2005 burglary of John Klatt's residence, at which time Mr. Klatt's license was stolen. Mr. Klatt's license is the identification document that defendant Troiano used to book the hotel room in the Ohana Surf Hotel, which is where the weapon, proceeds from the robbery of The Brown Bottle, and other evidence linking defendant Troiano to the crime were found.

        (b)   The April 13, 2005 burglary of Michael Higuchi and Ted Tennis, at which time defendant Troiano was confronted by one of the victims. In addition, defendant Troiano attempted to pawn items stolen



EXHIBIT B

    from these individuals.  He used John Klatt's license but the fingerprint on the pawn ticket belongs to defendant Troiano.

(c)     The April 15, 2005 burglary of Michael Cordeiro. Defendant Troiano attempted to pawn property stolen from the Cordeiro residence.  As with the previous burglary, defendant Troiano used John Klatt's license but the fingerprint on the pawn ticket belongs to defendant Troiano.

(d)     The April 18, 2005 burglary of Christine and Preston Iha.  Again, defendant Troiano attempted to pawn property stolen from the Iha residence. As with the previous burglaries, defendant Troiano used John Klatt's license but the fingerprint on the pawn ticket belongs to defendant Troiano.

    Evidence concerning all of these events have been provided to you through discovery, specifically, documents Bates-stamped 1 through 777.  These burglaries were committed within the same general vicinity and the evidence from all tends to prove the identity of defendant Troiano.

    Morever, as noted in our August 3, 2005 letter, the United States intends to introduce evidence linking defendant Troiano to the April 13, 2005 burglary of the home of David Klein, at which time Mr. Klein's black 1993 Toyota Camry sedan (Hawaii license plate JWA-457) was stolen.  The United States also intends to introduce evidence of the May 5, 2005 burglary of the home of Lorie Phillips, at which time the Colt .45 handgun, serial #CLW023025, was stolen.  As you are aware, the black Toyota Camry was used as the get-away vehicle on May 9, 2005, and the Colt .45 handgun was found in the room occupied by defendant Troiano at the Ohana Surf Hotel two days after the robbery of The Brown Bottle.

    The evidence described above is admissible as intrinsic evidence of the charged conduct, namely, that defendant Troiano was the individual who committed the robbery at The Brown Bottle. Because this evidence is necessary to prove the United States case, it does not fall under FRE 404(b)'s limitations on admissible evidence.  United States v. Chin, 83 F. 3d 83, 87-88 (4th Cir. 1996).

    Alternatively, the evidence is admissible under Rule 404(b) of the Federal Rules of Evidence ("F.R.E.") because it goes to the defendant's identity and the absence of mistake or accident. Rule 404(b) permits the admission of evidence of "other crimes,

wrongs or acts" for the limited purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. King, 200 F.3d 1207, 1214 (9th Cir. 1999).

    Should you have any questions regarding this matter, please feel free to contact the undersigned at (808) 440-9272.

                      Very truly yours,

                      EDWARD H. KUBO, JR.
                      United States Attorney
                      District of Hawaii

By: _____
     WES R. PORTER
     CLARE E. CONNORS
     Assistant U.S. Attorneys