IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW IN |
| | ) | SUPPORT OF MOTION |
| vs. | ) | |
| | ) | |
| JAMES TROIANO, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

On September 28, 2005, Troiano filed a Motion to Dismiss Indictment which asserted, in part, that the United States District Court for the District of Hawaii did not have jurisdiction over his case. On October 11, 2005, the government filed United States' Opposition to Motion to Dismiss Indictment. On October 13, 2005, Defendant filed a Reply Memorandum of Defendant James Troiano in Support of His Motion to Dismiss Indictment. On October 14, 2005, the government filed United States' Supplemental Opposition to Motion to Dismiss Indictment.

In United States v. Lynch, __ F.3d __, 2006 WL 306766 (9th Cir.), decided on February 10, 2006, a new case entered the Hobbs landscape.

1

The Ninth Circuit reemphasized its adoption of the United States v. Collins, 40 F.3d 95 (5th Cir. 1994) indirect effect on interstate commerce test. Lynch declined to analyze the indirect effect because the defendant's conduct directly effected interstate commerce. ("since we have determined that there was more than adequate evidence of *direct* effects on interstate commerce, a new trial as to any *indirect* effect under *Collins* is not required." Lynch at 1604). Lynch's actions had a direct effect on interstate commerce because he transported illegal drugs between Nevada and Montana, traveled to Montana in a vehicle rented in Nevada, placed interstate telephone calls to lure the victim from Nevada to Montana, killed the victim in Montana with a firearm transported from Nevada and then returned to Nevada with the gun, used the victim's debit card to withdraw money in Montana and Utah from his Nevada bank which involved interstate communications, traveled from Montana through Utah and to Nevada in the victim's stolen truck, and rented a U-Haul tin Utah to transport the truck to Nevada. Id. at 1602-03.

In its previous filings on October 11 and 14, 2005 with respect to the instant issue, the government did not address the linchpin Lynch issue relating to the direct or indirect effects of Troiano's alleged actions on interstate commerce. The defense asserts that unlike the factual circumstances of cross-state conduct in Lynch, there is nothing to suggest

2

that Troiano's alleged conduct on the island of Oahu in Hawaii *directly* affected interstate commerce.

As to the indirect effect of interstate commerce of Troiano's alleged acts, the Collins court "concluded that a strictly intrastate robber 'which caused only a speculative *indirect* effect on a business engaged in interstate commerce,' without other direct or indirect effects or relationships with interstate commerce could not fulfill the effect on interstate commerce nexus required for a Hobbs Act conviction." Lynch at 1600 (quoting Collins, 40 F.3d at 101). In the instant case, the government, without specifically discussing the "indirect effects" inquiry, asserts that the "depletion of resources from a business engaged in interstate commerce is an adequate jurisdictional basis". See United States' Opposition to Motion to Dismiss Indictment at 4 (quoting United States v. Phillips, 577 F.2d 495 (9th Cir. 1978).

Essentially, the government contends that federal prosecution is sanctioned upon the robbery of any retail establishment in the United States that sells goods manufactured outside the boundaries of the state where the store is located. Given that virtually all retail establishments are *not* purveyors of exclusively homegrown or manufactured goods, every robbery of a store in this country, in the view of the government, is a federal crime.

3

It is certainly an expansive interpretation from the Hobbs Act's purpose to curb labor racketeering, see, e.g., United States v. Beck, 511 F.2d 997 (6th Cir. 1975), to casting a federal net to ensnare 'run of the mill' local robberies, such as that at Waialua's Brown Bottle liquor store (which was investigated solely by county police officers) for federal prosecution.

In recent years, there has been a concerted shift towards a more limited view of federal jurisdiction. With United States v. Lopez, 514 U.S. 54 (1995) and United States v. Morrison, 529 U.S. 598 (2000), the "effect of interstate commerce" requirement has become more narrowly construed. Troiano asserts that a narrow construction of the conduct he is alleged to have undertaken leads to the inescapable conclusion that interstate commerce was not effected as a result of the heist at the Brown Bottle Liquor store.

For the foregoing reasons, Troiano requests that the Indictment be dismissed.

Respectfully submitted,

_____
Todd Eddins

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following parties via hand delivery on February 23, 2006.

CLARE CONNORS
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

PAMELA TAMASHRIO
Ocean View Center
707 Richards Street, PH 7
Honolulu, Hawaii 96813

Attorney for DEFNDANT WENDELL TOKI

DATED: Honolulu, Hawaii, February 23, 2006

TODD EDDINS
ATTORNEY FOR JAMES TROIANO