IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00261 HG-01 |
| | ) | |
| | ) | **ORDER DENYING** |
| Plaintiff, | ) | **MOTION TO DISMISS INDICTMENT** |
| | ) | **FILED 9/28/05** |
| vs. | ) | **AND** |
| | ) | **SECOND MOTION TO DISMISS** |
| JAMES TROIANO,    (01) | ) | **INDICTMENT FILED 2/23/06** |
|    aka: "JOHN KLATT", | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING**
**MOTION TO DISMISS INDICTMENT FILED 9/28/05**
**AND**
**SECOND MOTION TO DISMISS INDICTMENT FILED 2/23/06**

The Government charges Defendant James Troiano ("Defendant") with, among other things, robbery of a convenience store in violation of the Hobbs Act, 18 U.S.C. § 1951.  Defendant moves to dismiss the indictment on the grounds that the Court lacks jurisdiction because the convenience store which Defendant allegedly robbed did not engage in interstate commerce.  The Court denies Defendant's motions to dismiss because the indictment alleges a sufficient connection between the robbery and interstate commerce so as to satisfy the Hobbs Act interstate commerce nexus requirement.

## PROCEDURAL HISTORY

On June 22, 2005, the Government filed a three-count

1

Indictment against Defendant and Wendell K. Toki. (Doc. 11.)

On September 28, 2005, Defendant filed a Motion to Dismiss Indictment (Doc. 58, "Motion to Dismiss".)

On October 5, 2005, the Government filed a four-count Superseding Indictment against Defendant and Toki. (Doc. 59, "Indictment".)

On October 11, 2005, the Government filed its Opposition to Motion to Dismiss Indictment. (Doc. 62, "Opposition".)

On October 13, 2005, Defendant filed a reply memorandum in support of his Motion to Dismiss (Doc. 63.)

On October 14, 2005, the Government filed a "Supplemental Opposition to Motion to Dismiss Indictment." (Doc. 66.)

Defendant did not request a hearing on the Motion to Dismiss and on November 10, 2005, the Court took the Motion to Dismiss under submission.

On February 23, 2006, Defendant filed a Second Motion to Dismiss Indictment (Doc. 78.)

**BACKGROUND**

**I.    The Indictment**

The Indictment charges Defendant with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 1);  Hobbs Act robbery in violation 18 U.S.C. §§ 1951 and 2 (Count 2); the use of a firearm during Hobbs Act robbery in violation of 18 U.S.C. § 924(c) (Count 3); and being a felon in

2

possession of a firearm in violation of 18 U.S.C. § 922(g) and 934(e) (Count IV).

In particular, in Counts I and II, the Indictment charges Defendant with obstructing and affecting, and conspiring to obstruct and affect, "commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully, knowingly, and willfully take and obtain personal property consisting of money from the person and in the presence of M.A., the owner of Agader-Silva, Incorporated, doing business as 'The Brown Bottle,' which engages in interstate commerce. . . "

Count III charges the Defendant with carrying and brandishing a firearm during commission of the crimes charged in Counts I and II.  Count IV charges the Defendant with possession of a firearm after having been convicted of a felony.

Although the Defendant filed his first Motion to Dismiss before the Government filed the Superseding Indictment, the Hobbs Act based violations, Counts I, II and III of the Superseding Indictment, which the Defendant challenges in his Motion to Dismiss, are substantially identical to Counts I, II and III of the original indictment.

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 12(b)(2), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). In considering a pretrial motion to dismiss an indictment, the court "must presume the truth of the allegations in the charging instruments." United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). "Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not invade the province of the ultimate finder of fact." United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993) (internal citations omitted).

## ANALYSIS

Defendant moves for dismissal of the Indictment on the grounds that (1) the alleged victim, Agader-Silva, Incorporated ("Agader-Silva"), doing business as "The Brown Bottle", does not exist according to the records of the Department of Commerce and Consumer Affairs of the State of Hawaii; (2) if the Indictment is interpreted as M.A. being the victim, the indictment does not contain the essential facts constituting the offense charged because M.A. is not registered to conduct business in the State of Hawaii as The Brown Bottle and, therefore, could not be engaged in interstate commerce; and (3) Agader-Silva is not

4

engaged in interstate commerce because all of its activities are conducted intrastate.  (Motion to Dismiss at 2.)

## I.    The Alleged Victim – Agader-Silva Incorporated - Exists

Defendant's first two arguments are without merit.  As Defendant acknowledges, an entity known as "Agader-Silva, Inc." is registered with the Hawaii Department of Commerce and Consumer Affairs.[1]  "Inc." is a common abbreviation for "incorporated".  The fact that the indictment refers to "Agader-Silva, Incorporated" as opposed to "Agader-Silva, Inc." is inconsequential.

Similarly, the language of the indictment sufficiently identifies Agader-Silva Incorporated, doing business as "The Brown Bottle", as the victim – *i.e.*, the business affected by the use of force against an individual identified as M.A.  The indictment alleges that Defendant forced M.A. to relinquish control of funds belonging to Agader-Silva.  In addressing Defendant's jurisdictional argument, (*i.e.*, that Agader-Silva is not engaged in interstate commerce), the Court considers case law pertaining to the robbery of a business, rather than case law pertaining to the robbery of an individual unaffiliated with a business enterprise.

---

[1] Pursuant to Fed. R. Evid. 201 the Court takes judicial notice of the official records of the Department of Commerce and Consumer Affairs of the State of Hawaii.

**II.  The Indictment Sufficiently Charges That Agader-Silva Engages in Interstate Commerce**

   **A.    The Hobbs Act**

   The Hobbs Act provides for criminal punishment for anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section."  18 U.S.C. § 1951(a).

   The Hobbs Act is aimed at economic activities which "in any way or degree ... affect commerce." 18 U.S.C. § 1951(a).  The Hobbs Act defines commerce as "all commerce between any point in a State ... and any point outside thereof; all commerce between points within the same State through any place outside such State." 18 U.S.C. § 1951(b)(3).

   "In a Hobbs Act robbery prosecution, the government is required to prove two things: (1) that the defendant either committed or attempted to commit a robbery, and (2) a nexus between the defendant's acts and interstate commerce." United States v. Rodriquez, 360 F.3d 949, 958 (9th Cir.), cert. denied, 543 U.S. 867 (2004)(citation and quotations omitted).

   In his Motion to Dismiss, Defendant contends that the Indictment does not contain sufficient allegations to satisfy the

6

interstate commerce nexus requirement.[2]

### 1.    De Minimis Effect on Interstate Commerce

For purposes of the Hobbs Act nexus requirement, only a de minimis effect on interstate commerce is necessary.  See Rodriquez, 360 F.3d at 955; United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995).  The Ninth Circuit Court of Appeals, along with several other courts, has held that the United States Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995), did not invalidate the law of the Ninth Circuit that the government need only show a de minumus effect on interstate commerce to support a violation of the Hobbs Act.  See United States v. Atcheson, 94 F.3d 1237, 1241 (9th Cir. 1996).  Contrary to Defendant's assertion, the indictment need not charge that the Defendant's alleged actions had a substantial (as opposed to a de minumus) effect on interstate commerce.  The "substantially affects" test does not apply to Hobbs Act violations "[b]ecause the Hobbs Act is concerned solely with *inter* state, rather than *intra* state, activities."  Id. at 1242 (emphasis in original).

To establish a *de minimis* effect on interstate commerce, the government need not show that a defendant's acts actually affected interstate commerce.  Atcheson, 94 F.3d at 1243 (*citing*

---

[2] The Defendant does not expressly challenge the Court's jurisdiction over the charges under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e) in Count IV of the Indictment.

<u>United States v. Huynh</u>, 60 F.3d 1386, 1389 (9th Cir. 1995)).
Rather, the jurisdictional requirement is satisfied "by proof of
a probable or potential impact." <u>Id</u>. (citing <u>Huynh</u>, 60 F.3d at
1389). "The effect, in fact, need be only probable or potential,
rather than actual." <u>Woodruff</u>, 50 F.3d at 677.

The Ninth Circuit Court of Appeals has consistently upheld
convictions under the Hobbs Act even where the connection to
interstate commerce was slight. <u>See</u> <u>Atcheson</u>, 94 F.3d at 1243
(citing <u>United States v. Pascucci</u>, 943 F.2d 1032, 1035 (9th Cir.
1991) (defendant threatened to deliver embarrassing audio tapes
to his victim's employer, a corporation engaged in interstate
commerce); <u>United States v. Hanigan</u>, 681 F.2d 1127, 1130-31 (9th
Cir. 1982) (defendant robbed three undocumented alien farm
workers, affecting the movement of labor across borders); <u>United
States v. Phillips</u>, 577 F.2d 495, 501 (9th Cir. 1978)
(defendant's extortion 'threatened the depletion of resources
from a business engaged in interstate commerce')); <u>United States
v. Zemek</u>, 634 F.2d 1159, 1173 n.20 (9th Cir. 1980).

Robbery of an interstate business typically constitutes
sufficient evidence to satisfy the Hobbs Act's nexus requirement.
<u>Rodriquez</u>, 360 F.3d at 955; <u>see</u> <u>United States v. Zeigler</u>, 19
F.3d 486 (10th Cir. 1994) (restaurant owner's testimony that
monies taken during robbery would have been used to purchase more
interstate goods and pay employees, and that robbery affected

8

"bottom line" of business demonstrated that robbery affected
commerce in some degree for purposes of prosecution under Hobbs
Act).

   The Defendant's reliance on <u>United States v. Lynch</u>, __ F.3d
____ , 2006 WL 306766,(9th Cir. Feb. 10, 2006), in support of his
argument that Defendant's alleged robbery of Agader-Silva did not
have a sufficient effect on interstate commerce so as to support
jurisdiction under the Hobbs Act is misplaced.  The <u>Lynch</u> case is
not directly on point.  The <u>Lynch</u> court considered the proper
jurisdictional inquiry for a crime directed toward an individual.
In <u>Lynch</u>, the court held that "[t]he government may establish
jurisdiction for prosecution under the Hobbs Act for a crime
directed toward an *individual* by showing either that the crime
had a direct effect or an indirect effect on interstate
commerce."  <u>Id</u>. at * 12 (emphasis added).  This case involves a
crime directed toward a business and not an individual.

   Moreover, the <u>Lynch</u> court did not restrict Hobbs Act
jurisdiction.  In reaching its conclusion, the <u>Lynch</u> court
emphasized the continued applicability of the de minimus effects
test and reiterated that the court has consistently upheld
jurisdiction under the Hobbs Act even where the connection to
interstate commerce was slight.  <u>Id</u>. at * 4.  The <u>Lynch</u> court
cited, among other Hobbs Act decisions, the court's decision in
<u>United States v. Phillips</u>, 577 F.2d 495, 501 (9th Cir. 1978) in

9

which the court found jurisdiction where the defendant's
extortion "threatened the depletion of resources from a business
engaged in interstate commerce."

**B.   Sufficiency of Indictment**

An indictment "must be a plain, concise, and definite
written statement of the essential facts constituting the offense
charged." Fed. R. Crim. P. 7(c)(1). "Generally, an indictment
is sufficient if it sets forth the elements of the charged
offense so as to ensure the right of the defendant not to be
placed in double jeopardy and to be informed of the offense
charged. " Woodruff, 50 F.3d at 676.

"[A]n indictment need not recite the exact statutory
language." Rodriquez, 360 F.3d at 958. Although the interstate
commerce nexus is an element that must be proved at trial, the
indictment need not describe how the defendant interfered with
interstate commerce. Id.; see Woodruff, 50 F.3d at 676
(indictment under Hobbs Act sufficient although it contained no
facts alleging how interstate commerce was interfered with, and
did not state any theory of interstate impact).

In Woodruff, the Ninth Circuit Court of Appeals considered
the defendant's commerce clause challenge to an indictment under
the Hobbs Act. The indictment charged the defendant with
obstructing commerce by robbing jewelry stores. Woodruff, 50
F.3d at 676. The indictment identified the location and date of

10

each of the charged activities.  <u>Id</u>.  The court found that this was sufficient to put the defendant on notice of the essential facts constituting the crime charged.  <u>Id</u>. at 677.

Similarly, the indictment in this case charges that, on or about May 9, 2005, the Defendant obstructed and affected, and conspired to obstruct and affect commerce, and the movement of articles and commodities in such commerce, by robbing Agader-Silva, a business which engages in interstate commerce.

The issue of whether the government can show a sufficient nexus between Defendant's alleged crime and interstate commerce is a matter of proof at trial.  The government has the burden of proving the "'interstate impact' of the robberies at trial."  <u>Id</u>.

<b><u>CONCLUSION</u></b>

For the foregoing reasons,

(1)  Defendant's Motion to Dismiss the Indictment, filed September 28, 2005 (Doc. 58) is **DENIED**.

(2)  Defendant's Second Motion to Dismiss the Indictment, filed February 23, 2006 (Doc. 78), is **DENIED**.

DATED:  Honolulu, Hawaii, February 27, 2006.



_____
Helen Gillmor
Chief United States District Judge

Crim. No. 05-00261 HG-01, <u>United States v. James Troiano, aka "John Klatt"</u>; ORDER DENYING MOTION TO DISMISS INDICTMENT FILED 9/28/05 AND SECOND MOTION TO DISMISS INDICTMENT FILED 2/23/06