IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 05-00261 HG |
|---|---|
| Plaintiff, | ) DECLARATION OF COUNSEL |
| vs. | ) |
| JAMES TROIANO, (01) | ) |
| Defendant. | ) |

## **DECLARATION OF COUNSEL**

1.  I, Todd Eddins, represent James Troiano (Troiano).

2.  I am Troiano's third attorney. Previously, he was represented by Pamela Byrne and Harlan Kimura, respectively.

3.  On August 29, 2005, Mr. Kimura submitted an Ex Parte Application for Issuance of Subpoena and Payment of Witness Fees to the court. Troiano sought his Federal Detention Center phone records from June, 2005 through August, 2005. Through the declaration of counsel, he provided a rationale for the request.

4.  The application was placed "UNDER SEAL".

5.  In the files I have received with respect to the case, I do not have the

1

court's order relating to the Ex Parte Application. However, I am aware that the court granted the request and issued an order permitting Troiano to serve the Federal Detention Center's custodian of records with a subpoena relating to the phone records. The order was also "UNDER SEAL".

6. In a letter dated August 30, 2005 to Troiano, Mr. Kimura explained that the request was sealed to prevent the government from reviewing the matter.

7. At some point subsequent to the court's order, Troiano served the Federal Detention Center with the subpoena.

8. It is my understanding that instead of complying with the court's order and providing the requested items to Troiano's counsel, the Federal Detention Center's staff attorney, despite the confidential nature of the matter, contacted the Assistant United States Attorneys involved in the case.

9. Apparently, the staff attorney then provided the audio records to the government, and not to Troiano's counsel.

10. Later, Troiano received the phone recordings from the prosecution.

11. I am also under the belief that over the months Troiano has received numerous documents and materials at the Federal Detention Center from his attorneys that were opened outside his presence. By the time these privileged legal materials were received by Troiano, they had already been opened, and presumably perused.

12. I state the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, February 27, 2006.

BY: _____
TODD EDDINS