EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON   #4532
Chief, Major Crimes

WES R. PORTER        #7698
CLARE E. CONNORS     #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:      541-2850
facsimile:      541-2958
e-mail:         wes.porter@usdoj.gov
                clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION TO |
| | ) | DEFENDANT TROIANO'S MOTION FOR |
| vs. | ) | SEVERANCE OF DEFENDANTS; |
| | ) | CERTIFICATE OF SERVICE. |
| JAMES TROIANO,        (01) | ) | |
| also known as: | ) | |
| "JOHN KLATT," | ) | Date:      March 17, 2006 |
| WENDELL K. TOKI,      (02) | ) | Time:      9:00 AM |
| | ) | Judge:     Helen Gillmor |
| Defendants. | ) | |

                UNITED STATES' OPPOSITION TO
          DEFENDANT TROIANO'S MOTION FOR SEVERANCE

          COMES NOW the United States of America, by and through

its attorneys, Edward H. Kubo, Jr., United States Attorney for

the District of Hawaii, Wes R. Porter and Clare E. Connors,

Assistant United States Attorneys, and hereby submits its

opposition to defendant James Troiano, also known as "John Klatt's," Motion for Severance of Defendants, filed on February 23, 2006 ("Motion").  Troiano's Motion is without merit and should be denied.

I.    **BACKGROUND**

    A.    **ROBBERY OF THE BROWN BOTTLE**

        The evidence at trial will demonstrate that in the early morning hours of May 9, 2005, defendant James Troiano ("Troiano") attacked M.A., the owner of The Brown Bottle, a liquor store in Waialua, as he entered the store.  Troiano hit M.A. in the face with a gun and forced him inside the store. Troiano and Tony Esparza ("Esparza") then proceeded to take with force approximately $2,000 from the safe located underneath the cash register and approximately $12,000 from the automated teller machine ("ATM") located in the store.  During the course of the robbery, Troiano and Esparza alternated holding M.A., who was bleeding from his wound, at gunpoint on the ground.

        After they left The Brown Bottle, Troiano and Esparza checked into the Ohana Waikiki Surf Hotel.  Troiano used a license in the name of "John Klatt," which he had stolen from John Klatt's residence on April 13, 2005, and Esparza used his Hawaii identification card.  The Honolulu Police Department arrested Troiano on May 10, 2005, and thereby prohibited him from returning to the hotel room.  Hotel security eventually entered

the room and found in the safe, among other things, a Colt .45 pistol and approximately $4,000 in U.S. currency.

Prior to the robbery on May 9, 2005, Troiano and co-defendant Wendell Toki ("Toki") discussed the layout of The Brown Bottle, including the location of the safe in the floor and the fact that M.A. had the combination to the ATM. Toki was familiar with The Brown Bottle because his mother, Helen Toki, worked there. Toki also had worked there and knew M.A.'s routine. Toki told Troiano that on Monday mornings, the safe contained the proceeds from the weekend. In addition, the United States will prove that Toki asked Troiano not to rob The Brown Bottle while his mother was performing her cleaning duties. Following the robbery, Troiano provided defendant Toki with $5,000, Toki's share of the money taken from The Brown Bottle.

## II. **DEFENDANT'S MOTION FOR SEVERANCE IS WITHOUT MERIT**

### A. **APPLICABLE LAW**

Under Rule 8(b) of the Federal Rules of Criminal Procedure ("F.R.Cr.P."), defendants may be charged in the same indictment if they participated in the same acts or series of acts constituting an offense. Rule 8(b) should be construed broadly in favor of initial joinder. United States v. Vasquez-Velasco, 15 F. 3d 833, 844 (9th Cir. 1994) (citing United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977)). In the Ninth Circuit, "[j]oint trials are the rule rather than the

exception; and there is a 'substantial public interest' in the joint trial of persons charged with committing the same offense or with being accessory to its commission." United States v. Cruz, 536 F.2d 1264, 1267 (9th Cir. 1976); see also United States v. Mariscal, 939 F.2d 884, 885 (9th Cir. 1991) ("Co-defendants jointly charged are, *prima facie*, to be jointly tried.")

The defendant seeking severance must establish "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); see also United States v. Buena-Lopez, 987 F.2d 657, 660 (9th Cir. 1993).  The defendant must prove that a joint trial will cause "clear, manifest, or undue prejudice" such that he will be denied a fair trial." United States v. Freeman, 6 F.3d 586, 598 (9th Cir. 1993); United States v. Cuozzo, 962 F.2d 945, 950 (9th Cir. 1992).

With respect to issues Troiano raises under Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court has held:

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

Richardson v. Marsh, 481 U.S. 200, 210 (1987).

4

Under F.R.Cr.P. Rule 14, the Court has broad discretion to grant or deny requests to sever joined defendants after balancing the interest in judicial economy against the risk of prejudice to the defendant.  <u>Lambright v. Stewart</u>, 191 F.3d 1181, 1186 (9th Cir. 1999) (finding despite the danger of prejudice, joint trials promote efficiency and are rarely reversed for failure to sever, even where the defenses are antagonistic); <u>see also</u> <u>United States v. Rodriquez-Aguirre</u>, 108 F.3d 1228, 1233 (10th Cir. 1997); <u>United States v. Francis</u>, 131 F.3d 1452, 1459 (11th Cir. 1997).  A motion for severance under Rule 14 is committed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse.  <u>United States v. Olson</u>, 504 F.2d 1222, 1224 (9th Cir. 1974).  Alleged violations of the Confrontation Clause are reviewed <u>de novo</u>. <u>United States v. Peterson</u>, 140 F.3d 819, 821 (9th Cir. 1998).

B.    **DEFENDANT HAS FAILED TO DEMONSTRATE MANIFEST PREJUDICE NECESSARY TO WARRANT A SEVERANCE**

A joint trial of Troiano and his co-defendant Toki is clearly in the interest of both judicial economy and the ends of justice.  Troiano is charged, among other things, with conspiring to commit robbery and committing robbery.  Toki is also charged with conspiring to commit robbery and aiding and abetting in the robbery committed by Troiano.  The witnesses and victims are largely the same and the trials would be duplicated by severance. Troiano bears the burden of demonstrating that a danger of

5

prejudice outweighs the judicial economy of a joint trial.  He argues in his motion that the Supreme Court's decision in Bruton v. United States, and the possibility of mutually exclusive defenses justify his request for severance.  Troiano has failed to meet his burden and the Court should deny his motion to sever.

      1.    **To avoid a *Bruton* problem, the United States will eliminate from Toki's statement both Troiano's name and any reference to Troiano's existence**

      The Supreme Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."  Richardson, 481 U.S. at 211.

      In this case, Troiano's co-defendant, Wendell Toki, gave a voluntary statement to the United States in which he admitted his participation in the charged armed robbery of The Brown Bottle.[1]  The United States does not intend to introduce the transcript of the statement.  It also does not intend to introduce the audio-taped recording of the statement.  However, in an effort to alleviate Bruton concerns, the United States does intend to elicit Toki's statement through a government agent who conducted Toki's interview.

---

[1]Toki's statement was the subject of a Motion to Suppress, which this Court denied on September 19, 2005.

Troiano's claims of possible prejudice will not be realized at trial.  The testifying agent will abide by the Supreme Court's holding in <u>Richardson</u> that neither Troiano's name nor any testimony that would identify Troiano specifically shall be mentioned during the testimony concerning Toki's statement.[2] In this case, the third co-conspirator, Tony Esparza, further lessens the danger of prejudice with respect to Troiano.  The jury could readily believe that Toki's statement regarding his actions with "another guy" or "another individual" refers to Esparza, not Troiano.  In other words, a redacted version of Toki's statement does not "expressly implicate" Troiano as Toki's accomplice.  <u>See</u> <u>Richardson</u>, 481 U.S. at 208.  In addition, at the time Toki's statement is admitted, the United States will request the Court to instruct the jury not to consider Toki's statement in any way against Troiano.

Not only is Toki's statement not incriminating on its face, it does not constitute the only direct evidence of Troiano's involvement in the armed robbery.  As the Supreme Court held in <u>Richardson</u>, if a co-defendant's confession becomes incriminating "only when linked with evidence introduced later at trial," the same concern regarding a jury's ability to disregard

---

[2]This proposed method for introducing Toki's statement is consistent with the course of action suggested by the American Bar Association in section 13.34(a)(ii), which Troiano cites in his Memorandum.  Memorandum, 7-8.

an incriminating inference is notably lessened.  <u>Id.</u>  The United
States anticipates introducing overwhelming evidence of Troiano's
guilt that is completely unrelated to Toki's statement.  Thus,
with a curative instruction and the other overwhelming evidence
of guilt, Troiano's <u>Bruton</u> concerns will be allayed.

### 2. <u>The prospect of inconsistent defenses is not a sufficient basis to sever</u>

Troiano next argues that severance is warranted because
he and his co-defendant will present mutually exclusive defenses.
In the Ninth Circuit, "[m]ere inconsistency in defense positions
is insufficient to find codefendants' defenses antagonistic" and
a severance necessary.  <u>United States v. Tootick</u>, 952 F.2d 1078,
1081 (9th Cir. 1991).  In <u>Tootick</u>, the Ninth Circuit established:

> Inconsistency, alone, seldom produces the type of
> prejudice that warrants reversal. The probability of
> reversible prejudice increases as the defenses move
> beyond the merely inconsistent to the antagonistic.
>
> Mutually exclusive defenses are said to exist when
> acquittal of one codefendant would necessarily call for the
> conviction of the other.

<u>Id.</u> at 1081 (internal citation omitted).

In <u>United States v. Mayfield</u>, 189 F.3d 895 (9th Cir.
1999), a case cited by Troiano, the Ninth Circuit held:

> [S]everance should be granted when the defendant "shows
> that the core of the co-defendant's defense is so
> irreconcilable with the core of his own defense that
> the acceptance of the co-defendant's theory by the jury
> precludes acquittal of the defendant."

<u>Id</u>. at 899.

8

Thus, mutual exclusivity exists when "'only one defendant accuses the other, and the other denies any involvement.'"  <u>Tootick</u>, 952 F.2d at 1081.  The nature of this case does not necessarily portend mutually exclusive defenses and Troiano has not indicated whether, and if so, how the respective defenses of the co-defendants are mutually exclusive.  If Toki were acquitted, it is unlikely that Troiano would necessarily be convicted.  Moreover, were Toki to deny any involvement in the robbery of The Brown Bottle, either by testifying or refusing to testify, the jury could still acquit Troiano even if it found Toki's defense credible.  Thus, any inconsistencies in the co-defendant's defenses are not likely to rise to the level of antagonism that would warrant a severance.

Finally, it should be noted that because Toki's counsel will be present at all pre-trial hearings and throughout the trial, she will be aware of limitations this Court sets regarding the use of Toki's statement.  As discussed in <u>Mayfield</u>, were Toki's counsel to introduce and then rely "exclusively" on evidence that would be impermissible as to Troiano, the Court could sternly admonish the jury.  <u>Mayfield</u>, 189 F.3d at 905.  Indeed, the Court would be required to provide "rigorous and timely jury instructions to mitigate the prejudice."  <u>Id.</u> at 906.

//

//

9

III. <u>CONCLUSION</u>

For these reasons, the defendant has failed to meet the heavy burden of showing that he will suffer manifest prejudice if the case were not severed.  Accordingly, the Court should deny Troiano's Motion for Severance.

DATED: March 9, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /S/ Clare E. Connors
   WES R. PORTER
   CLARE E. CONNORS
   Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was served on March 9, 2006, to the following person(s):

Todd W. Eddins, Esq.
1001 Bishop Street
Pauahi Tower, Suite 1320
Honolulu, Hawaii  96813

Attorney for Defendant
JAMES TROIANO

**BY:  MAIL ( X )    HAND (  )**

Pamela E. Tamashiro
Ocean View Center
707 Richards Street, PH 7
Honolulu, Hawaii  96813

Attorney for Defendant
WENDELL R. TOKI

**By:  MAIL ( X )    HAND (  )**

DATED:  March 9, 2006, at Honolulu, Hawaii.


     /s/ Iris Tanaka