EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes

WES R. PORTER       #7698
CLARE E. CONNORS    #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:    541-2850
facsimile:    541-2958
e-mail:       wes.porter@usdoj.gov
              clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' SUPPLEMENTAL |
| | ) | OPPOSITION TO DEFENDANT |
| vs. | ) | TROIANO'S SUPPLEMENTAL |
| | ) | MEMORANDUM OF LAW IN SUPPORT |
| JAMES TROIANO,        (01) | ) | OF MOTION IN LIMINE TO EXCLUDE |
| also known as: | ) | PROFFER INFORMATION; EXHIBIT |
| "JOHN KLATT," | ) | "A"; CERTIFICATE OF SERVICE |
| WENDELL K. TOKI,      (02) | ) | |
| | ) | Hearing: March 23, 2006 |
| Defendants. | ) | Time:    8:30 AM |
| | ) | Judge:   Helen Gillmor |

**UNITED STATES' SUPPLEMENTAL OPPOSITION
TO DEFENDANT TROIANO'S SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PROFFER INFORMATION**

COMES NOW the United States of America, by and through its attorneys, Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, Wes R. Porter and Clare E. Connors,

Assistant United States Attorneys, and hereby submits its opposition to Defendant JAMES TROIANO's ("TROIANO") Supplemental Memorandum of Law in Support of Motion in Limine to Exclude Proffer Information, filed March 6, 2006, ("Memo").

In its consolidated opposition to TROIANO's previous Motions in Limine, which the United States filed on August 12, 2005, the United States re-affirmed that it would comply with the terms of the proffer letter. See Exhibit "A." In this supplemental memorandum, however, TROIANO attempts to characterize the proffer letter in terms of a plea arrangement. Specifically, he represents that he agreed to the proffer because he "believed he was doing so in anticipation of a five-year term of incarceration." Memo, 2.

Notably, neither the terms of the letter nor any other document TROIANO has produced constitute a promise or agreement between the United States and TROIANO regarding his sentencing range. TROIANO even states that he "had not seen any plea agreement in writing," but received assurances from some unidentified source that in return for his proffer he would receive a five-year prison term. Id. TROIANO characterizes the proffer letter as "inexact and imprecise," which is true in light of the fact that it was not intended by either party to represent a plea agreement and therefore did not include language regarding the effect such a proffer might have on TROIANO's sentence.

TROIANO simply seeks again, as he has done in his other motions, to throw a red herring into the pretrial pond, hoping that it might be pursued by this Court to his benefit. The terms of the proffer letter clearly set out how the United States may use TROIANO's statements during trial. In contrast to the understanding codified in the letter, TROIANO relies solely on his purported belief that "his statements could not be used in *any fashion* at trial as evidence against him." Memo, 3. This is an inadequate basis for arguing that the terms of the letter should be disregarded and that the United States should be barred from using his statements as prescribed in the letter.

### A.   THE TERMS OF THE PROFFER LETTER ARE CLEAR

The purpose and terms of the proffer letter are set forth in Exhibit "A." Generally, proffer sessions prior to sentencing occur in multi-defendant cases in which one co-defendant indicates a willingness to discuss both his conduct and the conduct of his potential or existing co-defendants. It is an opportunity for the defendant to implicate others and to assist the United States in establishing relative culpability. Since a defendant may implicate himself in other crimes during the course of discussing his conduct, the proffer letter benefits the defendant because it protects him from further prosecution for additional crimes. For example, were a defendant to state that he and a co-defendant had purchased or used methamphetamine

before engaging in the charged criminal conduct, the letter could protect him from being additionally charged with possession of contraband.

A proffer session is **not** preceded by any discussions or agreements regarding possible charges or sentences. For these reasons, the letter explicitly states in paragraph (5) that:

> No understandings, promises, agreements and/or conditions have been entered into with respect to any of the meetings other than those expressly set forth in this Agreement and none will be entered into unless in writing and signed by all parties.

Exhibit "A."

Notably, TROIANO points to no written, signed document that contains an express agreement differing from the one contained in the proffer letter. This is the case because such a document does not exist and no such agreement was reached.

If statements given during the proffer session prove to be useful to investigators, there exists the prospect that the United States might petition the Court to account for this cooperation either at the time of sentencing (a motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines) or subsequent to sentencing (a motion under Rule 35 of the Federal Rules of Criminal Procedure). However, if the information provided by the defendant is not useful, or merely seeks to minimize the defendant's conduct, the United States need not take any action at all.

Because the nature of a proffer session demands honesty on the part of the defendant, the letter specifically provides that it can be used to cross-examine the defendant in any subsequent proceeding. This would be the only use the United States would be able to make of the letter during trial. Moreover, contrary to TROIANO's argument that the letter implicates his right to testify, the letter merely ensures that TROIANO will testify truthfully. It is well-settled that although a defendant has the right to testify, he does not have the right to testify falsely under oath. <u>United States v. Dunnigan</u>, 507 U.S. 87, 96 (1993) (holding that "a defendant's right to testify does not include a right to commit perjury."). Thus, consistent with the terms of the proffer letter, the United States will <u>not</u> offer TROIANO's statements in its <u>case-in-chief</u>, however, it will use the statements to cross-examine TROIANO and to ensure that he is honest and consistent.

Finally, TROIANO's argument under Rule 410 of the Federal Rules of Evidence and Rule 11(e)(6) of the Federal Rules of Criminal Procedure is foreclosed by <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), in which the Supreme Court reviewed the issue of whether a defendant could waive the exclusionary provisions of plea-statement. The Court noted that a "criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution."

Mezzanatto, 513 U.S. at 201 (citations omitted).

In Mezzanatto, the Supreme Court discussed the various considerations facing a prosecutor at the early stages of a multi-defendant case as follows:

> Because prosecutors have limited resources and must be able to answer "sensitive questions about the credibility of the testimony" they receive before entering into any sort of cooperation agreement, <u>prosecutors may condition cooperation discussions on an agreement that the testimony provided may be used for impeachment purposes</u>....If prosecutors were precluded from securing such agreements, they might well decline to enter into cooperation discussions in the first place and might never take this <u>potential first step toward a plea bargain</u>.

Id. at 207-208 (internal citations omitted) (emphasis added).

In this case, the proffer letter may have constituted a "potential first step toward a plea bargain." Id. However, such a bargain never materialized because the parties did not offer or agree upon terms.

### B. **TROIANO WAS REPRESENTED BY COUNSEL DURING THE PROFFER**

TROIANO's argument that the officers should have read TROIANO his rights under Miranda is entirely without merit in light of the fact that TROIANO signed a waiver in the presence of his attorney. His attorney had reviewed the terms of the proffer and was present during the entire session. Because TROIANO had counsel, and because he knowingly and voluntarily signed the proffer letter, he negated the need for Miranda warnings. By virtue of signing the proffer letter and agreeing to its terms,

TROIANO waived his right to remain silent pursuant to certain conditions binding the United States, e.g., limiting the use of the statements by the United States to cross-examination.

   TROIANO cites to cases establishing that the Fifth Amendment right cannot be invoked by an attorney but must be invoked by the defendant himself.  Memo, 5.  The United States does not argue this legal issue but notes that as a factual matter, TROIANO <u>did</u> waive his right against self-incrimination by signing the letter.  <u>See</u> Exhibit "A."  Both TROIANO's signature and the signature of his attorney are on the proffer letter.  There is nothing to indicate that TROIANO did not knowingly and voluntarily waive his right to remain silent by agreeing to talk with investigators pursuant to the terms of the proffer letter.

   TROIANO's position that his constitutional right to testify has been violated by virtue of the fact that he will be cross-examined is not supported by the law.  TROIANO may still testify at trial.  Irregardless of whether he had provided a proffer statement, he would have been subject to cross-examination.  In this case, because he provided a previous statement, the United States will use it for the purpose of ensuring that any inconsistencies with respect to prior statements are addressed.

//

//

For the foregoing reasons, TROIANO's motion to exclude proffer information must be DENIED.

DATED: March 14, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Clare E. Connors
   WES R. PORTER
   CLARE E. CONNORS
   Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was served on March 15, 2006, to the following person(s):

Served Electronically through CM/ECF:

    Todd W. Eddins, Esq.        eddins@eddinsdefense.com

    Attorney for Defendant
    JAMES TROIANO

Served by First Class Mail:

    Pamela E. Tamashiro
    Ocean View Center
    707 Richards Street, PH 7
    Honolulu, Hawaii  96813

    Attorney for Defendant
    WENDELL R. TOKI

DATED:  March 15, 2006, at Honolulu, Hawaii.

                                          /s/ Cheri Abing