```
EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes

WES R. PORTER        #7698
CLARE E. CONNORS     #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:     541-2850
facsimile:     541-2958
e-mail:        wes.porter@usdoj.gov
               clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>JAMES TROIANO,         (01)<br>    also known as:<br>    "JOHN KLATT,"<br>WENDELL K. TOKI,       (02)<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CR. NO. 05-00261 HG<br><br>UNITED STATES' OPPOSITION TO<br>DEFENDANT TROIANO'S MOTION TO<br>STRIKE "AKA JOHN KLATT" FROM<br>THE INDICTMENT; CERTIFICATE OF<br>SERVICE<br><br>Hearing: March 23, 2006<br>Time:    8:30 AM<br>Judge:   Helen Gillmor |

**UNITED STATES' OPPOSITION TO DEFENDANT TROIANO'S
MOTION TO STRIKE "AKA JOHN KLATT" FROM THE INDICTMENT**

COMES NOW the United States of America, by and through its attorneys, Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, Wes R. Porter and Clare E. Connors, Assistant United States Attorneys, and hereby submits its

opposition to Defendant JAMES TROIANO's ("TROIANO") motion to strike the reference to his known alias, "John Klatt," in the caption of the Superseding Indictment. TROIANO's motion must be denied for three reasons. First, TROIANO fails to cite any authority for his contention that the United States must satisfy some burden at trial before including a defendant's alias in the caption of the indictment. Second, the actual alias, "John Klatt," is in no way prejudicial to TROIANO. Third, taking TROIANO's argument to its logical extension, no alias could ever be included in the caption of any criminal case because the evidence linking the defendant to his alias relative to the crime charged will never be adduced prior to trial. Accordingly, TROIANO's motion to strike must be DENIED.

In support of his motion to strike, TROIANO only cites Rule 8(c) of the Federal Rules of Criminal Procedure, the rule governing surplusage. While an alias arguably could be surplusage, TROIANO fails to articulate how his known alias is surplusage under the facts of this case. The United States, even without guidance from appellate courts, may not include an alias in an indictment without sufficient proof that: (1) the defendant uses that particular alias (or others refer to him by that alias); and (2) the alias has some relevance to the evidence that will be introduced at trial.

Here, the grand jury in the instant case returned an Indictment, and then a Superceding Indictment, with the "aka: John Klatt" included in the caption based upon a finding of probable cause. At trial, the United States will offer ample proof that TROIANO has a known alias of "John Klatt" and that he used this alias in the instant case in furtherance of, and in an effort to conceal, his crimes. TROIANO, in his motion, does not dispute the United States' intended evidence, yet he argues that the United States must proof the alias *prior to* having it before the jury. As there is no support for his argument, the Court must deny TROIANO's motion to strike.

The United States does not dispute that there arguably could be aliases that, in and of themselves, would be prejudicial to a defendant, for example, "killer" or "Doug Drugs." However, TROIANO does not appear to make an argument under Rule 403 of the Federal Rules of Evidence. The alias at issue here, "John Klatt," is in no way prejudicial on its face to TROIANO. Until the evidence linking TROIANO to his alias is before the jury, the alias is insignificant. Indeed, it is the evidence linking TROIANO to a violent, armed robbery that is damaging, not his alias in and of itself.

TROIANO asserts that he will bring a separate motion targeting the evidence that links TROIANO to his alias. If that is true, the Court's decision on that motion should dictate its

decision here. However, the evidence linking TROIANO to the crime, including evidence of his use of an alias, will be admissible at trial as "inextricably intertwined" evidence. The evidence cannot, and will not be excluded as "uncharged" conduct, as TROIANO suggests.

Lastly, the numerous federal cases that include aliases after defendants' names strongly indicate that TROIANO's contention cannot be supported. Under TROIANO's theory, no federal indictment could ever include a reference to a defendant's alias. The defendant typically understands that some witness at trial will say that the defendant "also goes by" some other name and the link can be made as late as in closing argument. Here, the United States has set forth in several notices under FRE 404(b), which were offered in an abundance of cation, exactly why the alias is included and how it is relevant in this case.

In fact, in his own motion TROIANO details the United States' evidence demonstrating the "John Klatt" alias to be probative of the crimes he committed. Accordingly, TROIANO's motion to strike must be DENIED.

CONCLUSION

For the foregoing reasons, TROIANO's motion to strike the reference to his known alias in the Superseding Indictment must be DENIED.

DATED: March 9, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Clare E. Connors
   WES R. PORTER
   CLARE E. CONNORS
   Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was served on March 15, 2006, to the following person(s):

Served Electronically through CM/ECF:

Todd W. Eddins, Esq.            eddins@eddinsdefense.com

Attorney for Defendant
JAMES TROIANO

Served by First Class Mail:

Pamela E. Tamashiro
Ocean View Center
707 Richards Street, PH 7
Honolulu, Hawaii  96813

Attorney for Defendant
WENDELL R. TOKI

DATED:  March 15, 2006, at Honolulu, Hawaii.

/s/ Cheri Abing