TODD W. EDDINS, #5544
1001 Bishop Street
Pauahi Tower, Suite 1320
Honolulu, Hawaii  96813
Telephone No. 808 538.1110
Facsimile No. 808 528.2440
E-Mail:  Eddins@Eddinsdefense.com
Attorney for Defendant James Troiano

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR.  NO.  05-00261 HG |
| Plaintiff, | MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO UNCHARGED BURGLARY OFFENSES; MEMORANDUM OF LAW; and CERTIFICATE OF SERVICE |
| vs. | |
| JAMES TROIANO,  (01) | |
| Defendant. | Date:  March 23, 2006<br>Time:  8:30 a.m.<br>Judge:  HELEN GILLMOR |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO UNCHARGED BURGLARY OFFENSES**

Defendant JAMES TROIANO (Troiano) by and through his counsel, Todd Eddins, hereby moves this Honorable Court to exclude evidence relating to several uncharged burglaries.

1

Troiano seeks to preclude the evidence based on Federal Rules of Evidence 401, 402, 403, and 404(b), as well as his fifth amendment right to due process of law and his right against self-incrimination, the memorandum of law, and any evidence or argument associated with a hearing on the motion.

DATED:  Honolulu, Hawaii    March 15, 2006

/s/ Todd Eddins
_____
TODD EDDINS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES TROIANO, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW

The defense previously filed a motion in limine to exclude Rule 404(b) evidence.[1]  The motion referenced, in part, two burglaries purportedly committed by Troiano that the defense sought to exclude. Through a letter dated January 3, 2006, the government also indicated that it aspired to introduce evidence of four additional burglaries purportedly committed by Troiano.  The defense asserts that evidence pertaining to each of the burglaries should be precluded from use at trial.

---

[1] Defendant Troiano's previous attorney, Harlan Kimura, filed the motion.

3

**1.     Daniel Klein burglary**

Daniel Klein's (Klein) residence was burglarized on April 13, 2005. A 1993 black Toyota Camry was stolen from the Klein residence. The government asserts that this vehicle was used as the getaway vehicle in the Brown Bottle robbery.

Troiano has not been charged in connection with the Klein burglary. In fact, there is not any evidence that he burglarized Klein's home. Troiano, however, is presently charged in a state prosecution with unauthorized control of a propelled vehicle (UCPV) relating to Klein's Camry. Apparently, the allegation arose because Troiano was purportedly observed driving the stolen vehicle in Ewa Beach.

The prosecution's seeks to directly implicate Troiano in the Klein burglary. The inference is that he operated the Camry, and therefore he burglarized Klein's home. But the probative value to the instant case is solely that Troiano operated a vehicle that the prosecution believes was the Brown Bottle getaway car. It is immaterial, and highly prejudicial to Troiano, that the Camry was obtained as a result of a burglary. The jury will be left with the inescapable conclusion that Troiano committed the burglary and drove a stolen car. The evidence should be precluded on FRE Rule 401-403 grounds.

Additionally, Troiano is faced with the prospect of countering the accusation of an uncharged crime by testifying to his lack of involvement in the Klein burglary.  He should not have to weigh his fifth amendment right to testify or not to testify with respect to the indicted offenses due to an extraneous, irrelevant criminal allegation.  In other words, he may wish to testify relating to the charged offenses but will unmistakably feel hamstruck by the necessity to address the Klein burglary.

Further, it should be noted that given the pending state UCPV charge, he must also evaluate the propriety of addressing through his testimony that criminal charge in the instant case.   But at least with this accusation, unlike the burglary, there is some relevance to the evidence – Troiano allegedly at some point operated the getaway car.   The defense asserts, however, that the relevance is outweighed by the prejudice that the Camry was stolen.

In sum, the probative value is that Troiano operated the Camry.  There is no probative value, but extreme prejudice, that the Camry was stolen during the burglary of Klein's residence.

**2.     Lorie Phillips burglary**

On May 5, 2005, the residence of Lorie Phillips and her husband was burglarized.   In addition to a Colt .45 handgun, numerous jewelry and personal items were taken during the burglary.  The prosecution aspires to

introduce evidence of the burglary because "the Colt .45 handgun was found in the room occupied by defendant Troiano [and government witness Tony Esparaza] at the Ohana Surf Hotel two days after the robbery of the Brown Bottle." Apparently, the government speculates that the culprits of the Brown Bottle robbery brandished the Phillips's handgun.

As mentioned in the motion in limine by Troiano's prior counsel, there is not any evidence that the Phillips firearm was used during the Brown Bottle incident. A handgun was simply found in a hotel room where Troiano spent time.

As with evidence of the Klein burglary, there is no probative value to the fact that the handgun recovered from the hotel room was stolen. But there is extreme prejudice to the defense to elicit evidence that the Phillips residence was burglarized and their firearm employed at the Brown Bottle. Even if the government could prove that the Phillips handgun was identical to the robbery firearm, it would not be probative, but would be substantially prejudicial, to additionally contend that the gun was the product of a burglary. The jury would be left with the inescapable conclusion that Troinao burglarized the Phillips residence. It is simply not relevant that the gun was the product of a burglary. The only relevance is that the specific

6

gun found in the hotel room was the same gun used in the Brown Bottle robbery.

### 3. John Klatt burglary

On April 13, 2005, John Klatt's (Klatt) residence was burglarized. Klatt reported that his driver's license was stolen. A security guard in the area, Michael Gonzalez, observed a 17-19 year old local male, and a 17-19 year old local female suspiciously parked near Klatt's residence at the time of the burglary. Gonzalez took down the license plate of the vehicle but the police did not adequately pursue an investigation of the car's registered owner. A fingerprint allegedly belonging to Troiano ( the only evidence linking Troiano to any of the burglaries the government seeks to inject into the case) was recovered. Troiano has not been charged with the Klatt burglary.

The prosecution seeks to introduce evidence of the burglary because "Mr. Klatt's license is the identification document that defendant Troiano used to book the hotel room in the Ohana Surf Hotel". Thus, the government seeks to elicit evidence of the Klatt burglary merely to show that Troiano was present in the hotel room. The government is apt to call at least three witnesses, cooperating witness Tony Esparza, prostitute Sylvia

Robinson, and Catherine Symonds to prove the same fact.  Esparza and Robinson were with Troiano in the room; while Troiano allegedly instructed Symonds to go to a Waikiki hotel and retrieve his property.   Also, the personal belongings in the hotel room safe clearly belonged to Troiano (such as an address book), and evidence will likely be adduced with respect to this property.  Moreover, Troiano does not dispute that he was indeed present in the Ohana Surf Hotel room.  His presence in the hotel room will not be a contested factual circumstance.

Thus, it is cumulative to infuse into the case an uncharged burglary.  The prejudice is great but the probative value minimal.  Further, once again, Troiano will be forced at trial to weigh his fifth amendment right to testify against his right to avoid incrimination in an unrelated burglary charge.

### 4.     Michael Higuchi and Ted Tennis burglary

The government seeks to introduce evidence of this burglary because property belonging to Higuchi and/or Tennis were pawned at the Bag's End Pawn Shop by Troiano, who used Klatt's identification card.   Apparently, the government seeks to show that Troiano was present at the Ohana Surf Hotel because he used Klatt's identification at the hotel and at the pawn shop.

As with evidence relating to the Klatt burglary, the evidence is cumulative and highly prejudicial.  There will be other evidence that does not implicate Troiano in a rash of burglaries to prove the government's uncontested fact.   Troiano agrees that he was in the hotel room.   Evidence implicating Troiano in a fourth uncharged burglary is thus precluded by FRE Rule 403.

### 5. Micahel Cordeiro burglary

### 6. Christine Iha burglary

As with the Klatt burglary and #4, the Higuchi/Tennis burglary, the government seeks to show that Troiano was present at the Ohana Hotel because he used Klatt's identification to register and used Klatt's identification to pawn items from the burglary of the Cordeiro and Iha residences.

The same rationale for preclusion delineated above is applicable.  There is ample evidence that Troiano was at the Ohana Hotel.   And again, he does not contest this fact.

For the foregoing reasons, Troiano respectfully requests that the Court preclude evidence relating to the six burglaries.

DATED:  Honolulu, Hawaii  March 15, 2006

/s/ Todd Eddins
_____
TODD EDDINS