TODD W. EDDINS, #5544
1001 Bishop Street
Pauahi Tower, Suite 1320
Honolulu, Hawaii 96813
Telephone No. 808 538.1110
Facsimile No. 808 528.2440
E-Mail: Eddins@Eddinsdefense.com
Attorney for Defendant James Troiano

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | DEFENDANTS' NOTICE |
| | ) | PURSUANT TO FEDERAL |
| vs. | ) | RULE OF EVIDENCE 404(B) |
| | ) | |
| JAMES TROIANO, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

Defendant JAMES TROIANO by and through his counsel, Todd Eddins, hereby provides notice of his intent to offer evidence at trial of prior bad acts committed by cooperating government witness Tony Esparza.

1

Specifically, Defendant intends to offer evidence that Tony Esparza (Esparza) one of the two armed gunmen who robbed the Brown Bottle liquor store, was charged in the First Circuit Court of the State of Hawaii with attempted murder in the second degree and subsequently convicted of the amended charge of attempted manslaughter on August 14, 1996.  Defendant also intends to offer evidence of Tony Esparza's prior convictions in state court for the offenses of Endangering the Welfare of a Minor in the Second Degree  Criminal Property in the Second Degree, Harassment, Criminal Trespass in the Second Degree, Disorderly Conduct, and Theft in the Fourth Degree.

In brief, the crimes of violence committed by Esparza demonstrate that contrary to statements he made to law enforcement personnel (and will likely make at trial), he did not out of fear for his safety simply follow Troiano's directives, wield a firearm, and commit the liquor store robbery. Further, his history of violence demonstrates that he was able to protect himself against Troiano if necessary and was not forced by Troiano to remain at the Ohana Surf Hotel as he claims.  The attempted murder charge and attempted manslaughter conviction show that Esparza was capable and willing to employ deadly force against another person.  Esparza paints himself as a helpless, non-violent individual at the mercy of Troiano, when

in reality he has a documented history of extreme violence.  Notably, Troiano does not have any conviction for assaultive conduct.

Esparza's non-violent convictions increase his criminal history category.  The government has tendered him a plea agreement which presents a prototypical motive to lie.  Troiano will undoubtedly explore the plea agreement upon cross-examination.  Thus, to adequately exercise his sixth amendment right, he must delve into Esparza's criminal history.

Finally, while the defense does not believe it is a prior bad act, Troiano also intends to offer evidence that he transported Esparza on at least two occasions to Esparza's drug and/or parole related counseling near the state's Ewa District Court.  Esparaza claims that he and Troiano did not have any meaningful contact prior to the robbery.  Also the evidence will show that Troiano did not operate the vehicle used in the robbery when he drove Esparza to the meetings.

DATED:  Honolulu, Hawaii     March 15, 2006

/s/ Todd Eddins
_____
TODD EDDINS