EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes

WES R. PORTER       #7698
CLARE E. CONNORS    #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:     541-2850
facsimile:     541-2958
e-mail:        wes.porter@usdoj.gov
               clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | UNITED STATES' SUPPLEMENTAL |
| | ) | OPPOSITION TO DEFENDANT |
| JAMES TROIANO, (01) | ) | TROIANO'S MOTION FOR SEVERANCE |
| also known as: | ) | OF DEFENDANTS; EXHIBIT "A"; |
| "JOHN KLATT," | ) | CERTIFICATE OF SERVICE |
| WENDELL K. TOKI, (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' SUPPLEMENTAL OPPOSITION**
**TO DEFENDANT TROIANO'S MOTION FOR SEVERANCE**

COMES NOW the United States of America, by and through its attorneys, Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, Wes R. Porter and Clare E. Connors, Assistant United States Attorneys, and hereby submits its

supplemental opposition to defendant James Troiano's ("Troiano") Motion for Severance of Defendants, filed on February 23, 2006 ("Motion").

## I. THE DEFENDANTS SHOULD BE TRIED JOINTLY IN THE INTERESTS OF JUSTICE

In this case, the United States intends to call upwards of forty witnesses, including the victim, the fourteen year-old child of one of the co-defendants, the mother of one of the co-defendants, and various other individuals that will be necessary to establish jurisdiction, identity, and the elements of the crimes charged in the Superseding Indictment.  As the defendants are charged in a conspiracy to commit a Hobbs Act robbery, as well as the robbery itself, many of the witnesses will be the same.  Not only will separate trials be unnecessarily duplicative, but the overwhelming evidence the United States intends to present of Troiano's guilt negates any possibility that the introduction of a properly redacted confession of Wendell Toki ("Toki") will unduly prejudice Troiano and deny him a fundamental trial right.

Among the questions to be answered in determining whether this case should be severed are (1) will the Court present limiting instructions at the necessary points during the trial, and (2) will Toki's attorney abide by those instructions and other rules governing the admissibility of evidence pursuant to the Federal Rules of Evidence ("FRE").

## II. DEFENDANT TOKI CAN AND SHOULD BE ADMONISHED TO OBEY THE COURT'S INSTRUCTION REGARDING THE USE OF HIS CONFESSION

At the hearing on March 17, 2006, Toki's attorney invoked the "Bruton buzzwords" by stating that she intended to act as a second prosecutor in the case. However, upon further inquiry by this Court, it appeared that Toki's defense did not necessitate such a prosecutorial role for his counsel. Specifically, Toki's attorney stated that her client's defense was that Troiano "made him do it" and that otherwise, as a poor, uneducated guy, he would not have revealed the very specific details concerning (1) the precise location of the safe under the register, (2) the fact that Milton Agader ("Agader") has the key and arrives every morning around 5am to count the money, (3) the fact that Agader has the key and combination to the ATM, and (4) the fact that Agader would succumb under pressure such that Troiano only needed to scare him.

Although Toki's attorney may indeed introduce such a defense, she <u>cannot</u> do so by affirmatively using her client's previous confession to Honolulu Police Department ("HPD") Detective Brian Johnson. This would violate FRE 801(d)(2), which only allows the admission of statements by a party-opponent. The United States, not Toki, will determine what information can be elicited from his confession. Toki's counsel cannot elicit additional statements Toki made to Detective Johnson that are both beyond the scope of direct (which will not include any

3

reference to Troiano) and in violation of the Court's limiting instruction. Toki must introduce such evidence through other means. For example, if Toki wants to elicit that the unnamed, unidentified individual Detective Johnson will testify about with respect to Toki's confession is in fact Troiano, Toki will have to do so by means other than cross-examination that is beyond the scope of Detective Johnson's testimony. Similarly, if, as suggested by Toki's counsel at the hearing, Toki wishes to introduce evidence that Troiano manipulated Toki into giving up crucial information about The Brown Bottle, Toki will have to introduce separate, admissible evidence of this fact. This evidence cannot be elicited on cross-examination of Detective Johnson because it will exceed the scope of his direct.

This limitation on the scope of cross-examination is no different that other limitations imposed for other reasons. For example, when Detective Johnson testifies about Toki's admissions regarding Toki's involvement in the charged crimes, not only will he refrain from making any reference to Troiano, he also will not introduce any statements Toki may have made to minimize his guilt. Toki's attorney will be prevented by FRE 801(d)(2) from eliciting any potentially beneficial statements through Detective Johnson. She will be confined to cross-examining Detective Johnson about the specific statements Detective Johnson mentions, including only the names and identities of individuals about

which Detective Johnson will testify.  If Toki wishes to introduce additional information about what Toki said to Detective Johnson, including that he had a conversation with Troiano in particular, Toki will have to testify or submit other admissible evidence.  Even then, Toki will still be prevented by FRE 801(d)(2) from introducing self-serving hearsay, that is, his own statements to HPD.  However, he can affirmatively set forth his defense by other means, at which point, he will be subject to cross-examination by Troiano.

Thus, if Toki wishes to introduce additional evidence regarding the relationship between Toki and Troiano, he will have to do so by presenting admissible evidence, that is, evidence that does not emanate from his statement or any other inadmissible avenue.  He will not be able to use HPD Detective Johnson's testimony to his advantage by eliciting through him inadmissible testimony.  Once this Court places a limiting instruction on the confession that calls for the complete redaction of Troiano's name and existence, Toki's counsel must abide by it.  If she fails to do so, or comes dangerously close to violating the instruction, the Court will need to admonish the jury to use the confession only as to Toki and not anyone else.

In <u>United States v. Mayfield</u>, the Ninth Circuit determined that "Mayfield has shown both that he was denied a specific trial right and that Gilbert's mutually exclusive

5

defense prevented the jury from making a reliable judgment about his guilt or innocence." United States v. Mayfield, 189 F.3d 895, 899 (9th Cir. 1999).  The Ninth Circuit made it clear that the district court had the ability and the obligation to ensure that only admissible evidence was entered into the record and that proper limiting instructions were provided to the jury at all crucial points.  The Ninth Circuit distinguished the Mayfield case from the Supreme Court's holding in Richardson v. Marsh, 481 U.S. 200 (1987), as follows:

> First, unlike in **Richardson**, the testimony upon which the impermissible inference was based was admitted *before* the confession, so the risk should have been apparent to the district court.  Second, unlike in **Richardson**, Mayfield did not trigger the inference by choosing to testify.  In **Richardson**, the defendant would have suffered no prejudice if she had not chosen to take the stand.  Third, and most importantly, there was *no* limiting instruction given here.  The entire focus of the Supreme Court's analysis has been whether a constitutional violation occurred despite the court's limiting instruction and the accompanying presumption that juries follow such instructions.  In this case, Mayfield requested a limiting instruction, yet the district court failed to give one.  Thus, there was no safeguard to protect Mayfield from the prejudice flowing from Gilbert's accusation.

Mayfield, 189 F.3d at 902-03 (internal citations omitted).

The combination of factors present in Mayfield are not present in this case.  First, the proposed defenses are not mutually exclusive.  In other words, Toki's proposed defense that Troiano coerced him into revealing key information about the operations of The Brown Bottle is not mutually exclusive with

6

respect to Troiano's defense that he did not commit the actual robbery of The Brown Bottle.  Toki's counsel's statements at the hearing on March 17, 2006, confirm that this is <u>not</u> a case in which one defendant accuses the other of committing the crime.  Rather, Toki will attempt to show that Troiano is a manipulative bully, <u>not</u> that Troiano committed the robbery.  Toki will not need to "prosecute" Troiano for the robbery to prove his own innocence.  If the jury believes Toki's defense that Troiano is a bully, such a finding does <u>not</u> necessitate a <u>disbelief</u> of Troiano's defense that he did not commit the robbery.  The jury could, potentially, believe both defenses such that the acquittal of one would not necessitate the conviction of the other.

      Indeed, it appears that Toki will introduce evidence that points a finger at Troiano with respect to the conversation he had with Troiano prior to the robbery.  As to what Troiano did with the information he received from Toki during this conversation, the United States will have to prove, with evidence that is separate and apart from Toki's confession, the fact that Troiano used the information and was indeed the main perpetrator of the robbery.  Toki will <u>not</u> be able to insinuate during the cross-examination of Detective Johnson's limited, redacted recitation of Toki's confession that Troiano in fact used the information Toki gave him during their conversation.  This would

7

be beyond the scope of Detective Johnson's direct testimony regarding Toki's confession as to his criminal conduct.

In <u>Mayfield</u>, the Ninth Circuit found that the impermissible inference was unavoidable, "if not on its face, then certainly in the context of <u>previously</u> admitted evidence at trial." <u>Mayfield</u>, 189 F.3d at 902 (emphasis added). In this case, Toki's confession does not expressly implicate Troiano on its face. Moreover, the United States is willing to put on Detective Johnson's testimony at the beginning of the trial to ensure that no impermissible inference can be drawn from evidence introduced <u>prior</u> to Toki's confession. Indeed, any evidence separate from Toki's confession that is <u>subsequently</u> introduced and <u>subsequently</u> demonstrates that Troiano conspired with Toki, is admissible and does not impinge on a fundamental trial right. <u>Richardson</u>, 481 U.S. at 208. Troiano will be able to object to and cross-examine all such subsequent admissions of evidence.

In this case, as in <u>Richardson</u>, the United States will ask the Court to instruct the jury to use Toki's confession only as to Toki and <u>not</u> Troiano. The assumption in <u>Mayfield</u> was that the co-defendant's attorney would abide by the Court's instructions regarding what evidence was admissible and what tactics employed by the co-defendant's attorney were proper. The Court stated:

> [T]he district court had a duty to police the tactics of Gilbert's counsel, whose goal was to secure an

8

>    acquittal for her client by proving Mayfield's guilt...
>    Under [the circumstances presented in that trial], the
>    district court abused its discretion by failing to
>    sever <u>or use more rigorous and timely jury instructions
>    to mitigate the prejudice</u>.

<u>Mayfield</u>, 189 F.3d at 906 (emphasis added).

       The <u>Mayfield</u> case anticipates that "rigorous and timely" jury instructions will mitigate any prejudice to Troiano that might emanate from Toki's confession.[1] The United States submits that limiting instructions, in concert with Toki's compliance with the Federal Rules of Evidence, will negate any prejudice to Troiano. As discussed above, Toki's defense cannot rely upon the cross-examination of Detective Johnson's limited and redacted account of Toki's confession. Testimonial evidence elicited in violation of the Court's instructions is inadmissible. In <u>Mayfield</u>, the Ninth Circuit found that "actual evidence indicating Mayfield's guilt ... was erroneously admitted." <u>Mayfield</u>, 189 F.3d at 905. In this case, the United States will object to any attempt by Toki to introduce inadmissible evidence.

       Finally, the overwhelming evidence the United States will introduce <u>unrelated</u> to Toki's statement, will further negate any potential prejudice.[2] <u>Richardson</u>, 481 U.S. at 208.

---

[1] Consistent with <u>Richardson</u>, were Troiano to testify, he could trigger any inferences present in Toki's confession.

[2] The <u>Mayfield</u> facts differ from this case. In <u>Mayfield</u>, the evidence showed that only two individuals were in the room with the drugs such that if one was acquitted the other might

9

The United States attaches as Exhibit "A" to this pleading an unpublished decision in the Ninth Circuit that addresses the concerns set forth in Mayfield, and which the Court may find instructive in this case. In United States v. Schachter, 202 F.2d 280(9th Cir. 1999), the Ninth Circuit distinguished the holding in Mayfield and determined that it was applicable to cases involving mutually exclusive defenses where no proper limiting instructions were provided by the Court. Such is not the case here, where neither Troiano nor Toki have indicated how their defenses are mutually exclusive. Moreover, the United States anticipates that this Court will provide not only the proper limiting instructions but any and all curative instructions that may be necessary.

In Schachter, the Ninth Circuit stated:

> During three weeks of testimony heard before admission of his codefendant's out-of-court confession, Schachter's guilt was established by the overwhelming and uncontroverted testimony of the victims of the mail fraud and others who helped perpetrate the scheme. Moreover, the court repeatedly gave curative instructions with respect to the jury's consideration of the codefendant's confession, and nothing in the record suggests that the jury failed to heed the court's admonitions.

Schachter, 202 F.3d 280, slip op. at 2.

---

necessarily have been convicted. Such is not the case here, as Troiano and Toki had very different roles in carrying out the ends of this conspiracy and the United States has overwhelming evidence of each defendant's role.

## III. **DEFENDANT HAS FAILED TO DEMONSTRATE MANIFEST PREJUDICE NECESSARY TO WARRANT A SEVERANCE**

A joint trial of Troiano and his co-defendant Toki is clearly in the interest of both judicial economy and the ends of justice. Troiano is charged, among other things, with conspiring to commit robbery and committing robbery. Toki is also charged with conspiring to commit robbery and aiding and abetting in the robbery committed by Troiano. The witnesses and victims are largely the same and the trials would be duplicated by severance.

As the Supreme Court held in Richardson:

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes <u>where incriminating statements exist</u>, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

Richardson, 481 U.S. at 210.

//

//

//

//

//

//

//

//

//

## IV. CONCLUSION

For these reasons, the defendant has failed to meet the heavy burden of showing that he will suffer manifest prejudice if the case were not severed. Accordingly, the Court should deny Troiano's Motion for Severance.

DATED: March 20, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/s Clare E. Connors
   WES R. PORTER
   CLARE E. CONNORS
   Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Todd W. Eddins
eddins@eddinsdefense.com          March 20, 2006

Attorney for Defendant
JAMES TROIANO


Served by First Class Mail and Facsimile:

Pamela E. Tamashiro, Esq.          March 20, 2006
Ocean View Center
707 Richards St., PH 7
Honolulu, HI  96813

Attorney for Defendant
WENDELL R. TOKI


DATED:  March 20, 2006, at Honolulu, Hawaii.


　　　　　　　　　　　　　　　　　　/s/ Iris Tanaka