Westlaw.

202 F.3d 280                                                                                                        Page 1

202 F.3d 280, 1999 WL 1054687 (C.A.9 (Cal.))
**(Cite as: 202 F.3d 280)**

**H**
Briefs and Other Related Documents
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Ninth Circuit.
UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
Herbert SCHACHTER, Defendant-Appellant.
No. 96-50126.
D.C. No. CR-94-01030-JGD.

Argued and Submitted Nov. 2, 1999.
Decided Nov. 19, 1999.

Appeal from the United States District Court for the Central District of California, John G. Davies, District Judge, Presiding.

Before PREGERSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM [FN1]

FN1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

*1 Appellant Herbert Schachter appeals his conviction and sentence for offenses arising from his eight-year scheme to fraudulently solicit and induce persons to invest thousands of dollars in nearly worthless retail distributorships. A jury convicted Schachter on eleven counts of mail fraud and aiding and abetting in mail fraud in violation of 18 U.S.C. §§ 1341, 2, five counts of inducing transportation of persons in interstate commerce in violation of 18 U.S.C. § 2314, and five counts of money laundering and aiding and abetting in money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 2. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to clarify our decision.

Schachter's claims of error are essentially three-fold: (1) that his Sixth Amendment rights under the Confrontation Clause were violated when the district court denied his motions for severance and mistrial after portions of a redacted confession by his codefendant [FN2] were admitted into evidence, (2) that the district court plainly erred by giving conflicting jury instructions defining "knowingly" in the context of money laundering, and (3) that he was improperly sentenced as the result of ineffective assistance of counsel during sentencing in violation of his rights under the Sixth Amendment. We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291 and to review the sentence imposed under the Sentencing Guidelines under 18 U.S.C. § 3742, and we affirm.

FN2. Schachter's codefendant Judith Lee Collins also claimed errors on appeal, which we address in a separate unpublished disposition.

I. Alleged *Bruton* Violation

Schachter asserts that his conviction should be reversed under *Bruton v. United States,* 391 U.S. 123 (1968), because his confrontation clause rights under the Sixth Amendment were violated when the district court permitted a postal inspector to give testimony referencing redacted portions of his non-testifying codefendant's out-of-court confession and then denied Schachter's motions for severance or, alternatively, mistrial. Schachter is mistaken. His constitutional rights under *Bruton* were not violated.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT A**

202 F.3d 280                                                                                                              Page 2

202 F.3d 280, 1999 WL 1054687 (C.A.9 (Cal.))
**(Cite as: 202 F.3d 280)**

Even assuming arguendo that a *Bruton* error occurred, it was harmless in light of the overwhelming evidence establishing Schachter's guilt.

We review a denial of a motion for severance for abuse of discretion. *See United States v. Mayfield,* 189 F.3d 895, 899 (9th Cir.1999). " 'The test for abuse of discretion by the district court is whether the joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in just one way, by ordering a separate trial." ' *Id.* (quoting *United States v. Baker,* 10 F.3d 1374, 1387 (9th Cir.1993)). We review de novo alleged violations of the Confrontation Clause. *See id.*

Here, Schachter failed to make a sufficient showing of prejudice for this court to conclude that he was denied a fair trial on this basis. During three weeks of testimony heard before admission of his codefendant's out-of-court confession, Schachter's guilt was established by the overwhelming and uncontroverted testimony of the victims of the mail fraud and others who helped perpetrate the scheme. Moreover, the court repeatedly gave curative instructions with respect to the jury's consideration of the codefendant's confession, and nothing in the record suggests that the jury failed to heed the court's admonitions. Finally, the portions of the postal inspector's testimony to which Schachter objects do not even directly implicate Schachter in the scheme. They merely suggest that the codefendant lied to the investors when she told them that Schachter owned the factory that manufactured the products to be sold.

*2 *Mayfield*, on which Schachter primarily relies on appeal, is wholly distinguishable from this case. In *Mayfield*, two defendants, Gilbert and Mayfield, were jointly tried and convicted for a single count of possession with intent to distribute cocaine. *See Mayfield,* 189 F.3d at 898. They were arrested by the police during a lawful search of Gilbert's apartment when the police discovered rock cocaine and related drug paraphernalia. *See id.* at 897. Soon after Gilbert's arrest, he confessed, but accused Mayfield of being the "main man" who would kill him if he knew that Gilbert had talked to the police. *See id.* at 898.

At trial, the district court permitted the admission of Gilbert's statement with Mayfield's name redacted, without giving any of the limiting instructions that the district judge gave in Schachter's case. *See id.* at 898. In addition, Gilbert's counsel breached a pretrial court order in eliciting testimony from an informant that supported the pre-arrest search warrant and named Mayfield as "the primary suspect." *Id.* at 898-99. Moreover, Gilbert and Mayfield presented "mutually exclusive" and " irreconcilable" defenses. *Id.* at 899-90, 893-94. Each accused the other of committing the crime. *See id.* at 899-90. In fact, Gilbert's counsel effectively became Mayfield's "second prosecutor." *Id.* at 897.

Under these circumstances, we held that Mayfield's Sixth Amendment rights under *Bruton* were violated and his motion for severance should have been granted. *See id.* at 901-05. In so holding, we emphasized that a district court's failure to give curative limiting instructions is key to deeming the admission of a nontestifying codefendant's confession reversible error under *Bruton*. *See id.* at 902-03. We also stressed that "the prejudice that occurred [in *Mayfield* ] arose from the interplay between the informant's statements, Gilbert's out-of-court confession, and Gilbert's counsel's closing argument." No such interplay is present in Schachter's case.

Schachter and his codefendant did not present " mutually exclusive" defenses. His codefendant's counsel did not become Schachter's "second prosecutor." Nor did his codefendant's counsel introduce otherwise inadmissible evidence that directly implicated Schachter in the scheme.

Finally, even assuming arguendo that a *Bruton* error occurred, it was harmless beyond a reasonable doubt. Unlike the testimony at issue in *Mayfield,* the postal inspector's testimony was "was merely cumulative of other overwhelming and essentially uncontroverted evidence properly admitted." ' *Mayfield,* 189 F.3d 906-07 (quoting *United States v. Gillam,* 167 F.3d 1273, 1277 (9th Cir.1999) (holding that a *Bruton* error was harmless where, as here, curative jury instructions were given under such circumstances).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

202 F.3d 280 Page 3
202 F.3d 280, 1999 WL 1054687 (C.A.9 (Cal.))
**(Cite as: 202 F.3d 280)**

### II. Jury Instructions

Schachter claims that the district court's specific jury instruction defining "knowingly" in the context of money laundering was negated by a conflicting general jury instruction also defining "knowingly." Because Schachter raises this issue for the first time on appeal, we must review the district court's jury instructions for plain error. *See United States v. Klinger,* 128 F.3d 705, 711-12 (9th Cir.1997).

*3 The jury instructions complained of are not in direct conflict. The specific jury instruction explained that the criminal act of money laundering requires knowledge or specific awareness that the underlying activity is unlawful. The general jury instruction given stated that "[a]n act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident." A district court does not err in giving general and specific jury instructions that do not contradict, conflict, or otherwise negate the definitions contained within them. *See United States v. Granvenmeir,* 121 F.3d 526, 530 (9th Cir.1997) (finding no error where a specific jury instruction on the knowledge requirements of 18 U.S.C. § 922(o)-requiring knowledge of possession of a machine gun-was not "directly conflicted" with a general "knowingly" instruction).

Moreover, even assuming arguendo that the district court erred in giving the two challenged jury instructions, the court gave a third jury instruction that remedied any conflict arising between the specific and general knowledge instructions. *Cf. United States v. Knapp,* 120 F.3d 928, 931-32 (9th Cir.1997) (holding that the identical clarifying instruction as that given here cured any confusion that a jury might have had regarding the specific knowledge required for conviction under 18 U.S.C. § 1965(a)(1)(A)(i)).

### III. Ineffective Assistance of Counsel Claim

Schachter claims that he was denied effective assistance of counsel during sentencing. This court has consistently held that such claims are " 'more appropriately addressed in a habeas corpus proceeding because it requires an evidentiary inquiry beyond the official record.' " *United States v. Treiber,* 84 F.3d 1549, 1563 (9th Cir.1996) (quoting *United States v. Carr,* 18 F.3d 738, 741 (9th Cir.1994). Such claims may be resolved only " 'on direct appeal when the record is sufficiently developed to permit the reviewing court to resolve the issue.' " *Id.* (quoting *United States v. Daly,* 974 F.2d 1215, 1218 (9th Cir.1992)). Although Schachter's claim concerning the loss calculation used to determine his offense level and to set his restitution amount may have merit, the record is not sufficiently developed to determine whether Schachter's counsel's performance at sentencing fell below the objective standard of reasonableness required by *Strickland v. Washington,* 466 U.S. 688, 690-92 (1984). Accordingly, we hold that Schachter's sentencing claims should be heard in a collateral proceeding.

AFFIRMED.

C.A.9 (Cal.),1999.
U.S. v. Schachter
202 F.3d 280, 1999 WL 1054687 (C.A.9 (Cal.))

Briefs and Other Related Documents (Back to top)

• 1999 WL 33743909 (Appellate Brief) Appellant's Opening Brief (Jul. 08, 1999) Original Image of this Document (PDF)
• 1997 WL 33553005 (Appellate Brief) Appellee's Brief (Sep. 15, 1997) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.