TODD W. EDDINS, #5544
1001 Bishop Street
Pauahi Tower, Suite 1320
Honolulu, Hawaii  96813
Telephone No. 808 538.1110
Facsimile No. 808 528.2440
E-Mail:  Eddins@Eddinsdefense.com
Attorney for Defendant James Troiano

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 05-00261 HG |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SEVERANCE OF DEFENDANTS |
| vs. | |
| JAMES TROIANO, (01) | |
| Defendant. | |

DEFENDANT'S SUPPLEMENTAL MEMORANDUM  IN SUPPORT OF
MOTION FOR SEVERANCE OF DEFENDANTS

Defendant JAMES TROIANO (Troiano) by and through his counsel, Todd Eddins, reasserts the premises of his motion for severance of defendants filed on February 23, 2006 and the arguments proffered at the hearing on the motion on March 17, 2006.   As the United States'

1

supplemental opposition to defendant Troiano's motion for severance of defendants primarily relates to issues involving co-defendant Toki, Troiano will defer to Toki to with respect to the government's contentions in its memorandum.

Troiano, however, does submit that permitting Toki's statements through Detective Johnson's testimony violates Troiano's sixth amendment rights based on the dictates of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). Bruton and its progeny, including the cases cited by the government, did not contemplate the nearly bright-line confrontation rule established in Crawford.

In Crawford, the Court ruled that the admission of an unavailable declarant's testimonial statements without opportunity for confrontation violates the sixth amendment. "Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 124 S.Ct. at 1374. "Statements taken by police officers in the course of interrogations are testimonial under even a narrow standard." Id. at 1364.

Assuming Toki does not testify, he is unavailable. Detective Johnson will present testimonial statements elicited from Toki during an interrogation. Troiano has not had the prior opportunity to cross-examine

Toki on the statements. Therefore, Toki's statements are precluded by <u>Crawford</u> and the Sixth Amendment. Troiano submits that it is immaterial that the government will endeavor to limit the damage to Troiano through, for example, limiting instructions. Instead, the key inquiry with respect to the testimonial statements is whether Troiano's right to confrontation is safeguarded. Clearly, it is not, and Troiano contends that the testimony should be precluded.

DATED: Honolulu, Hawaii  March 21, 2006

/s/ Todd Eddins
_____
TODD EDDINS