EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes

WES R. PORTER       #7698
CLARE E. CONNORS    #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:    541-2850
facsimile:    541-2958
e-mail:       wes.porter@usdoj.gov
              clare.connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261-01 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JOINT JURY INSTRUCTIONS;** |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| JAMES TROIANO,      (01) | ) | |
| aka: "JOHN KLATT," | ) | TRIAL DATE: |
| | ) | TIME:       9:00 a.m. |
| | ) | JUDGE:      Helen Gillmor |
| Defendants. | ) | |
| | ) | |
| | ) | |

JOINT JURY INSTRUCTIONS

        The United States of America, through its undersigned

counsel, and the above-named defendants, through counsel,

respectfully submit the joint proposed jury instructions,

including this Court's Standard Instructions: 1, 2B, 3-10, 12-14,

16, 17, 18D, 19, 20B, and the attached specific offense instructions.  Permission of the Court is requested to subsequently withdraw any of the attached instructions or to offer such additional instructions as may, during the course of the trial, become appropriate.

Counsel for Troiano has reviewed the attached joint instructions and has no objection.  Troiano does object to Government Proposed Jury Instructions 1, 2, and 3.  In addition Troiano proposes Ninth Circuit Model Instructions 4.3 and 4.14, which are attached hereto as Defendant James Troiano's Proposed Jury Instruction 1 and 2.  The United States objects to James Troiano's Proposed Jury Instruction 1.

A clean copy of said instructions is also included.

DATED:  March 22, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


 /s/ Clare E. Connors
WES R. PORTER
CLARE E. CONNORS
Assistant U.S. Attorneys


 /s/ Todd Eddins
TODD EDDINS
Attorney for JAMES TRIOANO

JOINT JURY INSTRUCTION NO. 1

**1.2 THE CHARGES - PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government.  The government charges the defendant with:  Count 1, conspiracy to commit robbery of a commercial establishment; Count 2, robbery of a commercial establishment; Count 3, carrying a firearm during and in relation to a "crime of violence," specifically either the conspiracy to commit robbery or the robbery as charged in Counts 1 and 2 respectively; and Count 4, being a felon in possession of a firearm.  The charges against the defendant are contained in the indictment.  The indictment is simply the description of the charges made by the government against the defendants; it is not evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case.  These instructions are preliminary and the instructions I will give at the end of the case will control.

Count 1, conspiracy to commit robbery of a commercial establishment.

Count 2, robbery of a commercial establishment.

Count 3, carrying a firearm during and in relation to a crime of violence.

Count 4, being a felon in possession of a firearm.

Ninth Circuit Instruction **1.2** (as modified).

JOINT JURY INSTRUCTION NO. 2

**8.16 CONSPIRACY - ELEMENTS**

The defendant is charged in Count 1 of the indictment with conspiring to rob a commercial establishment in violation of Section 1951 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to commit robbery of a commercial establishment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one of more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed

on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove the defendant personally did one of the overt acts.

Ninth Circuit Instruction **8.16** (as modified).

JOINT JURY INSTRUCTION NO. 3

**8.18 CONSPIRACY - KNOWING OR AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)  the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)  the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)  the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.


Ninth Circuit Instruction **8.18.**

JOINT JURY INSTRUCTION NO. 4

**8.117 ROBBERY OF A COMMERCIAL ESTABLISHMENT
(18 U.S.C. § 1951)**

The defendant is charged in Count 2 of the indictment with robbery of a commercial establishment in violation of Section 1951 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced the victim to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive; and

Third, commerce from one state to another was or would have been affected in some way.

Ninth Circuit Instruction **8.117** (as modified).

JOINT JURY INSTRUCTION NO. 5

**8.65 FIREARMS - USING OR CARRYING IN COMMISSION OF DRUG
TRAFFICKING CRIME OR CRIME OF VIOLENCE (18 U.S.C. § 924(c))**

The defendant is charged in Count 3 of the indictment
with carrying a firearm during and in relation to a crime of
violence in violation of Section 924(c) of Title 18 of the United
States Code.  For the defendant to be found guilty of that
charge, the government must prove each of the following elements
beyond a reasonable doubt:

First, the defendant committed the crimes of either
conspiracy to commit robbery of a commercial establishment or
robbery of a commercial establishment, as charged in Counts 1 and
2 of the indictment respectively;

Second, the defendant knowingly carried a firearm, to
wit: a Colt .45 black pistol bearing serial number #CLW023025;
and

Third, the defendant carried the firearm during and in
relation to either of the crimes charged in Counts 1 and 2 of the
indictment.

A defendant carries a firearm if he had a firearm on or
around his person or transported, conveyed, or controlled a
firearm in such a way that it was available for immediate use if
the defendant so desired during the commission of the Hobbs Act
robbery.  To carry a firearm "in relation to" an offense means
that there must be a connection between the defendant, the
firearm, and the crimes charged in Counts 1 or 2 so that the

presence of the firearm was not accidental or coincidental, but

facilitated the crime by serving some important function or

purpose of the criminal activity.  A defendant takes such action

"in relation to the crime" if the firearm facilitated or played a

role in the crime.


**18 U.S.C. § 924(c)(1);** <u>United States v. Amparo</u>, 68 F.3d 1222 (9th
Cir. 1995) (establishing that whether a crime is a crime of
violence is a question of law, not of fact).  (As modified)

Ninth Circuit Instruction **8.65** (as modified).

JOINT JURY INSTRUCTION NO. 6

**8.59 FIREARMS - FELON IN POSSESSION OF A FIREARM
(18 U.S.C. § 922(g))**

In order for the defendant to be found guilty of Count 4, the government must prove each of the following elements beyond a reasonable doubt with respect to each count of the Indictment:

<u>First</u>, the defendant knowingly possessed a firearm;

<u>Second</u>, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

<u>Third</u>, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulated that on November 9, 1998, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Circuit Model Jury Instruction No. **8.59.**

JOINT JURY INSTRUCTION NO. 7

**DEFINITION OF FIREARM**

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.


Title 18, United States Code, Sections 921(a)(3)(A)&(D); 921(a)(4)(B).

JOINT JURY INSTRUCTION NO. 8

**3.18  DEFINITION OF POSSESSION**


A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.




Ninth Circuit Model Jury Instruction No. **3.18**.

JOINT JURY INSTRUCTION NO. 9

## 5.1 AIDING AND ABETTING

A defendant may be found guilty of robbery of a commercial establishment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a robbery of a commercial establishment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit robbery of a commercial establishment; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit robbery of a commercial establishment.  In other words, you must find beyond a reasonable doubt that the

defendant was a willful participant and not merely a knowing spectator.

If the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as if the defendant had personally engaged in such conduct. The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Instruction **5.1** (as modified for the offense of robbery of a commercial establishment); Eleventh Circuit Instruction **7**.

GOVERNMENT PROPOSED JURY INSTRUCTION NO. 1

## 8.20 CONSPIRACY - PINKERTON CHARGE

A conspiracy is a kind of criminal partnership – an agreement between two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the exercise of and in furtherance of an unlawful scheme.

Once you have decided that a defendant was a member of the conspiracy, that defendant is responsible for what the other conspirators said or did to carry out the conspiracy, even if the defendant did not know what they said or did.

For the defendant to be found guilty of an offense allegedly committed by a conspirator as part of the conspiracy, the offense must be one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

United States v. Montgomery, 150 F.3d 983, 997 (9th Cir. 1998);
Ninth Circuit Instruction **8.20**.

GOVERNMENT PROPOSED JURY INSTRUCTION NO. 2

**DEFINITION OF "COMMERCE"**

Commerce is defined as the interchange of goods or commodities between different countries or different parts of the same country.  To satisfy the interstate commerce nexus requirement, the  government must prove that the robbery had a "de minimus" effect on interstate commerce.  In other words, the government does not need to prove that the defendant's actions actually affected interstate commerce but only that the defendant's actions had a probable or potential impact on interstate commerce.

While it is not necessary to prove that the defendant specifically intended to affect commerce, it is necessary that the government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or adversely affect interstate commerce, or the flow of business activities between a state and any point outside of that state.

You may find that the requisite effect upon commerce has been proved if you find beyond a reasonable doubt that Agader-Silva, Incorporated, was engaged in the interchange of goods or commodities between the State of Hawaii and any point outside of Hawaii.


<u>Source</u>:

Webster's Unabridged Dictionary of the English Language, Second Edition.  Copyright © 2001 by Random House, Inc.  (As modified).


Comment to Ninth Circuit Instruction **8.117**


<u>United States v. Rodriquez</u>, 360 F.3d 949, 955 (9th Cir.), <u>cert. denied</u>, 543 U.S. 867 (2004); <u>United States v. Atcheson</u>, 94 F.3d 1237, 1243 (9th Cir. 1996); <u>United States v. Huynh</u>, 60 F.3d 1386, 1389 (9th Cir. 1995). (As modified).

GOVERNMENT PROPOSED JURY INSTRUCTION NO. 3

**4.9 Testimony of an Accomplice who has Pled Guilty**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.  In this case, the government called as one of its witnesses a person who admitted to being an accomplice and who plead guilty to a crime arising out of the same events for which the defendant is on trial.  The government has entered into a plea agreement with this witness that provides for the possibility of a lesser sentence than the witness would otherwise be exposed to.  Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

The fact that a witness has plead guilty to a crime arising out of the same events for which the defendant is on trial is not evidence against the defendant, and you may consider it only in determining this witness' believability.


Ninth Circuit Instructions **4.9** (as modified); Eleventh Circuit Instruction **(B)1.2** (as modified).

DEFENDANT JAMES TROIANO PROPOSED JURY INSTRUCTION NO. 1

### 4.3  OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other crimes and acts engaged in by defendant Troiano.  You may consider that evidence only as it bears on the defendant's [*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.


Ninth Circuit Instructions **4.3** (as modified)

DEFENDANT JAMES TROIANO PROPOSED JURY INSTRUCTION NO. 2

## 4.14  EYEWITNESS IDENTIFICATION

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3. any inconsistent identifications made by the eyewitness;

4. whether the witness had known or observed the offender at earlier times; and

5. the totality of circumstances surrounding the eyewitness' identification.

Ninth Circuit Instructions **4.14** (as modified).

**CLEANSED COPY**

INSTRUCTION NO. _____

This is a criminal case brought by the United States government.  The government charges the defendant with:  Count 1, conspiracy to commit robbery of a commercial establishment; Count 2, robbery of a commercial establishment; Count 3, carrying a firearm during and in relation to a "crime of violence," specifically either the conspiracy to commit robbery or the robbery as charged in Counts 1 and 2 respectively; and Count 4, being a felon in possession of a firearm.  The charges against the defendant are contained in the indictment.  The indictment is simply the description of the charges made by the government against the defendants; it is not evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case.  These instructions are preliminary and the instructions I will give at the end of the case will control.

Count 1, conspiracy to commit robbery of a commercial establishment.

Count 2, robbery of a commercial establishment.

Count 3, carrying a firearm during and in relation to a crime of violence.

Count 4, being a felon in possession of a firearm.

INSTRUCTION NO. _____

The defendant is charged in Count 1 of the indictment with conspiring to rob a commercial establishment in violation of Section 1951 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to commit robbery of a commercial establishment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one of more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed

on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove the defendant personally did one of the overt acts.

INSTRUCTION NO. _____

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)   the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)   the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)   the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. _____

The defendant is charged in Count 2 of the indictment with robbery of a commercial establishment in violation of Section 1951 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced the victim to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive; and

Third, commerce from one state to another was or would have been affected in some way.

INSTRUCTION NO. _____

The defendant is charged in Count 3 of the indictment with carrying a firearm during and in relation to a crime of violence in violation of Section 924(c) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crimes of either conspiracy to commit robbery of a commercial establishment or robbery of a commercial establishment, as charged in Counts 1 and 2 of the indictment respectively;

Second, the defendant knowingly carried a firearm, to wit: a Colt .45 black pistol bearing serial number #CLW023025; and

Third, the defendant carried the firearm during and in relation to either of the crimes charged in Counts 1 and 2 of the indictment.

A defendant carries a firearm if he had a firearm on or around his person or transported, conveyed, or controlled a firearm in such a way that it was available for immediate use if the defendant so desired during the commission of the Hobbs Act robbery. To carry a firearm "in relation to" an offense means that there must be a connection between the defendant, the firearm, and the crimes charged in Counts 1 or 2 so that the

presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.  A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

INSTRUCTION NO. _____

In order for the defendant to be found guilty of Count 4, the government must prove each of the following elements beyond a reasonable doubt with respect to each count of the Indictment:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulated that on November 9, 1998, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. _____

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

INSTRUCTION NO. _____


A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.

INSTRUCTION NO. _____

A defendant may be found guilty of robbery of a commercial establishment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a robbery of a commercial establishment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit robbery of a commercial establishment; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit robbery of a commercial establishment.  In other words, you must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

If the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as if the defendant had personally engaged in such conduct.  The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. _____


A conspiracy is a kind of criminal partnership – an agreement between two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the exercise of and in furtherance of an unlawful scheme.

Once you have decided that a defendant was a member of the conspiracy, that defendant is responsible for what the other conspirators said or did to carry out the conspiracy, even if the defendant did not know what they said or did.

For the defendant to be found guilty of an offense allegedly committed by a conspirator as part of the conspiracy, the offense must be one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION NO. _____

Commerce is defined as the interchange of goods or commodities between different countries or different parts of the same country.  To satisfy the interstate commerce nexus requirement, the  government must prove that the robbery had a "de minimus" effect on interstate commerce.  In other words, the government does not need to prove that the defendant's actions actually affected interstate commerce but only that the defendant's actions had a probable or potential impact on interstate commerce.

While it is not necessary to prove that the defendant specifically intended to affect commerce, it is necessary that the government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or adversely affect interstate commerce, or the flow of business activities between a state and any point outside of that state.

You may find that the requisite effect upon commerce has been proved if you find beyond a reasonable doubt that Agader-Silva, Incorporated, was engaged in the interchange of goods or commodities between the State of Hawaii and any point outside of Hawaii.

INSTRUCTION NO. _____

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.  In this case, the government called as one of its witnesses a person who admitted to being an accomplice and who plead guilty to a crime arising out of the same events for which the defendant is on trial.  The government has entered into a plea agreement with this witness that provides for the possibility of a lesser sentence than the witness would otherwise be exposed to.  Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

The fact that a witness has plead guilty to a crime arising out of the same events for which the defendant is on trial is not evidence against the defendant, and you may consider it only in determining this witness' believability.

INSTRUCTION NO. _____

You have heard evidence of other crimes and acts engaged in by defendant Troiano.  You may consider that evidence only as it bears on the defendant's [*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

INSTRUCTION NO. _____

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1. the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2. whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3. any inconsistent identifications made by the eyewitness;

4. whether the witness had known or observed the offender at earlier times; and

5. the totality of circumstances surrounding the eyewitness' identification.

CERTIFICATE OF SERVICE


        I hereby certify that, on the dates and by the methods

of service noted below, a true and correct copy of the foregoing

was served on the following at their last known addresses:


**Served Electronically through CM/ECF:**

Todd W. Eddins

eddins@eddinsdefense.com          March 22, 2006


Attorney for Defendant

JAMES TROIANO


        DATED:  March 22, 2006, at Honolulu, Hawaii.



                                    /s/ M. Derby-Taufa'asau