# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

March 23, 2006  4:30 pm

SUE BEITIA, CLERK

CASE NUMBER:      CR. 05-00261HG

CASE NAME:        U.S.A. vs. (01) JAMES TROIANO, aka "John Klatt" and
                  (02) WENDELL K. TOKI

ATTYS FOR PLA:    Clare E. Connors
                  Wes R. Porter
                  Brian Johnson, Case Agent, HPD

ATTYS FOR DEFT:   Todd W. Eddins (01)
                  Pamela E. Tamashiro (02)

INTERPRETER:

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Sharon Ross |
| DATE: | March 23, 2006 | TIME: | 8:30 - 10:15 |

COURT ACTION:  FINAL PRETRIAL CONFERENCE AS TO (01) JAMES
TROIANO, aka  "John Klatt", AND (02) WENDELL K. TOKI

     1.  **DEFENDANT JAMES TROIANO'S MOTION IN LIMINE
TO EXCLUDE SYMONDS TESTIMONY** is **DENIED.**

     Defendant Troiano's motion seeks to exclude the testimony of
his ex-wife Catherine Symonds, his daughter, and his mother Linda
Corpe.

     **Catherine Symonds**.  Defendant Troiano **WITHDRAWS** his
objection to Catherine Symonds' proffered testimony.

     **Linda Corpe**.  The motion with respect to the testimony of
Linda Corpe is **MOOT**.  The United States represents that it will
not call Linda Corpe.

     **Troiano's daughter**.  The motion with respect to the
testimony of Troiano's daughter is **DENIED**.  Troiano and the
United States intend to enter into a stipulation regarding
Troiano's daughter's testimony.

　　　2.　**DEFENDANT JAMES TROIANO'S MOTION IN LIMINE TO EXCLUDE PROFFER INFORMATION** is **DENIED.**

　　　Defendant Troiano's Motion in Limine to Exclude Proffer Information and request for an evidentiary hearing is denied. The language of the June 27, 2005 proffer letter is clear and unambiguous. Troiano was represented by counsel during the proffer and signed the proffer letter in the presence of his counsel. The United States is permitted to use the proffer information as outlined in the proffer letter.

　　　3.　**DEFENDANT JAMES TROIANO'S MOTION IN LIMINE TO EXCLUDE RULE 404(b) EVIDENCE** is **GRANTED IN PART AND DENIED IN PART.**

　　　Defendant Troiano raises the following objections in his Rule 404(b) motion:

　　　　　a.　**Prior Incarceration**. The Court **GRANTS** Troiano's Rule 404(b) motion with respect to evidence that Troiano and his alleged co-conspirator, Tony Esparza, met while they were incarcerated in the same facility on the mainland. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403. Troiano's Notice Pursuant to Federal Rule of Evidence 404(b) raises the question of whether Troiano will open the door to this evidence in his cross-examination of Esparza. The Court will review that question when it is presented.

　　　　　b.　**Chicken Fighting**. Troiano **WITHDRAWS** his Rule 404(b) motion with respect to evidence that Troiano and Toki became acquainted through their involvement in the chicken fighting industry.

　　　　　c.　**Klein Burglary**. The Court **GRANTS IN PART AND DENIES IN PART** Troiano's Rule 404(b) motion with respect to evidence related to the burglary of Mr. Daniel Klein in which his 1993 Black Toyota Camry (Hawaii license plate JWA-457) was stolen.

　　　The United States is not permitted to introduce evidence of the burglary of Mr. Klein. The United States is also not permitted to introduce evidence that Troiano has been charged in a state prosecution with unauthorized control of a propelled vehicle relating to Klein's Camry. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403.

The United States represents that it merely seeks to enter evidence that the car had been stolen and that Mr. Klein neither lent it to anyone nor drove it himself on the morning of May 9, 2005.  The United States is permitted to introduce evidence that the car was stolen.  This shows that Mr. Klein was not in possession of the car at the time of the robbery.  Such evidence also tends to link Troiano to the car identified by percipient witnesses at the time of the robbery.  The United States anticipates that Helen Toki will testify that she saw a dark colored sedan with a license plate number that differs only one digit from the black Camry Mr. Klein owned.  The probative value of this evidence is outweighed by its prejudicial effect.

        d.    **Phillips Burglary**.  The Court **DENIES** Troiano's Rule 404(b) motion with respect to evidence related to a prior burglary involving a Colt .45 handgun found in Room 306 of the Ohana Surf Hotel that was stolen from the home of Ms. Lori Phillips.

        The Colt .45 handgun that was stolen from the home of Ms. Phillips is the handgun allegedly used to commit the offenses charged in the Superseding Indictment.  The United States intends to present evidence that the Phillips' Colt .45 handgun was the handgun used in the robbery.  At trial, the United States has the burden of proving that Troiano was in possession of the handgun.

        The evidence is necessary to permit the prosecutor to offer a coherent and comprehensible story regarding commission of the crime.  See United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004).  The evidence that the Colt .45 was stolen is admissible.  The date of the burglary, close in time to the robbery, is relevant to the gun not being possessed by the Phillips.  The testimony of Esparza supposedly will tend to prove that Troiano was in possession of the Colt .45 on the day, and at the time, of the robbery.

        The United States may also introduce evidence that Troiano pawned other items burgled from the Phillips, including the pawn ticket and evidence that Troiano's fingerprint was on the pawn ticket.

        The probative value of the evidence related to the prior burglary involving the Colt .45 handgun outweighs its prejudicial effect.  See Fed. R. Evid. 403.

        e.    **Drug Use**.  Troiano's Rule 404(b) motion with respect to evidence that Troiano and Esparza were under the influence of methamphetamine at the time of the alleged armed

3

robbery on May 9, 2005 that is the subject of the Superseding Indictment is **MOOT**.

The United States represents that it will not seek to introduce evidence of Troiano's drug use at the time of the robbery unless it becomes relevant during the course of the trial.

4.    **DEFENDANT WENDELL K. TOKI'S MOTION IN LIMINE** is **GRANTED**.  The United States is not permitted to introduce evidence that the owner of the Brown Bottle has suspected Defendant Toki of stealing small items from the Brown Bottle for years.  The probative value of such evidence, if any, is substantially outweighed by its prejudicial effect.  See Fed. R. Evid. 403.

5.    **DEFENDANT JAMES TROIANO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE PREDICATE FELONY OFFENSE FOR COUNT IV — FELON IN POSSESSION OF FIREARM** is **DENIED AS MOOT**.

The parties have entered into a stipulation.

6.    **DEFENDANT JAMES TROIANO'S MOTION IN LIMINE TO STRIKE "aka John Klatt" FROM THE INDICTMENT AND CAPTION OF CR. NO. 05—00261** is **GRANTED IN PART**.  The phrase "aka John Klatt" shall be redacted from the Superseding Indictment when it is given to the jury.

7.    **DEFENDANT TROIANO'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO UNCHARGED BURGLARY OFFENSES** is **GRANTED IN PART AND DENIED IN PART**.

Defendant Troiano's motion concerns the following uncharged burglaries:

a.    **Klatt Burglary**.

The Court **DENIES** Troiano's motion with respect to the Klatt burglary.  The Klatt burglary may be introduced.

On April 13, 2005, there was a burglary at Klatt's residence.  Klatt's driver's license was stolen.  The United States alleges that Troiano used Klatt's license to book a hotel room in the Ohana Waikiki Surf Hotel.  The handgun, proceeds from the robbery of the Brown Bottle, and other evidence which the United States contends links Troiano to the Brown Bottle were found in the hotel room.

4

The United States has the burden of proving that Troiano used the John Klatt identity to obtain a room at the Ohana Waikiki Surf Hotel. The United States may show that Klatt's home was burglarized as the evidence is relevant to the United States' coherent story about the events of the crime and its probative value outweighs its prejudicial effect. See DeGeorge, 380 F.3d at 1220; Fed. R. Evid. 403. The evidence is also admissible under Fed. R. Evid. 404(b) as proof of identity. The evidence links Troiano to the John Klatt identity and tends to prove that Troiano used Klatt's identity at the Ohana Waikiki Surf Hotel; there is evidence that Troiano committed the Klatt burglary; it is not too remote in time; it occurred shortly before the Brown Bottle robbery; and it is similar to the charged crimes. See United States v. Montgomery, 150 F.3d 983, 1000 (9th Cir. 1998).

> b.    **Uncharged burglaries related to Troiano's alleged attempt to pawn stolen items**.

The Court **GRANTS** Troiano's motion with respect to the uncharged burglaries related to Troiano's alleged attempt to pawn stolen items.

The United States seeks to introduce evidence of the burglaries of Michael Higuchi and Ted Tennis, Michael Cordiero, and Christine and Preston Iha. The United States contends that Troiano attempted to pawn property stolen from these individuals using John Klatt's driver's license as identification. The evidence as to these uncharged burglaries is inadmissible because the uncharged, unrelated burglaries are not relevant, and the probative value is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 401 and 403.

The United States is permitted to introduce evidence of the pawn tickets and the fingerprints found on the pawn tickets because such evidence is relevant to Troiano's alleged use of John Klatt's identity and is not unduly prejudicial.

> 8.    **Defendant Troiano's Notice Pursuant to Federal Rule of Evidence 404(b).**

Defendant Troiano has provided notice that he intends to use evidence of prior convictions and other prior bad acts by United States' witness Tony Esparza.

The United States has until **March 27, 2006** to file a motion in limine with respect to Troiano's Rule 404(b) notice.

Defendant Troiano has until **March 28, 2006** to respond to any such motion.

     **<u>Jury Instructions</u>**.  The United States and Defendant Toki have until **March 28, 2006** to file joint jury instructions.

     Submitted by: David H. Hisashima, Courtroom Manager