IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00261 HG |
| | ) | |
| | ) | **ORDER ON VARIOUS PRETRIAL** |
| Plaintiff, | ) | **MOTIONS HEARD MARCH 17, 2006** |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES TROIANO,    (01) | ) | |
|    aka:  "JOHN KLATT", | ) | |
| | ) | |
| WENDELL K. TOKI,    (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER ON VARIOUS PRETRIAL MOTIONS HEARD MARCH 17, 2006**

Defendant James Troiano ("Troiano") is charged with armed
robbery.  Troiano filed several pretrial motions to dismiss the
Superseding Indictment or to exclude certain evidence which the
Court heard on March 17, 2006.

**<u>BACKGROUND</u>**

The Superseding Indictment charges Defendant with:

(1)  Count 1 - conspiracy to commit Hobbs Act robbery in
     violation of 18 U.S.C. §§ 1951 and 2;

(2)  Count 2 - Hobbs Act robbery in violation 18 U.S.C. §§
     1951 and 2;

(3)  Count 3 - the use of a firearm during Hobbs Act robbery

1

in violation of 18 U.S.C. § 924(c); and

(4)    Count 4 - being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 924(e).

The Government contends that the evidence at trial will demonstrate the following:

In the early morning hours of May 9, 2005, Troiano attacked Milton Agader ("Agader"), the owner of The Brown Bottle, a liquor store in Waialua, Hawaii, as he entered the store.  Troiano hit Agader in the face with a gun and forced him inside the store. Troiano and his co-conspirator, Tony Esparza, then took approximately $14,000 from the safe and the automated teller machine located in the store.  During the robbery, Troiano and Esparza alternated holding Agader on the ground at gunpoint.

After they left The Brown Bottle, Troiano and Esparza checked into the Ohana Waikiki Surf Hotel.  Troiano used a license in the name of "John Klatt."  On May 10, 2005, the Honolulu Police Department arrested Troiano.  Hotel security entered the hotel room and found, among other things, a Colt .45 pistol and approximately $4,000 in U.S. currency.

## PROCEDURAL HISTORY

On March 17, 2006, the Court heard the following motions filed by Troiano:

"Motion to Dismiss Indictment or, in the Alternative, to Suppress Prosecution Evidence Relating to Audiotaped Federal

2

Detention Center Phone Calls", filed February 27, 2006 (Doc. 83.)

"Motion to Dismiss Counts 3 and 4 of the Indictment", filed February 27, 2006 (Doc. 84.)

"Motion to Dismiss Indictment or to Exclude Testimony of Catherine Symonds", filed February 27, 2006 (Doc. 85.)

"Motion to Suppress Identification", filed February 23, 2006 (Doc. 77.)

On March 9, 2006, the Government filed a consolidated Memorandum in opposition to the motions filed on February 27, 2006 (Doc. 101, "Gov. Opp.") and a separate opposition to Troiano's motion to suppress identification (Doc. 100. "Gov. Opp. to Mot. to Suppress").

## STANDARD OF REVIEW

### A.   Motion to Dismiss an Indictment

Under Federal Rule of Criminal Procedure 12(b)(2), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).  In considering a pretrial motion to dismiss an indictment, the court "must presume the truth of the allegations in the charging instruments." United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). "Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not invade the province of the ultimate finder of

3

fact." <u>United States v. Nukida</u>, 8 F.3d 665, 669 (9th Cir. 1993) (internal citations omitted).

### B.   Evidentiary Hearing

Where a defendant's motion does not raise any "contested issues of fact" an evidentiary hearing is not required. <u>See United States v. Ramirez-Garcia</u>, 269 F.3d 945, 947 (9th Cir. 2001) (evidentiary hearings on motions to suppress are only required if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist); <u>United States v. Howell</u>, 231 F.3d 615, 620 (9th Cir. 2000) (a district court's decision not to hold an evidentiary hearing on a motion to suppress is reviewed for abuse of discretion).


<u>**ANALYSIS**</u>

### I.   Motion to Dismiss Indictment or, in the Alternative, to Suppress Prosecution Evidence Relating to Audiotaped Federal Detention Center Phone Calls by Defendant

### A.   Background

On August 30, 2005, Defendant Troiano filed an "Ex Parte Application for Issuance of Subpoena and Payment of Witness Fees", under seal, for issuance of a subpoena to the Custodian Of Records of the Federal Detention Center of Honolulu ("FDC"). Troiano sought the audiotapes of telephone conversations between Troiano, while he was in federal custody, and some of the

Government's potential witnesses that the FDC tape-recorded.  The
Court granted Troiano's ex parte application for the subpoena.
The ex parte application and order remained under seal.

Troiano submits that the audiotapes were to be sealed both
from the general public and from the Government.  It is
undisputed that the FDC provided a copy of the audiotapes to the
Government.

Troiano's defense counsel has also submitted a Declaration
of Counsel in support of the motion to dismiss in which Troiano's
counsel states that he is under the belief that Troiano has
received numerous documents and materials at the FDC from his
attorneys that were opened, and presumably perused, outside of
his presence.

Pursuant to Fed. R. Crim. P. 17(b), Troiano subpoenaed two
individuals from the FDC to testify at the March 17, 2006 hearing
regarding the FDC audiotapes and the alleged opening of Troiano's
legal mail.  The Government moved to quash the subpoenas and, on
March 17, 2006, the Court granted the Government's motion to
quash because Troiano failed to comply with the federal
regulations applicable to requests for testimony from a United
States Department of Justice employee.  See 28 C.F.R. § 16.23.

**B.  Analysis**

**1.   *Motion to Suppress FDC Audiotapes of Telephone
Calls***

In its opposition to Troiano's motion, the Government
represented that it does not intend to use the FDC audiotaped
conversations at trial.  At the March 17, 2006 hearing, Troiano
conceded that the Government's decision not to use the FDC
audiotapes moots his motion to suppress the audiotapes.  Given
the Government's intent not to use the audiotapes, the Court
holds that Troiano's motion to suppress is **MOOT**.

Even if Troiano's motion to suppress were not moot, for the
reasons discussed below, the Court finds that Troiano has failed
to allege sufficient facts to warrant suppression of the
audiotapes.

### 2.    Motion to Dismiss Because of Government's Receipt of FDC Audiotapes of Telephone Calls

Troiano claims that the Government's receipt of the FDC
audiotapes of telephone calls between him and various potential
Government witnesses somehow violates his right to due process
under the Fifth Amendment of the United States Constitution,
including his right to a fair trial and the right to present a
defense.  Troiano also contends that the Government has infringed
his Sixth Amendment constitutional right to compulsory process
and the assistance of counsel.

Neither the ex parte application for the subpoena for the
FDC audiotaped telephone records nor the order on the ex parte
application prohibit the FDC from giving a copy of the FDC

audiotaped telephone records to the Government.  Further, as
Troiano acknowledged at the March 17, 2006 hearing, had he
decided to use the audiotapes at the trial, he would have had to
provide the audiotapes to the prosecution in any event.  The
Government has also submitted evidence that Troiano's former
counsel knew that the Government had a copy of the FDC telephone
records and that his former counsel was in communication with the
Government regarding same.  (See Gov. Opp. at Exhibit D, Letter
from Harlan Y. Kimura, Esq. to Wes R. Porter, Esq., dated Sept.
14, 2005.)

Troiano has failed to articulate how the Government's
receipt of the audiotapes from the FDC has violated his
constitutional rights.  In particular, he has not pointed to any
portion of the audiotapes, the disclosure of which has in any way
prejudiced him or otherwise caused him harm.  Without a threshold
showing of contested issues of fact to support the legal grounds
upon which he bases his motion, Troiano is not entitled to an
evidentiary hearing.  The Court **DENIES** Troiano's motion to
dismiss based on the disclosure of the FDC audiotapes to the
Government.

### 3.    *Motion to Dismiss Because of FDC's Alleged Opening and Perusing of Troiano's Legal Mail*

Troiano has similarly failed to set forth sufficient
allegations to be entitled to an evidentiary hearing regarding

the FDC's alleged opening and perusal of his legal mail.  Troiano did not attach sufficient evidence to his motion to show that the FDC impermissibly opened his legal mail.

Even if the FDC had impermissibly opened Troiano's legal mail, Troiano has failed to articulate how he has been harmed. There is no evidence regarding the contents of the legal mail. Nor is there any evidence that the FDC transmitted Troiano's legal mail to the prosecution in this case.  In contrast, the Government has presented evidence that an FDC attorney advised Troiano of the FDC policy regarding legal mail, but that he failed to follow it.  (See Gov. Opp. at Exhibit G, Affidavit of Amy J. Standefer.)

For the foregoing reasons, Defendant Troiano is not entitled to an evidentiary hearing and Defendant Troiano's "Motion to Dismiss Indictment or, in the Alternative, to Suppress Prosecution Evidence Relating to Audiotaped Federal Detention Center Phone Calls by Defendant" (Doc. 83) is **DENIED.**

## II.  Motion to Dismiss Counts 3 and 4 of the Indictment

### A.   Background

Defendant contends that the Court should dismiss Counts 3 and 4 of the Superseding Indictment because one digit of the serial number for the Colt .45 pistol that is the subject of each of those counts is handwritten.  What appear to be the initials of Assistant United States Attorney Clare E. Connors are next to

the handwritten digit.  Troiano questions when the Government
corrected the Superseding Indictment by adding the handwritten
digit (*e.g.*, during or after the Grand Jury proceedings).
Troiano requests that the Court permit him access to the minutes
of the Grand Jury proceedings and any pertinent records or
reports relating to the correction of the Superseding Indictment.

In its memorandum in opposition, the Government submitted a
Declaration of Counsel by Assistant United States Attorney Clare
E. Connors.  The Declaration states that during the presentation
of the Superseding Indictment to the Grand Jury, both the Grand
Jury and the Government discovered a typographical error in the
serial number of the firearm.  Counsel corrected the serial
number in front of members of the Grand Jury and initialed it
accordingly.

B.    **Analysis**

Troiano has not made sufficient factual allegations to
warrant disclosure of the Grant Jury minutes or other related
documents, to require an evidentiary hearing, or to otherwise
support his motion to dismiss.  The undisputed facts are that the
Government corrected the handgun serial number in the Superseding
Indictment before the Grand Jury.

Even if the Grand Jury had not received the corrected
Superseding Indictment, Troiano has not put forth any facts which
would support his motion to dismiss as a matter of law.  The

9

variance with regard to the handgun's serial number does not substantially affect Troiano's rights.  The gun's serial number is not an essential element of the crimes charged in Counts 3 and 4. See Fed. R. Crim. P. 52(a) (variance which does not substantially affect the rights of a defendant is harmless and should be disregarded); United States v. Pisello, 877 F.2d 762, 765 (9th Cir. 1989)(court's finding of tax evasion in 1984 as opposed to 1985 as charged in the indictment was not a constructive amendment); Heisler v. United States, 394 F.2d 692, 694 (9th Cir. 1968) (permissible for court to correct denomination of counterfeit Federal Reserve Note where indictment alleged it was a $20.00 bill when in fact it was a $10.00 bill); see generally United States v. Alvarez, 972 F.2d 1000, 1003-04 (9th Cir. 1992)(constructive amendment of indictment only occurs when evidence produced at trial supports crime other than charged in indictment).

Only where a defendant is misled to his prejudice about the charges against him will an indictment be found inadequate.  See United States v. Severino, 316 F.3d 939, 943 (9th Cir. 2003); see United States v. Neill, 166 F.3d 943 (9th Cir. 1999) (district court properly allowed amendment of indictment to correct typographical error).  Moreover, if varying evidence is presented at trial, the Government can seek to amend the indictment to conform to the evidence.

10

For the foregoing reasons, Troiano is not entitled to the
Grand Jury documents and Defendant Troiano's "Motion to Dismiss
Counts 3 and 4 of the Indictment" (Doc. 84) is **DENIED.**

**III.    Motion to Dismiss Indictment or to Exclude Testimony of
Catherine Symonds**

Troiano's motion is premised on the alleged disclosure of a
sealed portion of an August 8, 2005 hearing before this Court.
The August 8, 2005 hearing concerned Troiano's request for new
counsel.  Catherine Symonds is Troiano's ex-wife and a potential
Government witness.

Troiano contends that United States Marshals told Symonds
about the August 8, 2005 sealed hearing when serving her with a
trial subpoena and that she subsequently went to The Brown Bottle
liquor store in an attempt to ascertain the circumstances
surrounding the robbery.  Troiano claims this violated his Fifth
Amendment due process rights to a fair trial.

Troiano has not pointed to any competent evidence to suggest
that any portion of the sealed hearing was actually disclosed to
Symonds.  Troiano points only to a conversation he had with his
mother, Linda Corpe, on August 12, 2005.  The FDC recorded the
telephone conversation.  During the conversation, Corpe told
Troiano that Symonds told her that Symonds had a conversation
with a government agent at the time she was served with her trial
subpoena and that the agent said Troiano "keeps firing" all of

his attorneys.  (See Gov. Opp. at Exhibit A, unofficial
transcript of the August 12, 2005 telephone conversation between
Troiano and Corpe.)

Even if true, nothing in this statement suggests the
divulgence of confidential information from the August 8, 2005
hearing.  The fact that Troiano's second court appointed counsel
had filed a motion to withdraw and that the Court held a hearing
on that motion was evident from the public record.
Further, the Government has submitted an affidavit from Brian
Johnson, the Special Deputy United States Marshal who served
Symonds with the trial subpoena.  Mr. Johnson's affidavit states
that he was not present at the hearing, he did not discuss the
hearing with any employees of the United States Marshal's office,
and he has no knowledge from any source regarding sealed matters
that transpired at the hearing.  Mr. Johnson also avers that he
did not attempt to influence Symonds' trial testimony in any way.
(See Gov. Opp. at Exhibit B.)

Troiano has not explained how, even if a portion of the
sealed hearing had been disclosed, it affected his right to a
fair trial.  There is no evidence that the Government tampered
with prospective witnesses or otherwise engaged in outrageous
conduct.

Troiano's argument with respect to Symonds' alleged
conversations with employees of The Brown Bottle likewise fails.

Troiano has not presented any evidence to suggest that Symonds
had access to, much less shared, confidential information with
employees of The Brown Bottle.  Troiano has not alleged, or
presented any evidence to suggest, that the Government directed
Symonds to discuss factual circumstances of the case with other
potential witnesses.

For the foregoing reasons, Troiano is not entitled to an
evidentiary hearing and Defendant Troiano's "Motion to Dismiss
Indictment or to Exclude Testimony of Catherine Symonds" (Doc.
85) is **DENIED**.

## IV. Motion to Suppress Eyewitness Identification

### A.   Background

Milton Agader, the owner of The Brown Bottle, identified
Troiano in a photographic lineup.  Troiano seeks to suppress
Agader's identification of him.  Troiano argues that the
identification procedures were impermissibly suggestive and that
Agader's identification of him was unreliable.  Troiano also
states that "it is believed that [Agader] was shown a photograph
of Troiano prior to May 15, 2005."  Troiano requests an
evidentiary hearing on his motion to suppress eyewitness
identification.

### B.   Analysis

In evaluating a motion to suppress based on suggestive
pretrial procedures, the court considers: (1) whether the

identification procedure itself was unnecessarily and
impermissibly suggestive; and (2) whether under the totality of
the circumstances the identification was reliable even though the
confrontation procedure was suggestive.  Neil v. Biggers, 409
U.S. 188, 198-99 (1972).  Factors concerning reliability include:
(1) the opportunity of the witness to view the defendant at the
time of the crime; (2) the witness's degree of attention; (3) the
accuracy of the witness's prior description of the suspect; (4)
the level of certainty displayed by the witness at the
identification procedure; and (5) the length of time between the
crime and the identification.  Id. at 199-200.  If the procedure
was not impermissibly suggestive, the court need not reach the
second prong.

       Here, Troiano does not satisfy the first prong – i.e., that
the procedures were unnecessarily and impermissibly suggestive.
The Government attached the photographic lineup as Exhibit B to
its Opposition to Defendant Troiano's Motion to Suppress
Identification.  The photographic line-up depicts similar-
looking, shirtless males with mustaches and bushy hair.  The
photographs used for the lineup were photographs on file with the
Honolulu Police Department and were in black and white.  On its
face, the photographic array did not emphasize the focus on a
single individual.

       At the hearing, Troiano's counsel stated that he had no

evidence to support his belief that Agader was shown a photograph of Troiano prior to Agader's identification of Troiano in the photographic lineup.  Troiano does not assert any other basis for believing that the photographic lineup was impermissibly suggestive.

Troiano suggests that the absence of video or audio recordings makes it difficult for him to know what transpired during the photographic lineup.  At trial, Troiano's counsel will be able to cross-examine Agader and the detective who administered the photographic lineup.

These circumstances do not give rise to a "very substantial likelihood of irreparable misidentification."  <u>United States v. Davenport</u>, 753 F.2d 1460, 1462 (9th Cir. 1985).  Because Troiano's motion does not raise any contested issues of fact he is not entitled to an evidentiary hearing.  Because Troiano has not made a threshold showing that the identification was impermissibly suggestive, the Court need to reach the second prong of the analysis - *i.e.*, whether the identification was reliable under the totality of the circumstances.

For the foregoing reasons, Troiano is not entitled to an evidentiary hearing and Defendant Troiano's "Motion to Suppress Identification" (Doc. 77) is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Defendant Troiano is not entitled

to an evidentiary hearing and

    (1)   Defendant Troiano's "Motion to Dismiss Indictment or, in the Alternative, to Suppress Prosecution Evidence Relating to Audiotaped Federal Detention Center Phone Calls by Defendant" (Doc. 83) is **DENIED;**

    (2)   Defendant Troiano's "Motion to Dismiss Counts 3 and 4 of the Indictment" (Doc. 84) is **DENIED;**

    (3)   Defendant Troiano's "Motion to Dismiss Indictment or to Exclude Testimony of Catherine Symonds" (Doc. 85) is **DENIED;** and

    (4)    Defendant Troiano's "Motion to Suppress Identification" (Doc. 77) is **DENIED.**

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 3, 2006.



_____
Helen Gillmor
Chief United States District Judge

---

Crim. No. 05-00261 HG-01, <u>United States v. James Troiano, aka "John Klatt"</u>; ORDER ON VARIOUS PRETRIAL MOTIONS HEARD MARCH 17, 2006.