EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON    #4532
Chief, Major Crimes Section

WES R. PORTER        #7698
CLARE E. CONNORS     #7936
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:    Wes.Porter@usdoj.gov
          Clare.Connors@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00261-01 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' WRITTEN |
| | ) | OBJECTION TO DEFENDANT'S |
| vs. | ) | PROPOSED JURY INSTRUCTION |
| | ) | NO. 1, FILED MARCH 22, 2006; |
| JAMES TROIANO,       (01) | ) | CERTIFICATE OF SERVICE |
| also known as: | ) | |
| "JOHN KLATT," | ) | Date:  April 7, 2006 |
| | ) | Judge: Hon. Helen Gillmor |
| Defendant. | ) | |
| | ) | |

UNITED STATES' WRITTEN OBJECTION TO DEFENDANT'S
PROPOSED JURY INSTRUCTION NO. 1, FILED MARCH 22, 2006

      Comes now the United States of America, through its undersigned attorneys, and hereby files with the Court its written objection to Defendant James Troiano's Proposed Jury Instruction No. 1.

Defendant's Proposed Jury Instruction No. 1 is as follows:

**4.3  OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

> You have heard evidence of other crimes and acts engaged in by defendant Troiano.  You may consider that evidence only as it bears on the defendant's [*e.g.*, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

Ninth Circuit Instructions **4.3** (as modified).

The United States objects to this instruction in its entirety in light of the Court's ruling on March 23, 2006, that evidence of the theft of Daniel Klein's vehicle, the burglary of the Phillips' residence, and the burglary of John Klatt's home is admissible as intrinsic evidence of the charged conduct.  This evidence is not "other crimes" evidence, rather evidence that is inextricably intertwined with the charges of conspiracy and robbery.  The Ninth Circuit has held that: "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the [other act] and the evidence concerning the crime are inextricably intertwined.'"  United States v. Sayakhom, 186 F.3d 928, 937-38 (9th Cir. 1999), cert. denied, 528 U.S. 1179 (2000) (internal citations omitted).

Specifically, the Ninth Circuit has recognized two categories of evidence that may be considered "inextricably intertwined" with a charged offense and therefore admitted without regard to Rule 404(b). United States v. DeGeorge, 380 F.3d. 1203, 1220 (9th Cir. 2004). First, evidence of prior acts may be admitted if the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." Id. Second, prior act evidence may be admitted "when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id.

In this case, the evidence of other illegal conduct does not constitute "other crimes, wrongs, or acts" but rather is intrinsically linked to the crimes with which the defendant is charged. As set forth in two opposition pleadings before this Court, as well as the Court's Minute Order, dated March 23, 2006, evidence that the black Toyota Camry was stolen and that the two homes were burglarized does not bear only "on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose." To the contrary, they are necessary pieces of evidence that go to the elements of the robbery of the Brown Bottle and the elements of the charges for possession of the gun.

The fact the car was stolen is evidence linking James Troiano to the charged robbery.  The fact that James Troiano pawned other items taken during the burglary of the Phillips' residence is evidence that James Troiano both possessed the stolen gun illegally and used the gun four days later during and in relation to the Brown Bottle robbery.  Finally, the fact that James Troiano is linked to the burglary of John Klatt's home and to the use of John Klatt's stolen Hawaii license is evidence that James Troiano, not John Klatt or someone else, checked into the Ohana Waikiki Surf hotel, where the stolen gun and money from the robbery were later found.

For these reasons, the United States objects to Defendant James Troiano's Proposed Instruction No. 1 as inappropriate and misleading.

DATED:  April 6, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Clare E. Connors
   WES R. PORTER
   CLARE E. CONNORS
   Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF:**

Todd W. Eddins
eddins@eddinsdefense.com          April 6, 2006
Attorney for Defendant
JAMES TROIANO

DATED:  April 6, 2006, at Honolulu, Hawaii.

                                   /s/ Iris Tanaka