TODD W. EDDINS, #5544
1001 Bishop Street
Pauahi Tower, Suite 1320
Honolulu, Hawaii 96813
Telephone No. 808 538.1110
Facsimile No. 808 528.2440
E-Mail: Eddins@Eddinsdefense.com
Attorney for Defendant James Troiano

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>JAMES TROIANO, (01)<br><br>        Defendant. | CR. NO. 05-00261 HG<br><br>DEFENDANT'S WRITTEN OBJECTION TO UNITED STATES' PROPOSED JURY INSTRUCTIONS NUMBERS 1-3<br><br>TRIAL: APRIL 4, 2006<br>JUDGE: HELEN GILLMOR |

DEFENDANT'S WITNESS LIST

Defendant James Troiano, through counsel undersigned, hereby files its written objection to the United States' Proposed Jury Instruction Numbers 1 – 3.

1

<u>The United States' Proposed Jury Instruction No. 1 reads as follows:</u>

8.20 CONSPIRACY - PINKERTON CHARGE

A conspiracy is a kind of criminal partnership - an agreement between two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful.

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  Before you may consider the statements or acts of a co-conspirator, you must first determine whether the acts or statements were made during the exercise of and in furtherance of an unlawful scheme.

Once you have decided that a defendant was a member of the conspiracy, that defendant is responsible for what the other conspirators said or did to carry out the conspiracy, even if the defendant did not know what they said or did.

For the defendant to be found guilty of an offense allegedly committed by a conspirator as part of the conspiracy, the offense must be one which could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

The defense objects to the "Pinkerton" instruction on the ground that it is unnecessary based on the government's theory of the case and the evidence adduced at trial. Perhaps the instruction was appropriate when co-defendant Wendell Toki was still involved in the case. However, the government intends to present ample evidence supporting its theory that Troiano committed the substantive robbery offense and was not a "Pinkerton type" co-conspirator. Thus, the instruction is likely to needlessly confuse and mislead the jury.

Further, the government's proposed instruction does not comport with Ninth Circuit Instruction No. 8.20 as modified in 2004. Based on the dictates of <u>United States v. Alvarez-Valenzuela</u>, 231 F.3d 1198 (9th Cir. 2000), the defense submits that should a Pinkerton instruction be proffered, the court should proffer the present Ninth Circuit 8.20 instruction.

<u>The United States' Proposed Jury Instruction No. 2 reads as follows:</u>

DEFINITION OF "COMMERCE"

Commerce is defined as the interchange of goods or commodities between different countries or different parts of the same country. To satisfy the interstate commerce nexus requirement, the government must prove that the robbery had a "de minimus" effect on interstate commerce. In other words, the government does not need to prove that the defendant's actions actually affected interstate commerce but only that the defendant's actions had a probable or potential impact on interstate commerce.

While it is not necessary to prove that the defendant specifically intended to affect commerce, it is necessary that the government prove that the natural consequences of the acts alleged in the indictment would be to delay, interrupt or adversely affect interstate commerce, or the flow of business activities between a state and any point outside of that state.

You may find that the requisite effect upon commerce has been proved if you find beyond a reasonable doubt that Agader-Silva, Incorporated, was engaged in the interchange of goods or commodities between the State of Hawaii and any point outside of Hawaii.

The defense objects to the United States' "Commerce" instruction on the ground that it does not accurately or sufficiently reflect the state of the law with respect to intrastate and/or interstate commerce. The defense is mindful that the court has denied its two motions to dismiss indictment filed on September 28, 2005 and February 23, 2006, respectively. Nevertheless, it incorporates by reference the arguments set forth in those motions to the instant objection to the United States' Proposed Jury Instruction No. 2. The defense submits that based on the factual circumstances of the case, any "commerce" instruction proffered to the jury should include the "substantial effects" test set forth in United States v. Lopez, 514 U.S. 548 (1995). Further, the defense asserts that the government's proposed instruction is a misleading, incomplete, legally unsound patchwork of commerce clause precepts.

<u>The United States' Proposed Jury Instruction No. 3 reads as follows:</u>

                    4.3 Testimony of an Accomplice who has Pled Guilty

      The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.  In this case, the government called as one of its witnesses a person who admitted to being an accomplice and who plead guilty to a crime arising out of the same events for which the defendant is on trial.  The government has entered into a plea agreement with this witness that provides for the possibility of a lesser sentence than the witness would otherwise be exposed to.  Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

      The fact that a witness has plead guilty to a crime arising out of the same events for which the defendant is on trial is not evidence against the defendant, and you may consider it only in determining this witness' believability.

The defense does not contend that a "Testimony of an Accomplice who has Pled Guilty" instruction should not be proffered to the jury. However, the defense does contend that an appropriately modified version of the Ninth Circuit Instruction No. 4.9 as approved in June, 2005 is the correct instruction. The recent version of Ninth Circuit Instruction No. 4.9 was adopted to supplant former instructions 4.9 – 4.12. The government's instruction ignores the latest approved instruction.

DATED: Honolulu, Hawaii April 7, 2006

Respectfully submitted,

/s/ Todd Eddins
_____
TODD EDDINS