ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 18 2006

at 3 o'clock and 50 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 05-00261 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES TROIANO, (01) | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

JURY INSTRUCTIONS

The court's jury instructions in the numerical order as read to the jury are attached hereto.

DATED: Honolulu, Hawaii, ⟋⟋ APR 18 2006 .

HELEN GILLMOR
Chief United States District Judge

INSTRUCTION NO. _1_

Members of the Jury:

You have now heard all of the evidence in the case and you will hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

INSTRUCTION NO. 3

The indictment or formal charge against a defendant is not evidence.  The defendant is presumed to be innocent and does not have to present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the
defendant guilty.

INSTRUCTION NO. 4

The law does not compel a defendant in a criminal case
to testify.  No presumption of guilt may be raised, and no
inference of any kind may be drawn, from the fact that the
defendant did not testify.

INSTRUCTION NO. _5_

As stated earlier, it is your duty to determine the
facts, and in doing so, you must consider only the evidence I
have admitted in the case.  The term "evidence" includes the
sworn testimony of the witnesses and the exhibits admitted in the
record.

Remember that any statements, objections or arguments
made by the lawyers are not evidence in the case.  The function
of the lawyers is to point out those things that are most
significant or most helpful to their side of the case, and in
doing so, to call your attention to certain facts or inferences
that might otherwise escape your notice.

In the final analysis, however, it is your own
recollection and interpretation of the evidence that controls in
the case.  What the lawyers say is not binding upon you.

INSTRUCTION NO. _6_

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

INSTRUCTION NO. 1

During the trial I may occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

INSTRUCTION NO. 8

In this case, the government and the defendant have agreed, or stipulated, as to certain facts. This means that they both agree that these facts are true. You should therefore treat these facts as having been conclusively proved.

INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

Now I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which the witness testified, and (5) candor, fairness and intelligence.  You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 11

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. 12

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give the testimony of that witness.

INSTRUCTION NO. 13

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

INSTRUCTION NO. 14

The fact that a witness has previously been convicted
of a felony, or a crime involving dishonesty or false statement,
is also a factor you may consider in weighing the credibility of
that witness.  The fact of such a conviction does not necessarily
destroy the witness' credibility, but is one of the circumstances
you may take into account in determining the weight to be given
to the testimony.

INSTRUCTION NO. 15

You have heard evidence of other crimes and acts engaged in by defendant Troiano, that is, evidence of a fingerprint found at the residence of John Klatt. You may consider that evidence only as it bears on the defendant's identity in this case and for no other purpose.

INSTRUCTION NO. 16

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1.    the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2.    whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3.    any inconsistent identifications made by the eyewitness;

4.    whether the witness had known or observed the offender at earlier times; and

5.    the totality of circumstances surrounding the eyewitness' identification.

INSTRUCTION NO. 17

You have heard testimony from two witnesses, Wendell Toki and Tony Esparza, who admitted being accomplices to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime. Wendell Toki and Tony Esparza also pled guilty to a crime arising out of the same events for which the defendant is on trial. These guilty pleas are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.

For these reasons, in evaluating Wendell Toki's and Tony Esparza's testimony, you should consider the extent to which or whether Toki's or Esparza's testimony may have been influenced by any of these factors. In addition you should examine Toki's and Esparza's testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 18

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

INSTRUCTION NO. 19

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

INSTRUCTION NO. 20

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine whether the accused is guilty or not guilty from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the accused.

INSTRUCTION NO. 21

A person has possession of something if the person
knows of its presence and has physical control of it, or knows of
its presence and has the power and intention to control it.

INSTRUCTION NO. _____

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

INSTRUCTION NO. 23

Interstate commerce is the flow of business activities between a state and any point outside of that state.  To satisfy the interstate commerce nexus requirement, the government must prove that the robbery had at least a "de minimus" effect on interstate commerce.  In other words, the government does not need to prove that the defendant's actions actually affected interstate commerce but only that the defendant's actions had a probable or potential impact on interstate commerce.

INSTRUCTION NO. 24

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)    the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)    the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3)    the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 25

The defendant is charged in Count 1 of the indictment with conspiring to rob a commercial establishment in violation of Section 1951 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to commit robbery of a commercial establishment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one of more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is

not required to prove the defendant personally did one of the overt acts.

INSTRUCTION NO. 26

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of robbery of a commercial establishment as charged in Count 2 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.    One of the following people, Wendell Toki or Tony Esparza, committed the crime of robbery of a commercial establishment as alleged in Count 2 of the indictment;

2.    the person was a member of the conspiracy charged in Count 1 of the indictment;

3.    the person committed the crime of robbery of a commercial establishment in furtherance of the conspiracy;

4.    the defendant was a member of the same conspiracy at the time the offense charged in Count 2 was committed; and

5.   the offense fell within the scope of the unlawful
agreement and could reasonably have been foreseen
to be a necessary or natural consequence of the
unlawful agreement.

INSTRUCTION NO. 27

The defendant is charged in Count 2 of the indictment with robbery of a commercial establishment in violation of Section 1951 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced the victim to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive; and

Third, commerce from one state to another was or would have been affected in some way.

INSTRUCTION NO. 28

The defendant is charged in Count 3 of the indictment
with carrying a firearm during and in relation to a crime of
violence in violation of Section 924(c) of Title 18 of the United
States Code.  For the defendant to be found guilty of that
charge, the government must prove each of the following elements
beyond a reasonable doubt:

First, the defendant committed the crimes of either
conspiracy to commit robbery of a commercial establishment or
robbery of a commercial establishment, as charged in Counts 1 and
2 of the indictment respectively;

Second, the defendant knowingly carried a firearm, to
wit: a Colt .45 black pistol bearing serial number #CLW023025;
and

Third, the defendant carried the firearm during and in
relation to either of the crimes charged in Counts 1 and 2 of the
indictment.

A defendant carries a firearm if he had a firearm on or
around his person or transported, conveyed, or controlled a
firearm in such a way that it was available for immediate use if
the defendant so desired during the commission of the Hobbs Act
robbery.  To carry a firearm "in relation to" an offense means
that there must be a connection between the defendant, the

firearm, and the crimes charged in Counts 1 or 2 so that the
presence of the firearm was not accidental or coincidental, but
facilitated the crime by serving some important function or
purpose of the criminal activity.  A defendant takes such action
"in relation to the crime" if the firearm facilitated or played a
role in the crime.

INSTRUCTION NO. **29**

The defendant is charged in Count 4 of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulated that on November 9, 1998, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. 30

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 31

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, that you should never state or specify your numerical division at any time.