TODD W. EDDINS, #5544
1001 Bishop Street
Pauahi Tower, Suite 1320
Honolulu, Hawaii  96813
Telephone No. 808 538.1110
Facsimile No. 808 528.2440
E-Mail:  Eddins@Eddinsdefense.com
Attorney for Defendant James Troiano

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR.  NO.  05-00261 HG |
|---|---|---|
| Plaintiff, | ) ) | MOTION TO WITHDRAW AS |
| | ) | COUNSEL; DECLARATION OF |
| vs. | ) | COUNSEL; and CERTIFICATE |
| | ) | OF SERVICE |
| JAMES TROIANO,   (01) | ) ) | |
| Defendant. | ) ) | DATE: TIME: |
| | ) ) | Judge:  HELEN GILLMOR |
| | ) ) | |

**<u>MOTION TO WITHDRAW AS COUNSEL</u>**

Defendant JAMES TROIANO (Troiano) by and through his counsel, Todd Eddins, hereby requests that this Honorable Court permit him to withdraw as counsel for Troiano because the attorney-client relationship between Troiano and counsel is irretrievably and irreparably fractured due to Troiano's insistence that I cease representation of him.   Counsel asserts that

1

the attorney-client relationship is irreparably damaged, and as a result Troiano has expressed a desire for replacement counsel.

The motion is based on FRCP Rules 44 and 47, the body of documents filed in the case, the declaration of counsel, and any other evidence and argument proffered at the hearing on the motion.

DATED:  Honolulu, Hawaii     May 12, 2006

/s/ Todd Eddins
───────────────
TODD EDDINS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00261 HG |
| ) | |
| Plaintiff, ) | DECLARATION OF COUSNEL |
| ) | |
| vs. ) | |
| ) | |
| JAMES TROIANO, (01) ) | |
| ) | |
| Defendant. ) | |

## **DECLARATION OF COUNSEL**

1. I, Todd Eddins, make the following assertions.

2. On or about October 14, 2005, I was appointed to represent James Troiano following the withdraw of his previous counsel, Harlan Kimura.

3. On March 28, 2006, I filed a motion to withdraw as counsel. On March 29, 2006, the court denied the motion.

4. Trial in this case occurred from April 4, 2006 to April 19, 2006, where on that date Mr. Troiano was found guilty as charged on all counts.

5. Sentencing is scheduled for July 27, 2006 at 3:45 p.m.

6.　Following the trial, Mr. Troiano insisted that I file several motions for new trial.  For example, Mr. Troiano believes that a motion for new trial should be filed because he accuses Assistant United States Attorney Wes Porter of engaging in a pattern of hand and face gestures during the testimony of the case's two cooperating witnesses.  I informed Mr. Troiano that he did not bring this allegation to my attention during the trial, and the court (or anyone), did not observe this purported conduct.  Thereupon, Mr. Troiano demanded that I issue a subpoena for the court's camera system tapes.  I declined.

7.　In my professional judgment Mr. Troiano's demands relating to post-trial action do not have any reasonable or rational legal foundation or basis.  I informed him (in so many words) that I would not participate in unreasonable or vexatious litigation.  I further explained that the appellate process was the proper forum for his contentions with respect to any trial error.

8.　Mr. Troiano has requested that I file the instant motion.  He refuses to have contact with me.

9. It is my considered view that the attorney-client relationship between Mr. Troiano and myself is irretrievably and irreparably fractured due to his demands that numerous courses of action in his case be

undertaken. In my professional view his commands are unreasonable, unwarranted, and vexatious. The attorney-client relationship is irreparably compromised. Mr. Troiano has expressed an unwillingness to proceed with me as counsel.

10. Mr. Troiano intends to raise 6th Amendment ineffective claims against his various attorneys. He so indicated at the March 29, 2006 motion to withdraw.

11. Even if Mr. Troiano were not to lodge such claims relating to my representation, I would move to withdraw as counsel for purposes of appeal. I am a trial attorney, not an appellate attorney, and do not wish to pursue this case before the Ninth Circuit as appellate counsel.

12. For the foregoing reasons, I respectfully request that this Court permit me to withdraw from the case.

13. I declare that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii  May 12, 2006

/s/ Todd Eddins
_____
TODD EDDINS