**UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　v.<br><br>JAMES TROIANO,<br><br>　　　　　Defendant. | Criminal No. CR05-00261 HG-01<br><br>DECLARATION OF WALTER R. SCHOETTLE |

**DECLARATION OF WALTER R. SCHOETTLE**

WALTER R. SCHOETTLE, pursuant to 42 U.S.C. § 1746, under penalty of perjury, declares and says as follows:

1. I am counsel of record for Defendant, JAMES TROIANO, herein and have personal knowledge of the matters set forth herein.

2. I was substituted into this case as attorney for Mr. Troiano by order filed on June 5, 2006.

3. On about June 5, 2006, I spoke with Probation Officer Roy Kawamoto to arrange a presentence interview of Mr. Troiano during that week, but Mr. Kawamoto indicated that the earliest he was available was on June 13, 2006.

4. On June 13, 2006, Mr. Kawamoto interviewed Mr. Troiano at the Federal Detention Center in my presence.

5. At that time, issues of Mr. Troiano's mental health were raised as well as his treatment at Victory Ohana and other issues which had not been addressed by Mr. Kawamoto in his draft

presentence report.

    6. It was tentatively agreed between Mr. Kawamoto, Mr. Troiano and myself, that we would seek a postponement of the sentencing date to allow Mr. Kawamoto to investigate these matters and include them in his draft presentence report.

    7. Mr. Troiano gave Mr. Kawamoto a release to obtain his medical and mental health records from the State of Hawaii, Department of Public Safety.

    8. After the interview, I received a telephone call from the Probation Office informing me that the draft presentence report had been filed during Mr. Troiano's interview.

    9. Thereafter, I spoke again with Mr. Kawamoto on the telephone and we agreed that a continuance of sentencing to allow him to revise his draft PIR was no longer appropriate, but he assured me that he would include the matters we discussed in his final PIR.

    10. From my discussion with Mr. Kawamoto during the interview and on the telephone, I got the impression that he felt that Mr. Troiano's mental health was a mitigating factor that might warrant consideration in sentencing.

    11. On July 14, 2006, I received a telephone call informing me that the final PIR was available for pickup.

    12. I was not able to pick up the report until Monday, July 17, 2006.

13. I met with Mr. Troiano and reviewed the PIR briefly on July 17, 2006.

14. I was disappointed that the issues raised were not fully developed in the PIR and will need further elaboration at sentencing.

15. From July 14 through July 20, 2006, I was busy working on objections to a motion for summary judgment in *Day v. Apoliona*, CV05-649, which I filed at 11:59 p.m., on July 20, 2006.

16. On July 21, 2006, I had to take the day off to recover.

17. During this entire time, I was unable to address the matter of Mr. Troiano's sentencing, except to meet with him on July 17, as noted above, and to call Ms. Connors, on July 19 and 20, to request a stipulated continuance.

18. Ms. Connors would not agree and stated that she would object to any request for a continuanc.

19. In addition to the foregoing, Mr. Troiano has also requested an evidentiary hearing on the issue of effectiveness of the representation of prior counsel prior to sentencing.

20. Mr. Troiano has sent me a large amount of documentation on this issue, which I have not yet had an opportunity to review.

21. Mr. Troiano wishes to preserve the issue of the effectiveness of assistance of prior counsel for review on appeal and/or by way of 28 U.S.C. § 2255.

22. Mr. Troiano is in custody and a delay in sentencing will

in no way prejudice the government.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 20, 2006.

/S/ Walter R. Schoettle