ORIGINAL

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 07 2008

at ___11___ o'clock and ___55___ min. ___A___ M.
SUE BEITIA, CLERK

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

V.

JAMES TROIANO,

Defendant - Appellant.

No.  06-10573
D.C. No.  CR-05-00261-HG

**JUDGMENT**

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/12/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 13 2008

by _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JAMES TROIANO,<br><br>Defendant - Appellant. | No. 06-10573<br><br>D.C. No. CR 05-0261-HG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted November 7, 2007
Honolulu, Hawaii

Before:     O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

James Troiano was convicted of conspiring to commit a Hobbs Act robbery

(Count 1), committing a Hobbs Act robbery (Count 2), using a firearm during the

commission of a Hobbs Act robbery (Count 3), and being a felon in unlawful

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

possession of a firearm (Count 4). He was sentenced to a prison term of 288 months.

Troiano appeals his convictions, arguing that: (1) there was insufficient evidence to find that the robbery had a nexus with interstate commerce; (2) the indictment was insufficient because it failed to name the Brown Bottle as the victim of the robbery and because it failed to allege specific facts describing the robbery's effect on interstate commerce; (3) the district court abused its discretion in denying his *pro se* motion for a continuance; (4) the district court erred in denying his motion in limine to exclude evidence of his proffer statement and in ruling that the proffer statement could be used for impeachment purposes; (5) the district court erred in denying his motion in limine to exclude evidence of uncharged burglaries; and (6) the district court erred in denying his motion for mistrial, which was predicated on the alleged prejudicial effect of Troiano's ex-wife's testimony that Troiano had previously been incarcerated.

Troiano also appeals his sentence, arguing that (7) the disparity between his sentence and that of his accomplice amounted to a denial of due process or equal protection. We affirm the convictions on all counts and affirm the sentence.

1.     Troiano contends that there was insufficient evidence with respect to Counts 1, 2, and 3, because, based on the evidence presented at trial, no rational

juror could find beyond a reasonable doubt that the robbery had an effect on interstate commerce. In a Hobbs Act robbery prosecution, the government must prove beyond a reasonable doubt that the robbery had an effect on interstate commerce. *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004). To meet that burden, the government must show only that the robbery had a de minimis effect on interstate commerce, and when the target of the robbery is a business, such a de minimis effect is proven when the government proves beyond a reasonable doubt that the targeted business engaged in interstate commerce. *Id.*

Here, there is sufficient evidence for a rational trier of fact to find that the targeted business, the Brown Bottle store, was engaged in interstate commerce. It purchased liquor via wholesale distributors from out-of-state beverage companies. The government also proved that the Brown Bottle's ATM allowed customers to access bank accounts outside of Hawaii, that a national company processed those transactions, that nearly $12,500 was stolen from the ATM, and that due to the robbery, the ATM was out of service for two or three days. *See United States v. Boyd*, 480 F.3d 1178, 1179 (9th Cir. 2007). Therefore, "the district court correctly concluded that the evidence was sufficient to permit any rational trier of fact to find beyond a reasonable doubt that [the Brown Bottle] was engaged in interstate

-3-

commerce, and that [Troiano's] robbery of [the Brown Bottle] potentially impacted interstate commerce." *See id.*

    **2.**    Troiano also challenges the convictions, contending that the indictment was insufficient because it failed to name the Brown Bottle as the victim of the robbery and because it failed to allege specific facts describing the robbery's effect on interstate commerce. "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995).

    In a Hobbs Act robbery prosecution, the government is required to prove two elements: (1) that the defendant either committed or attempted to commit a robbery, and (2) that there was a nexus between the defendant's acts and interstate commerce. *Rodriguez*, 360 F.3d at 958. The indictment, however, need not set forth facts alleging how interstate commerce was affected, nor otherwise state any theory of interstate impact. *Id.* The indictment need allege only that, as defined by the Hobbs Act, there was (1) a robbery (2) that affected interstate "commerce, which the indictment in this case did. *See id.* Thus, we affirm the district court and note that Judge Gillmor correctly reasoned that "[a]lthough the interstate

-4-

commerce nexus is an element that must be proved at trial, the indictment need not describe how the defendant interfered with interstate commerce."[1]

    **3.**    Troiano also contends that the district court erred in denying his pro se motion for a continuance. He argued to the district court that he needed a continuance to investigate an alleged extortion which could reveal the identity of the true robber.[2] In determining whether the district court abused its discretion, we consider four factors: (1) Troiano's diligence in preparing his defense prior to

---

[1]    During oral argument, much was made of the fact that the indictment alleged that "the defendant did unlawfully, knowingly, and willfully take and obtain personal property consisting of money from the person and in the presence of M.A.," but failed to state that the property was taken from the Brown Bottle. The Hobbs Act provides that the "term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession[.]" 18 U.S.C. § 1951(b)(1). In other words, the government is required to allege in the indictment and prove beyond a reasonable doubt that the defendant took "personal property from the person or in the presence of another." As already discussed, whether or not the target of the robbery is an individual or a business pertains to what the government must prove at trial to demonstrate that the robbery affected interstate commerce. *See Rodriguez*, 360 F.3d at 955. A robbery of a business still involves taking property from or in the presence of a person; otherwise, it is not a robbery. Because the nature of the targeted entity is not an element of the crime, the indictment need not specify the target.

[2]    The district court entertained the motion on the merits even though Troiano was represented by counsel and, thus, did not have an affirmative right to submit a *pro se* motion. *See United States v. Michlin*, 34 F.3d 896, 897 (9th Cir. 1994); *United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007). Because the district court addressed the merits of the motion, we also address its merits.

-5-

the trial date; (2) whether the continuance would have satisfied his needs; (3) the inconvenience a continuance would have caused the court, witnesses, counsel, and the government; and (4) the extent to which Troiano might have suffered harm as a result of the district court's denial. *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000).

The fourth factor is most critical. *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995). Even assuming that the first three factors favor Troiano, "to prevail he must still demonstrate at a minimum that he has suffered prejudice as a result of the denial of his request." *Zamora-Hernandez*, 222 F.3d at 1049 (internal quotations marks omitted). Troiano had ample time to investigate the circumstances surrounding the alleged extortion. And, even if a continuance allowed him to find the extortionists, Troiano would still have to convince them to admit to felonious activity in open court, after they had been informed of their right not to incriminate themselves. Under these circumstances, as the district court found, it was highly unlikely that the alleged extortionists would not invoke their Fifth Amendment privilege not to testify. Indeed, Troiano's trial counsel acknowledged that a continuance was not needed to investigate this evidence, and that even if the court granted the continuance, he had no intention of further

-6-

investigating the alleged extortion plot. Having failed to show that he suffered

any prejudice, we hold that the district court did not abuse its discretion.

    **4.**    Troiano further argues that the district court erred in denying his

motion in limine to exclude evidence of his proffer statement. While Federal Rule

of Evidence 410 and Federal Rule of Criminal Procedure 11(f) provide that

statements made in the course of plea discussions between a criminal defendant

and a prosecutor are inadmissible against the defendant, Troiano waived the

protection of these rules by signing a proffer agreement with the prosecution. *See*

*United States v. Mezzanatto*, 513 U.S. 196, 210 (1995). Because there is no

"affirmative indication that the agreement was entered into unknowingly or

involuntarily, [Troiano's] agreement to waive the exclusionary provisions of the

plea-statement Rules is valid and enforceable." *See id.*

    **5.**    Troiano contends that the trial court erred when it denied his motion

in limine and instead allowed limited evidence of two uncharged burglaries, one

involving John Klatt's home, the other involving Lorie and Curtis Phillips' home.

Evidence of other acts is admissible and falls outside the scope of Rule 404(b)

"when it is necessary to do so in order to permit the prosecutor to offer a coherent

and comprehensible story regarding the commission of the crime." *United States*

*v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). Here, the evidence

-7-

of the earlier burglaries was necessary to connect the gun used during the robbery and John Klatt's identification documents to Troiano. Therefore, the district court did not err in admitting this evidence because it is "inextricably intertwined" with the commission of the crime. *See id.* at 1012.

**6.**    Troiano contends that his motion for a mistrial should have been granted because of the prejudice he suffered when his ex-wife, Catherine Symonds, mentioned during her testimony that her husband had previously been incarcerated. "When an error in the admission of evidence is not of constitutional proportions, reversal is not required unless it is more probable than not that the error materially affected the verdict." *United States v. Yarbrough*, 852 F.2d 1522, 1540 (9th Cir. 1988) (citation omitted). Symonds's reference to Troiano's prior incarceration did not materially affect the verdict because the jury already knew that Troiano had been convicted of a felony, and any residual prejudice was cured by the judge promptly instructing the jury to disregard the comment. *See Tak Sun Tan v. Runnels*, 413 F.3d 1101, 1115 (9th Cir. 2005) ("We presume jurors follow the court's instructions absent extraordinary situations.").

**7.**    Finally, Troiano contends that he was denied due process and that his equal protection rights were violated because he was sentenced to 288 months while his co-conspirator, Tony Esparaza, who pleaded guilty and cooperated with

the prosecution, was sentenced to 80 months in prison. "Disparity in sentences between codefendants is not sufficient ground to attack a proper guidelines sentence." *United States v. Whitecotton*, 142 F.3d 1194, 1200 (9th Cir. 1998). Troiano does not argue that his sentence was improper under the Guidelines, hence, this argument fails.

The judgment of conviction and the sentence are **AFFIRMED.**



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN - 3 2008

By
Deputy Clerk

MOATT INVATT
PTSEAL

i

INTERNAL USE ONLY: Proceedings include all events.
06-10573 USA v. Troiano

UNITED STATES OF AMERICA            Wes R. Porter, Esq.
        Plaintiff - Appellee        FAX 808/541-2958
                                     808/541-2850
                                     Ste. 6-100
                                     [COR LD NTC aus]
                                     Clare E. Connors, Esq.
                                     808/541-2850
                                     Room 6-100
                                     [COR LD NTC aus]
                                     USH - OFFICE OF THE U.S.
                                     ATTORNEY
                                     PJKK Federal Building
                                     300 Ala Moana Blvd.
                                     P.O. Box 50183
                                     Honolulu, HI 96850


        v.


JAMES TROIANO                        Walter R. Schoettle, Esq.
        Defendant - Appellant        808/537-3514
                                     [COR LD NTC cja]
                                     Walter R. Schoettle, Esq.
                                     (See above)
                                     [COR LD NTC ret]
                                     P.O. Box 596
                                     Honolulu, HI 96809