IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
JAMES TROIANO,                  )  Crim. No. 05-00261 HG-01
                                )  Civ. No. 16-00512 HG-KSC
                                )
              Petitioner,       )
                                )
         vs.                    )
                                )
                                )
UNITED STATES OF AMERICA,       )
                                )
                                )
              Respondent.       )
_____)
```

**ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 324)**

On May 26, 2016, Petitioner James Troiano filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 324). Petitioner advances three theories for relief:

**One:** He was incorrectly sentenced as an Armed Career Criminal;

**Two:** His was incorrectly sentenced as a Career Offender; and,

**Three:** His Hobbs Act robbery crimes are not crimes of violence and should not have been used as a basis for a Career Offender designation.

## PROCEDURAL HISTORY

On October 5, 2005, the Government filed a four-count Superseding Indictment as to Petitioner and another defendant for robbing a convenience store at gun point. (ECF No. 59). The

1

Superseding Indictment charged the Petitioner, as follows:

- **Count 1:** knowingly and willfully conspiring with others to obstruct and affect commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Conspiracy to commit a Hobbs Act robbery).

- **Count 2:** knowingly and willfully obstructing and affecting commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act robbery).

- **Count 3:** knowingly carrying and brandishing a firearm during and in relation to a crime of violence, to wit: conspiracy and Hobbs Act robbery as charged in Counts 1 and 2 of this Superseding Indictment in violation of 18 U.S.C. § 924(c).

- **Count 4:** having been convicted of a crime punishable for a term exceeding one year, did knowingly possess in and affecting commerce a firearm in violation of 18 U.S.C. §§ 922(g)(1); 924(e).

(ECF No. 59).

On April 19, 2006, after seven days of trial, the jury found Petitioner guilty on all four counts in the Superseding Indictment. (ECF Nos. 181, 183).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") concerning Petitioner. The PSR provided that Petitioner was subject to a sentencing enhancement as a Career Offender. (PSR at pp. 10-11, ¶ 42).

The PSR relied on Petitioner's three convictions for Burglary in the First Degree in Hawaii as the predicate crimes of violence for the Career Offender designation. (Id. at p. 17, ¶ 64).

The PSR also concluded that Petitioner's sentence was subject to enhancement through the Armed Career Criminal Act, 18 U.S.C. § 924(e). (Id. at p. 11, ¶ 43).

On August 24, 2006, the Court sentenced Petitioner to a term of imprisonment of 17 years as to each of Counts 1, 2, and 4 to be served concurrently with each other, followed by a seven year term as to Count 3, to be served consecutively to the terms imposed for Counts 1, 2, and 4, for a total of 24 years imprisonment. (ECF No. 218). The Court sentenced Petitioner to a term of supervised release of 5 years for each of Counts 3 and 4, and 3 years for each of Counts 1 and 2, all terms to run concurrently. (Id.)

On December 12, 2007, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (ECF No. 273).

On April 14, 2008, the United States Supreme Court denied Petitioner's petition for certiorari. Troiano v. United States, 552 U.S. 1130 (2008).

On April 14, 2009, Petitioner filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 283).

On August 19, 2009, the Court issued an ORDER DENYING JAMES TROIANO'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. (ECF No. 298).

Six years later, on June 26, 2015, the United States Supreme

Court issued its opinion in Johnson v. United States, 135 S.Ct. 2551 (2015).

On May 26, 2016, Petitioner filed DEFENDANT-PETITIONER'S APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255 with the Ninth Circuit Court of Appeals. (ECF No. 323-1).

On September 16, 2016, the Ninth Circuit Court of Appeals granted Petitioner's application to file a second or successive Section 2255 Motion, stating that the application makes a prima facie showing under Johnson. The appellate court ordered that Petitioner's Second Section 2255 Motion be deemed filed in the district court on May 26, 2016. (ECF No. 323).

On September 16, 2016, Petitioner filed his second MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 324). The second Motion was deemed filed on May 26, 2016, pursuant to the order from the Ninth Circuit Court of Appeals. (See id., ECF 323).

On September 19, 2016, the Court stayed Petitioner's Section 2255 Motion, pending the decision of the Supreme Court of the United States in Beckles v. United States. (ECF No. 327).

On March 6, 2017, the Supreme Court of the United States issued its decision in Beckles v. United States, 137 S.Ct. 886 (2017).

On March 30, 2017, Petitioner filed a SUPPLEMENTAL

MEMORANDUM.  (ECF No. 328).

On April 28, 2017, Petitioner filed DEFENDANT-PETITIONER'S MOTION FOR A RULING ON HIS § 2255 MOTION.  (ECF No. 332).

On May 1, 2017, the Government filed a RESPONSE TO THE DEFENDANT'S SUPPLEMENTAL MEMORANDUM (ECF NO. 328) AND HIS MOTION FOR A RULING ON HIS § 2255 MOTION (ECF NO. 332) and a MEMORANDUM IN RESPONSE TO THE DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE.  (ECF Nos. 333, 334).

On May 22, 2017, Petitioner filed his Reply.  (ECF No. 335).

On July 5, 2017, the Court held a hearing on Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 324).  (ECF No. 339).

**ANALYSIS**

I. **Sentencing as to Count 4**

First, Petitioner challenges his sentencing on Count 4 of the Superceding Indictment.  Count 4 charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  Section 924(e) establishes a mandatory minimum sentence of fifteen years in cases where an individual with three prior convictions for violent felonies posses a firearm in violation of Section 922(g).  The Sentencing Guidelines state, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."  United States Sentencing Guidelines

("U.S.S.G.") § 4B1.4(a).

The Presentence Investigation Report ("PSR") stated that Petitioner violated 18 U.S.C. § 922(g). The PSR treated his three Hawaii first-degree burglary convictions as violent felonies, which allowed for application of the Armed Career Criminal enhancement of § 924(e). (PSR at ¶¶ 42-43, 81).

Once Petitioner was classified as an armed career criminal, his offense level was increased to the same level as a Career Offender pursuant to § 4B1.1(c)(3). (PSR at ¶ 81). The Court sentenced Petitioner to a term of imprisonment of 17 years as to Count 4 to be served concurrently with Counts 1 and 2, followed by a seven year term as to Count 3, for a total of 24 years imprisonment. (ECF Nos. 218, 219).

Petitioner argues that his sentence as to Count 4 of the Superceding Indictment was calculated incorrectly. Petitioner asserts that Hawaii burglary offenses are not "violent felonies" because Hawaii burglary offenses do not meet the requirements of a violent felony pursuant to 18 U.S.C. § 924(e).

The Supreme Court of the United States' holding in Johnson v. United States, 135 S.Ct. 2551 (2015) invalidates the Armed Career Criminal Act enhancement of Petitioner's sentence on Count 4.

A violent felony is defined in 18 U.S.C. § 924(e)(2)(B) as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

**The Enumerated Offense Clause**:

The first clause in Section 924(e)(2)(B)(ii) covers "burglary, arson, or extortion, or involves use of explosives." It is called **the Enumerated Offense Clause**. 18 U.S.C. § 924(e)(2)(B)(ii).

Hawaii burglary convictions do not fit in the **Enumerated Offense Clause** of the ACCA. See United States v. Lee, CR No. 12-00133 JMS (02), 2016 WL 1039046, at *1 (D. Haw. Mar. 15, 2016); United States v. Josiah, No. 16-cv-00080 HG-KSC, 2016 WL 1328101, at *2 (D. Haw. Apr. 5, 2016).

**The Residual Clause**:

The second clause in Section 924(e)(2)(B)(ii) covers a prior unenumerated crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Such a

7

crime falls under what is called **the Residual Clause**.  18 U.S.C. § 924(e)(2)(B)(ii).

The Supreme Court of the United States held in Johnson that the **Residual Clause** of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.  Johnson, 135 S.Ct. at 2557.

Petitioner's ACCA enhancement for his felon in possession of a firearm charge (Count 4) cannot stand after Johnson.  Petitioner's convictions for Hawaii burglary offenses are not "violent felonies" pursuant to the **Enumerated Offense Clause** or **Residual Clause** of the ACCA.  Petitioner's three convictions for Hawaii first-degree burglary cannot be used as a basis to enhance his sentence.

The Government agrees that after Johnson, the armed career criminal enhancement was incorrectly applied to Count 4 of the Petitioner's sentence.  (United States of America's Memorandum in Response at p. 4, ECF No. 333).

The possible maximum sentence without the enhancement is ten years, with a three-year term of supervised release.  18 U.S.C. § 924(a)(2).  The Petitioner's sentence on Count 4 was for seventeen years incarceration with a five-year term of supervised release.  The period of incarceration is seven years longer than the maximum sentence authorized by law.  The period of supervised release is two years longer than the maximum allowed by law.

Petitioner's Section 2255 Motion is **GRANTED** as to Count 4.

8

## II. Sentencing as a Career Offender

Petitioner contends that he was incorrectly sentenced as a Career Offender as to Counts 1 and 2. Count 1 charged conspiracy to commit a Hobbs Act Robbery. Count 2 charged a Hobbs Act Robbery. The PSR enhanced Petitioner's sentence pursuant to the Career Offender designation found in § 4B1.1 of the Sentencing Guidelines.

The Career Offender designation applies when:

(1) a defendant was over the age of eighteen years at the time of the charged offense,

(2) the charged offense is a felony that is either a crime of violence or a controlled substance offense, and

(3) the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense.

U.S.S.G § 4B1.1(a).

Petitioner was designated as a Career Offender because of his three prior Hawaii first degree burglary convictions. (PSR at ¶¶ 42, 64, 81). His sentence was enhanced accordingly. (PSR at ¶ 42).

Petitioner argues that the holding in Johnson should extend to the Sentencing Guidelines. (Motion Under § 2255 at p. 6, ECF No. 324).

Beckles v. United States, 137 S.Ct. 886 (2017), ruled on a challenge to the residual clause of the Career Offender

9

enhancement in the Sentencing Guidelines.  The Supreme Court of the United States distinguished the Sentencing Guidelines from the United States Code.  The Court held that the Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause."  Id. at 890.  The Sentencing Guidelines do not fix the sentences for criminal offenses, but are designed to guide the exercise of a court's discretion in choosing an appropriate sentence.  Id.

The holding in Beckles requires that Petitioner's challenge to his Career Offender designation must fail.  Petitioner's § 2255 Motion is **DENIED** as to the Career Offender Designation.

**III. A Hobbs Act Robbery is a Crime of Violence**

A Career Offender enhancement requires the instant offense of conviction be for a crime of violence or a controlled substance offense.  U.S.S.G § 4B1.1(a).  Petitioner contends that a Hobbs Act Robbery is not a crime of violence pursuant to 18 U.S.C. § 924(c).

The Ninth Circuit Court of Appeals has found a Hobbs Act Robbery is a crime of violence.  See, e.g., United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. 2016), as amended (June 24, 2016) ("Because bank robbery by 'intimidation'— which is defined as instilling fear of injury — qualifies as a crime of violence, Hobbs Act Robbery by means of 'fear of injury' also

qualifies as crime of violence."); United States v. Mendez, 992 F.2d 1488, 1492 (9th Cir. 1993) ("[C]onspiracy to interfere with interstate commerce by robbery in violation of § 1951 categorically creates a substantial risk that physical force may be used."). The Second, Eighth, and Eleventh Circuit courts agree. See In re Saint Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (holding that Hobbs Act robbery "clearly qualifies as a 'crime of violence' under" the elements clause in Section 924(c)(3)(A)); United States v. House, No. 14-3011, 2016 WL 3144735 (8th Cir. June 6, 2016); United States v. Hill, 832 F.3d 135, 142–44 (2d Cir. 2016).

A Hobbs Act Robbery is a crime of violence for the purposes of 18 U.S.C. § 924(c). Petitioner's Section 2255 Motion is **DENIED** as to Counts 1 and 2.

## CONCLUSION

Petitioner's Section 2255 Motion is **GRANTED, IN PART, AND DENIED, IN PART**.

Petitioner's challenge to his ACCA sentencing enhancement applied to his Felon in Possession of a Firearm charge in Count 4 is **GRANTED.**

Petitioner's challenge to the Career Offender designation as to Counts 1 and 2 of his conviction is **DENIED.**

Petitioner's challenge to the use of his Hobbs Act Robbery

as a basis for a Career Offender Designation is **DENIED.**

The Parties shall file memoranda addressing their positions as to the procedure for post-2255 proceedings in this case.

The memoranda shall be filed on or before Friday, September 29, 2017.

The memoranda shall address the need for a revised Presentence Investigation Report, the need for a resentencing hearing, and the need for Petitioner to be present at a resentencing hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2017

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

James Troiano vs. United States of America, Criminal No. 05-00261 HG-01, Civil No. 16-00512 HG-KSC; **ORDER GRANTING IN PART, AND DENYING IN PART PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 324)**