IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 05-00261 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES TROIANO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4 IN THE SUPERSEDING INDICTMENT**

On August 25, 2017, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY as to Defendant James Troiano. (ECF No. 340).

The Court held that Defendant's sentence as to Count 4 for Felon in Possession of a Firearm was no longer subject to enhancement pursuant to the Armed Career Criminal Act following the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Court denied Defendant's Section 2255 Motion on all other aspects.

Both parties submitted briefs as to their positions regarding the procedure for post-2255 proceedings in this case. The Court declines to exercise its discretion to conduct a full

1

resentencing of the Defendant.

The Court **CORRECTS** Defendant's sentence as to Count 4 in the Superseding Indictment and will issue an Amended Judgment.

## **PROCEDURAL HISTORY**

On October 5, 2005, the Government filed a four-count Superseding Indictment as to Defendant Troiano and another defendant for robbing a convenience store at gun point. (ECF No. 59). The Superseding Indictment charged Defendant, as follows:

**Count 1:** knowingly and willfully conspiring with others to obstruct and affect commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Conspiracy to commit a Hobbs Act robbery);

**Count 2:** knowingly and willfully obstructing and affecting commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act robbery);

**Count 3:** knowingly carrying and brandishing a firearm during and in relation to a crime of violence, to wit: conspiracy and Hobbs Act robbery as charged in Counts 1 and 2 of this Superseding Indictment in violation of 18 U.S.C. § 924(c); and,

**Count 4:** having been convicted of a crime punishable for a term exceeding one year, did knowingly possess in and affecting commerce a firearm in violation of 18 U.S.C. §§ 922(g)(1); 924(e).

(ECF No. 59).

On April 19, 2006, after 7 days of trial, the jury

found Defendant guilty on all 4 counts in the Superseding Indictment. (ECF Nos. 181, 183).

On August 24, 2006, the Court sentenced Defendant to a term of imprisonment of 17 years as to each of Counts 1, 2, and 4 to be served concurrently with each other, followed by a 7 year term as to Count 3, to be served consecutively to the terms imposed for Counts 1, 2, and 4, for a total of 24 years imprisonment.  (Judgment, ECF No. 218).

On December 12, 2007, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence.  (ECF No. 273).

On April 14, 2008, the United States Supreme Court denied Defendant's petition for certiorari.  Troiano v. United States, 552 U.S. 1130 (2008).

On April 14, 2009, Defendant filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 283).

On August 19, 2009, the Court issued an ORDER DENYING JAMES TROIANO'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.  (ECF No. 298).

Six years later, on June 26, 2015, the United States Supreme Court issued its opinion in Johnson v. United States, 135 S.Ct. 2551 (2015).

On September 16, 2016, the Ninth Circuit Court of

Appeals granted Defendant's application to file a second or successive Section 2255 Motion, stating that the application makes a prima facie showing under Johnson. The appellate court ordered that Defendant's Second Section 2255 Motion be deemed filed in the District Court on May 26, 2016. (ECF No. 323).

On September 19, 2016, the District Court stayed Defendant's Section 2255 Motion, pending the decision of the Supreme Court of the United States in Beckles v. United States. (ECF No. 327).

On March 6, 2017, the Supreme Court of the United States issued its decision in Beckles v. United States, 137 S.Ct. 886 (2017).

On July 5, 2017, the District Court held a hearing on Defendant's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 324). (ECF No. 339).

On August 25, 2017, the District Court issued its ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 340).

The Court found that Defendant's sentence as to Count 4 for Felon in Possession of a Firearm was no longer subject to enhancement pursuant to the Armed Career Criminal Act

following the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Court denied Defendant's Section 2255 Motion on all other aspects.

The District Court ordered the Parties to file memoranda addressing their positions as to the procedure for the post-2255 proceedings. (Id.)

On September 22, 2017, Defendant filed DEFENDANT-PETITIONER'S SUPPLEMENTAL MEMORANDUM. (ECF No. 341).

On September 26, 2017, the District Court granted the Government's request for an extension of time to file its response. (ECF No. 342).

On October 6, 2017, the Government filed THE GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE COURT'S ORDER OF AUGUST 25, 2017. (ECF No. 343).

## ANALYSIS

### I. The Calculation of Defendant's Sentencing Guidelines

On April 19, 2006, the jury found Defendant guilty on all four counts in the Superseding Indictment. Following the verdict, the United States Probation Office prepared a Presentence Investigation Report ("PSR") calculating the sentencing guidelines applicable to the Defendant as to the four counts:

**Count 1:** Conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2;

**Count 2:** Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2;

**Count 3:** carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and,

**Count 4:** being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1); 924(e).

Defendant was in criminal history category VI.

For purposes of determining the sentencing guidelines, the PSR grouped Counts 1 and 2 pursuant to U.S.S.G. § 3D1.2(b) as the substantive Hobbs Act Robbery in Count 2 was the object of the conspiracy in Count 1.

Count 1 was the basis for the guideline computation. (PSR at ¶ 31).

Count 3 was not grouped because the statute mandates a consecutive sentence. (PSR at ¶ 32).

Count 4 was not grouped to avoid double counting. (PSR at ¶ 33). The PSR explained, as follows:

> Count 4, Felon in Possession of a Firearm would normally be grouped with Counts 1 and 2, since Count 4 embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Counts 1 and 2. However, since the defendant's conviction of Count 3, which involves the same firearm possessed in Count 4, requires a mandatory consecutive sentence, the enhancement for possessing the firearm in connection with the robbery counts would result in double counting. It is also noted that pursuant to U.S.S.G. §

>     2K2.1, Application Note 14, a defendant who is
>     subject to an enhanced sentence under the
>     provisions of 18 U.S.C. § 924(e) is an Armed
>     Career Criminal.

(Id.)

As to the grouped Counts 1 and 2, the PSR found that Defendant's baseline calculation was subject to an increase pursuant to the Career Offender Sentencing Guideline at § 4B1.1. The PSR found that Defendant was subject to the Career Offender enhancement because he was convicted of a crime of violence for the Hobbs Act robbery and the Defendant had at least two prior felony convictions for crimes of violence.

The sentencing guideline for the grouped Counts 1 and 2 was calculated at offense level 32, criminal history category VI, for an advisory range of 360 months to life pursuant to U.S.S.G. § 4B1.1(c)(3). (PSR at ¶ 42).

As to Count 4, the PSR found that Defendant's conviction for Felon in Possession of a Firearm was subject to increase pursuant to the Armed Career Criminal Act because Defendant had four prior Hawaii convictions for burglary in the first degree. Count 4 was determined to also be subject to a range of 360 months to life as the PSR applied the greater offense level applicable to the Defendant pursuant to U.S.S.G. § 4B1.4. (PSR at ¶ 43).

**II. Effect of Johnson v. United States as to Count 4**

Section 924(e) establishes a mandatory minimum sentence of fifteen years in cases where an individual with three prior convictions for violent felonies posses a firearm in violation of Section 922(g).

The PSR determined that Defendant was an armed career criminal pursuant to the statute and applied the Armed Career Criminal enhancement of § 924(e) to Defendant's conviction as to Count 4. (PSR at ¶¶ 42-43, 81).

The United States Supreme Court's holding in Johnson v. United States, 135 S.Ct. 2551 (2015) invalidated the basis for the Armed Career Criminal Act enhancement created by Defendant's prior Hawaii convictions for burglary in the first degree. The holding only affected Defendant's sentence as to Count 4.

On August 25, 2017, the District Court granted Defendant's Section 2255 Motion as to his sentence to Count 4 pursuant to the holding in Johnson. (ECF No. 340).

**III. The Court Has Wide Discretion To Conduct Post-2255 Proceedings**

The District Court has wide discretion in choosing the proper scope of post-2255 proceedings. United States v. Jones, 114 F.3d 896, 897 (9th Cir. 1997).

28 U.S.C. § 2255 states:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence **to vacate, set aside, or correct the sentence**.

28 U.S.C. § 2255(a) (emphasis added).

After granting a Section 2255 Motion, the Court shall do one of the following:

(1) discharge the prisoner;

(2) resentence the prisoner;

(3) grant the prisoner a new trial; or,

(4) correct the sentence as may appear appropriate.

United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999) (en banc); 28 U.S.C. § 2255.

The statute gives the Court broad discretion in choosing the proper actions following a successful Section 2255 Motion. Jones, 114 F.3d at 897; United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997).

The District Court's broad and flexible power is derived from the equitable nature of habeas corpus relief. Handa, 122 F.3d at 691.

9

### A. Government's Position on Post-2255 Procedure

The Government argues that following the Order on Defendant's Section 2255 Motion, the District Court should correct Defendant's sentence to ten years imprisonment and three years supervised release as to Count 4 and issue an Amended Judgment. The Government asserts there is no need for a full resentencing hearing. The Government states that a resentencing is not necessary as Count 4 was not grouped with Counts 1 and 2 for purposes of sentencing calculations.

The Government argues that the Court should apply the "concurrent sentence doctrine" on the basis that Counts 1 and 2 provide the same, concurrent sentence as Count 4. (Government's Memorandum at p. 7, ECF No. 343).

### B. Defendant's Position on Post-2255 Procedure

Defendant requests a full resentencing. Defendant relies on the "sentencing package doctrine." (Defendant's Memorandum at p. 9, ECF No. 341). The sentencing package doctrine provides the district court with the authority to conduct a full resentencing and put together a new sentencing package to provide a renewed assessment of the punishment the defendant deserves for the crimes that remain following a successful Section 2255 Motion.

Defendant argues that the District Court should exercise its discretion and conduct a full resentencing in order to "unbundle" the sentences pursuant to the sentencing package doctrine.  Defendant also reasserts the same arguments that were rejected in his Section 2255 Motion as to Counts 1 and 2, as he argues that he is not subject to the Career Offender Sentencing Guideline.

### C. Neither The Concurrent Sentencing Doctrine Nor The Sentencing Package Doctrine Apply

The Court finds that neither the concurrent sentencing doctrine nor the sentencing package doctrine apply to this case.

First, the Court will not apply the concurrent sentencing doctrine.  The Ninth Circuit Court of Appeals has specifically rejected the use of the concurrent sentencing doctrine on direct appeal.  United States v. DeBright, 730 F.2d 1255, 1259-60 (9th Cir. 1984) (en banc).

The Government relies on decisions from courts outside the Ninth Circuit that have applied the concurrent sentencing doctrine in post-Johnson 2255 proceedings.  See In re Williams, 826 F.3d 1351, 1355 (11th Cir. 2016); United States v. Smith, 2017 WL 3016759, *3 (D. Minn. July 14, 2017); Meeks v. United States, 2017 WL 2531589, *3 (W.D.

N.C. June 9, 2017).

There is no indication that the Ninth Circuit Court of Appeals has overruled DeBright or found it appropriate to use the concurrent sentencing doctrine following a successful Section 2255 Motion.

Second, the Court does not agree with the Defendant's position that the sentencing package doctrine should apply to this case.

Defendants who have been convicted on multiple counts often have their sentences "bundled" due to the procedures in place for calculating a defendant's sentencing guidelines.

Courts often describe a sentence as needing to be "unbundled" when one of the counts in a multiple count conviction is vacated pursuant to a successful 2255 Motion or an appeal. The Ninth Circuit Court of Appeals has stated:

> The court construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as "a package," reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is "unbundled." After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted.

Handa, 122 F.3d at 692.

Here, Defendant's sentence as to Count 4 was not grouped with either Counts 1, 2, or 3, for sentencing guideline calculations. As the Government points out, the sentencing guidelines for Counts 1, 2, and 3, were unaffected by Defendant's conviction for Count 4.

The Court finds that the sentence package doctrine does not apply as Defendant's sentence and convictions as to Counts 1, 2, and 3, were not grouped with Count 4.

**IV. The Court Declines To Conduct A Full Resentencing As It Is Only Appropriate To Correct Defendant's Sentence as to Count 4**

A full resentencing following a successful Section 2255 Motion is not mandated by statute nor by the Ninth Circuit Court of Appeals. Review of the relevant cases demonstrates that the District Court has discretion to conduct a full resentencing or to amend or correct a sentence as may be appropriate following a successful Section 2255 Motion. See Barron, 172 F.3d at 1157.

In United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), the Ninth Circuit Court of Appeals explained that the plain language of Section 2255 "confers upon the district court broad and flexible power in its actions following a successful § 2255 motion." Handa, 122 F.3d 691 (quoting United States v. Davis, 112 F.3d 118, 121 (3d Cir. 1997)).

Defendant acknowledges that the District Court is not required to conduct a full resentencing but merely has the

13

authority to do so.

The Ninth Circuit Court of Appeals has stated repeatedly that the district court "has the authority" to conduct a full resentencing in instances where a vacated conviction may have affected the remaining counts. United States v. Ruiz-Alvarez, 211 F.3d 1181, 1185 (9th Cir. 2000); United States v. Avila-Anguiano, 609 F.3d 1046, 1049 (9th Cir. 2010).

The Defendant relies heavily on the decision in United States v. Beckham, 202 F.Supp.3d 1197, 1202 (E.D. Wash. 2016). In Beckham, the defendant was subject to two separate indictments. One indictment involved multiple counts for felon in possession of a firearm, possession and sale of a stolen firearm, and possession of an unregistered firearm. The second indictment was for charges of distribution and possession with intent to distribute methamphetamine.

The parties entered into a plea agreement pursuant to Fed. R. Crim. P. 11. The defendant agreed to plead guilty to one count of felon in possession of a firearm and one count for distribution of methamphetamine. The parties stipulated the sentence to be 188 months imprisonment pursuant to Fed. R. Crim. P. 11.

The PSR in Beckham grouped both the felon in possession of a firearm and the distribution of methamphetamine count together for purposes of the sentencing guideline calculation. The

14

defendant was found to be subject to both the advisory Career Offender Sentencing Guideline and the statutory Armed Career Criminal Act. The district court accepted the Rule 11 plea agreement and sentenced the defendant to two concurrent sentences of 188 months imprisonment pursuant to the parties' agreement.

The defendant in Beckham filed a 2255 Motion pursuant to Johnson, challenging his sentence pursuant to the Armed Career Criminal Act. The district court granted the motion and found that a full resentencing was necessary. The district court found that the sentence in this case was a complete "sentencing package" and required a full resentencing. The district court explained that the sentence involved complex issues and an interplay with multiple indictments and the Rule 11 plea agreement.

Unlike Beckham, Defendant Troiano's sentence was not a bundled sentencing package. The PSR in this case is clear that Counts 1 and 2 were grouped together, but Count 4 was not grouped with either Counts 1, 2, or 3.

Counts 1 and 2 were determined to be subject to the Career Offender Guideline. The Career Offender Guideline provided a range of 360 years to life. The same range was applied to Count 4 as a result of Sentencing Guideline 4B1.4(b)(2) that required the greater of the ACCA or Career Offender calculations to be applied to Count 4.

15

In Defendant Troiano's case, Count 4 may easily be corrected to 10 years imprisonment following Defendant's partially successful Section 2255 Motion. Correcting Count 4 will have no impact on the sentences for Counts 1, 2, or 3. Counts 1, 2, and 3 do not need to be "unbundled" as they were not grouped with Count 4 for sentence calculations.

There is no need to resentence Defendant as to Counts 1, 2, and 3. The basis for the sentences for Counts 1, 2, and 3 has not been altered pursuant to Johnson. Defendant attempted to challenge his sentence as to Counts 1 and 2 in his Section 2255 Motion. The Court's Order ruling on Troiano's Section 2255 Motion rejected the arguments.

The reasons for the sentence as to Counts 1, 2, and 3, stand based on the extensive evidence at trial of the violence involved in the offenses and the findings in the PSR regarding the violence involved.

In addition, as the Government argues, Defendant's position as to post-2255 procedures attempts to circumvent the United States Supreme Court's decision in Beckles v. United States. Defendant is attempting to secure a full resentencing to avoid the holding of the United States Supreme Court that precludes him from the relief he seeks.

Pursuant to Johnson, Defendant's sentence as to Count 4 is now subject to a maximum sentence of ten years imprisonment, with

a three-year term of supervised release.  18 U.S.C. § 924(a)(2).

Defendant's sentence as to Count 4 in the Superseding Indictment is **CORRECTED** to 10 years imprisonment with a term of supervised release of 3 years.

### **CONCLUSION**

The Court declines to conduct a full resentencing following Defendant's Section 2255 Motion.

Defendant's sentence as to Count 4 in the Superseding Indictment is **CORRECTED** to 10 years imprisonment with a term of supervised release of 3 years.

All other aspects of the sentence remain unchanged.

The Court will issue an Amended Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 7, 2017.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge