IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JAMES TROIANO, | ) | Cr. No. 05-00261 HG-01 |
|---|---|---|
| Petitioner, | ) | Cv. No. 16-00512 HG-KSC |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY (ECF No. 346)**

On August 24, 2006, the Court sentenced Petitioner Troiano to a term of imprisonment of 17 years as to Count 1 (conspiracy to commit a Hobbs Act robbery), Count 2 (Hobbs Act robbery), and Count 4 (felon in possession of a firearm), all terms to be served concurrently with each other.  Defendant was also sentenced to a 7 year term of imprisonment as to Count 3 (carrying a firearm in relation to a crime of violence), to be served consecutively to the 17 year terms imposed for Counts 1, 2, and 4, for a total of 24 years imprisonment.  (Judgment, ECF No. 218).

Nearly ten years later, on May 26, 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody pursuant to the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).  (ECF No. 324).

1

On August 25, 2017, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 340).

The Court held that Petitioner's sentence as to Count 4, for Felon in Possession of a Firearm, was no longer subject to sentencing enhancement pursuant to the Armed Career Criminal Act following the United States Supreme Court's decision in <u>Johnson v. United States</u>. The Court denied all other claims in Petitioner's Section 2255 Motion.

The Court declined to exercise its discretion to conduct a full resentencing. The Court corrected Petitioner's 17 year imprisonment sentence as to Count 4, with 5 years of supervised release, to a term of imprisonment of 10 years, with a term of supervised release of 3 years. All other aspects of Petitioner's sentence remain unchanged. The Court issued an Amended Judgment.

On December 14, 2017, Petitioner filed a Request for a Certificate of Appealability.

Petitioner's Request for a Certificate of Appealability (ECF No. 346) is **GRANTED, IN PART, AND DENIED, IN PART.**

## PROCEDURAL HISTORY

On October 5, 2005, the Government filed a four-count Superseding Indictment as to Petitioner Troiano. (ECF No. 59). The Superseding Indictment charged Petitioner, as follows:

**Count 1:** knowingly and willfully conspiring with others to

>           obstruct and affect commerce and the movement of
>           articles and commodities in such commerce, by
>           robbery, in violation of 18 U.S.C. §§ 1951 and 2
>           (Conspiracy to commit a Hobbs Act robbery);
>
> **Count 2:** knowingly and willfully obstructing and affecting
>           commerce and the movement of articles and
>           commodities in such commerce, by robbery, in
>           violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act
>           robbery);
>
> **Count 3:** knowingly carrying and brandishing a firearm
>           during and in relation to a crime of violence, to
>           wit: conspiracy and Hobbs Act robbery as charged
>           in Counts 1 and 2 of this Superseding Indictment
>           in violation of 18 U.S.C. § 924(c); and,
>
> **Count 4:** having been convicted of a crime punishable for a
>           term exceeding one year, did knowingly possess in
>           and affecting commerce a firearm in violation of
>           18 U.S.C. §§ 922(g)(1); 924(e).

(ECF No. 59).

On April 19, 2006, after 7 days of trial, the jury found Petitioner guilty on all 4 counts in the Superseding Indictment. (ECF Nos. 181, 183).

On August 24, 2006, the Court sentenced Petitioner to a term of imprisonment of 17 years as to each of Counts 1, 2, and 4 to be served concurrently with each other, followed by a 7 year term as to Count 3, to be served consecutively to the terms imposed for Counts 1, 2, and 4, for a total of 24 years imprisonment. (Judgment, ECF No. 218).

On December 12, 2007, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (ECF No. 273).

On April 14, 2008, the United States Supreme Court denied Petitioner's petition for certiorari. <u>Troiano v. United States</u>, 552 U.S. 1330 (2008).

3

On April 14, 2009, Petitioner filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 283).

On August 19, 2009, the Court issued an ORDER DENYING JAMES TROIANO'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255. (ECF No. 298).

Six years later, on June 26, 2015, the United States Supreme Court issued its opinion in Johnson v. United States, 135 S.Ct. 2551 (2015).

On September 16, 2016, the Ninth Circuit Court of Appeals granted Petitioner's application to file a second or successive Section 2255 Motion, stating that the application makes a prima facie showing under Johnson. The appellate court ordered that Petitioner's Second Section 2255 Motion be deemed filed in the District Court on May 26, 2016. (ECF No. 323).

On July 5, 2017, the District Court held a hearing on Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 324). (ECF No. 339).

On August 25, 2017, the District Court issued its ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 340).

The Court found that Petitioner's sentence as to Count 4, for Felon in Possession of a Firearm, was no longer subject to enhancement pursuant to the Armed Career Criminal Act following

4

the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The Court denied Petitioner's Section 2255 Motion on all other aspects.

On December 7, 2017, the Court issued an ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4 IN THE SUPERSEDING INDICTMENT. (ECF No. 344). The Order held that pursuant to Johnson, Petitioner's sentence as to Count 4 is subject to a maximum sentence of ten years imprisonment with a maximum term of supervised release of 3 years. (Id.) The Court lowered Petitioner's sentence as to Count 4 from 17 years imprisonment with a 5 year term of supervised release to a sentence of 10 years imprisonment with a 3 year term of supervised release. (Id.)

On the same date, the Court issued an AMENDED JUDGMENT. (ECF No. 345).

On December 14, 2017, Petitioner filed PETITIONER-DEFENDANT'S REQUEST FOR A CERTIFICATE OF APPEALABILITY. (ECF No. 346).

On January 10, 2018, the Government filed THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S REQUEST FOR A CERTIFICATE OF APPEALABILITY. (ECF No. 348).

On January 25, 2018, Petitioner filed PETITIONER-DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF REQUEST FOR A CERTIFICATE OF APPEALABILITY. (ECF No. 349).

On the same date, the Government filed THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S CITATION TO

SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS REQUEST FOR A CERTIFICATE OF APPEALABILITY. (ECF No. 350).

The Court elected to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.2(d). (ECF No. 347).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

## ANALYSIS

The jury convicted Petitioner James Troiano as to all four counts in the Superseding Indictment.

Ten years later, Petitioner filed a Section 2255 Motion seeking post-conviction relief, relying on the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The decision in Johnson invalidated the residual clause of the Armed Career Criminal Act as void for vagueness.

On August 25, 2017, the District Court issued an Order

Granting, In Part, And Denying, In Part, Petitioner Troiano's Motion Under Section 2255 To Vacate, Set Aside, Or Correct Sentence. (ECF No. 340). The Order granted Petitioner's challenge pursuant to Johnson as to the application of the Armed Career Criminal Act to his Felon in Possession of a Firearm charge in Count 4. (Id. at pp. 5-8).

**Petitioner Did Not Prevail In His Remaining Section 2255 Claims**

The Order denied Petitioner's challenge to the application of the United States Sentencing Guidelines finding Petitioner is a Career Offender. (Id. at pp. 9-10). The Order also denied Petitioner's argument that Hobbs Act robbery is not a crime of violence. (Id. at pp. 10-11).

Petitioner seeks a Certificate of Appealability of his two arguments denied in this Court's ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 340):

(1) his Career Offender Designation pursuant to the United States Sentencing Guidelines; and,

(2) the finding that his conviction for Hobbs Act robbery constitutes a crime of violence.

**Sentence Correction**

On December 7, 2017, the District Court issued an Order Correcting the Sentence of Defendant James Troiano As To Count 4 In The Superseding Indictment. (ECF No. 344). The District

Court corrected Petitioner's sentence as to Count 4 and lowered it from a term of 17 years imprisonment, with a term of supervised release of 5 years, to a term of 10 years imprisonment, with a term of supervised release of 3 years. (Id.) The Court declined to conduct a full resentencing hearing. (Id.) The Court issued an Amended Judgment. (ECF No. 345).

Petitioner also seeks a Certificate of Appealability as to the denial of complete resentencing in this Court's ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4 IN THE SUPERSEDING INDICTMENT (ECF No. 344):

(1) the procedure by which the District Court corrected his sentence.

**I.  REQUEST FOR A CERTIFICATE OF APPEALABILITY AS TO THE ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 340)**

**1.  Career Offender Designation**

Petitioner requests a Certificate of Appealability to challenge his Career Offender Designation pursuant to the United States Sentencing Guidelines as void for vagueness.

The District Court rejected Petitioner's challenge to his Career Offender Designation pursuant to the United States Supreme Court's holding in Beckles v. United States, 137 S.Ct. 886 (2017). Beckles held that the Sentencing Guidelines are distinguished from the United States Code. The United States Supreme Court ruled that, unlike the United States Code, the

Sentencing Guidelines "are not subject to a vagueness challenges under the Due Process Clause." Id. at 890.

The Ninth Circuit Court of Appeals has repeatedly found that vagueness challenges to a defendant's Career Offender Designation pursuant to the United States Sentencing Guidelines are foreclosed by the holding in Beckles. United States v. Jay, 705 Fed. Appx. 587, 588 (9th Cir. Nov. 30, 2017); United States v. Branch, 703 Fed. Appx. 464 (9th Cir. Nov. 20, 2017).

Reasonable jurists could not debate the validity of Petitioner's challenge to his Career Offender Designation as void for vagueness. McPeters v. United States, 2017 WL 2115815, *4 (C.D. Cal. May 12, 2017) (denying petitioner's request for a Certificate of Appealability ("COA") to a challenge his Career Offender Designation); United States v. Zimmerman, 2017 WL 3026405, *2 (D. Nev. July 17, 2017) (denying a COA because claim was foreclosed pursuant to Beckles).

Petitioner's Request for a Certificate of Appealability to challenge his Career Offender Designation is **DENIED**.

### 2. Hobbs Act Robbery As A Crime Of Violence

Petitioner seeks a Certificate of Appealability to challenge the District Court's ruling that his conviction for a Hobbs Act robbery constitutes a crime of violence.

It is well-settled law in the Ninth Circuit Court of Appeals that a Hobbs Act robbery is a crime of violence pursuant to 18 U.S.C. § 924(c). United States v. Mendez, 992 F.2d 1488, 1491

9

(9th Cir. 1993); see United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990).

In United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. 2016), the Ninth Circuit Court of Appeals stated that Hobbs Act robbery "indisputably qualifies as a crime of violence under Section 924(c)." Id. (quoting Mendez, 992 F.2d at 1491).

Less than three months ago, on November 30, 2017, in United States v. Jay, 705 Fed. Appx. 587 (9th Cir. Nov. 30, 2017), the Ninth Circuit Court of Appeals specifically rejected the exact argument that Petitioner raises here and found that Hobbs Act robbery is a crime of violence under its well-settled precedent.

Petitioner's Request for a Certificate of Appealability to challenge the finding that his conviction for Hobbs Act robbery constitutes a crime of violence is **DENIED**.

II. **REQUEST FOR A CERTIFICATE OF APPEALABILITY AS TO THE ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO FOR COUNT 4 IN THE SUPERSEDING INDICTMENT (ECF No. 344)**

On December 7, 2017, the District Court issued an ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4 IN THE SUPERSEDING INDICTMENT. (ECF No. 344). The District Court declined to conduct a full resentencing and declined to hold a hearing in order to correct Petitioner's sentence as to Count 4.

Reasonable jurists could debate whether Petitioner raised a valid claim of the denial of a constitutional right and whether the District Court was correct in its procedural ruling in

declining to conduct a full resentencing hearing.  Frost v. Gilbert, 835 F.3d 883, 888 (9th Cir. 2016) (en banc).

Petitioner's Request for a Certificate of Appealability to challenge the procedure by which the District Court corrected his sentence is **GRANTED**.

## **CONCLUSION**

Petitioner James Troiano's Request for a Certificate of Appealability (ECF No. 346) is **GRANTED, IN PART,** and **DENIED, IN PART**.

As to the ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 340):

(1) Petitioner's Request for a Certificate of Appealability to challenge his Career Offender Designation is **DENIED**.

(2) Petitioner's Request for a Certificate of Appealability to challenge the finding that his conviction for Hobbs Act robbery constitutes a crime of violence is **DENIED**.

As to the ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4 IN THE SUPERSEDING INDICTMENT (ECF No. 344):

(1) Petitioner's Request for a Certificate of Appealability to challenge the procedure by which the District Court corrected his sentence is **GRANTED**.

//
//
//

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 5, 2018.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge