IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES TROIANO,<br><br>            Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Crim. No. 05-00261 HG-01;<br>Civ. No. 19-00572 HG-KJM |

**ORDER DENYING PETITIONER JAMES TROIANO'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 358)**

**and**

**DENYING A CERTIFICATE OF APPEALABILITY**


On October 5, 2005, the Government filed a four-count Superseding Indictment as to Petitioner and another defendant for robbing a convenience store at gun point.

The Superseding Indictment charged the Petitioner, as follows:

    **Count 1:**  **Conspiracy To Commit A Hobbs Act Robbery** in violation of 18 U.S.C. §§ 1951 and 2;

    **Count 2:**  **Hobbs Act Robbery** in violation of 18 U.S.C. §§ 1951 and 2;

    **Count 3:**  **Use Of Firearm During A Hobbs Act Robbery** in violation of 18 U.S.C. § 924(c); and,

1

**Count 4: Felon In Possession Of A Firearm** in violation of 18 U.S.C. §§ 922(g)(1); 924(e).

(Superseding Indictment, ECF No. 59).

On April 19, 2006, after seven days of trial, the jury found Petitioner guilty on all four counts in the Superseding Indictment. (ECF Nos. 181, 183).

Petitioner unsuccessfully appealed his convictions to the Ninth Circuit Court of Appeals and was denied a writ of certiorari from the United States Supreme Court.

In 2009, Petitioner filed a First Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255, which was denied.

Seven years later, in 2016, Petitioner filed a Second Section 2255 Motion. Petitioner partially succeeded on his Second Section 2255 Motion.

On August 25, 2017, the District Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 340). The District Court held that Petitioner's sentence as to Count 4 for Felon in Possession of a Firearm was no longer subject to enhancement pursuant to the Armed Career Criminal Act based on the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The District Court denied Petitioner's Section 2255 Motion on all other aspects.

2

On December 7, 2017, the District Court issued an ORDER
CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4
IN THE SUPERSEDING INDICTMENT.  (ECF No. 344).  The District
Court declined to hold a full resentencing hearing and issued an
Amended Judgment, correcting Petitioner's sentence as to Count 4
only.

The December 7, 2017 Judgment provided that Petitioner was
sentenced to 17 years imprisonment as to each Count 1 and 2, and
10 years imprisonment as to Count 4 to be served concurrently
with each other.  Petitioner's concurrent sentences are followed
by a 7 year term of imprisonment as to Count 3 to be served
consecutively to the terms imposed for Counts 1, 2, and 4, for a
total of 24 years imprisonment.

Petitioner appealed the District Court's December 7, 2017
Judgment.  The Ninth Circuit Court of Appeals affirmed the
District Court's decision.

On October 22, 2019, Petitioner filed a Third Section 2255
Motion.

Petitioner seeks relief from the December 7, 2017 Judgment
on two bases.

First, Petitioner argues that his conviction and sentence as
to Count 3 for Use Of A Firearm In Relation To A Hobbs Act
Robbery is unconstitutional pursuant to United States v. Davis,
139 S.Ct 2319 (2019).

Second, Petitioner argues that his conviction and sentence

as to Count 4 for Felon In Possession Of A Firearm is unconstitutional pursuant to <u>Rehaif v. United States</u>, 139 S.Ct 2191 (2019).

There is no merit to either of Petitioner's arguments.

Petitioner James Troiano's October 22, 2019 Motion to Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255 (ECF No. 358) is **DENIED.**

A Certificate of Appealability is **DENIED.**

## PROCEDURAL HISTORY

On October 5, 2005, the Government filed a four-count Superseding Indictment as to Petitioner Troiano and another defendant for robbing a convenience store at gun point. (ECF No. 59). The Superseding Indictment charged Petitioner, as follows:

**Count 1:** knowingly and willfully conspiring with others to obstruct and affect commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Conspiracy To Commit Hobbs Act Robbery);

**Count 2:** knowingly and willfully obstructing and affecting commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act Robbery);

**Count 3:** knowingly carrying and brandishing a firearm during and in relation to a crime of violence, to wit: conspiracy and Hobbs Act robbery as charged in Counts 1 and 2 of this Superseding Indictment in violation of 18 U.S.C. § 924(c) (Use Of Firearm During Hobbs Act Robbery); and,

4

**Count 4:**  having been convicted of a crime punishable
             for a term exceeding one year, did knowingly
             possess in and affecting commerce a firearm
             in violation of 18 U.S.C. §§ 922(g)(1);
             924(e) (Felon In Possession Of A Firearm).

(ECF No. 59).

On April 19, 2006, after seven days of trial, the jury found Petitioner guilty on all four counts in the Superseding Indictment. (ECF Nos. 181, 183).

On August 24, 2006, the Court sentenced Petitioner to a term of imprisonment of 17 years as to each of Counts 1, 2, and 4 to be served concurrently with each other, followed by a 7 year term as to Count 3, to be served consecutively to the terms imposed for Counts 1, 2, and 4, for a total of 24 years imprisonment.  (Judgment, ECF No. 218).

On December 12, 2007, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.  (ECF No. 273).

On April 14, 2008, the United States Supreme Court denied Petitioner's request for certiorari.  Troiano v. United States, 552 U.S. 1330 (2008).

On April 14, 2009, Petitioner filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 283).

On August 19, 2009, the Court issued an ORDER DENYING JAMES TROIANO'S MOTION TO VACATE, SET ASIDE, OR CORRECT

SENTENCE PURSUANT TO 28 U.S.C. § 2255. (ECF No. 298).

Six years later, on June 26, 2015, the United States Supreme Court issued its opinion in Johnson v. United States, 135 S.Ct. 2551 (2015).

On September 16, 2016, the Ninth Circuit Court of Appeals granted Petitioner's application to file a second or successive Section 2255 Motion, stating that the application makes a prima facie showing under Johnson. The appellate court ordered that Petitioner's Second Section 2255 Motion be deemed filed in the District Court on May 26, 2016. (ECF No. 323).

On September 22, 2016, the District Court stayed Defendant's Section 2255 Motion, pending the decision of the Supreme Court of the United States in Beckles v. United States. (ECF No. 327).

On March 6, 2017, the Supreme Court of the United States issued its decision in Beckles v. United States, 137 S.Ct. 886 (2017).

On July 5, 2017, the District Court held a hearing on Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 324). (ECF No. 339).

On August 25, 2017, the District Court issued its ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY.  (ECF No. 340).

The District Court found that Petitioner's sentence as to Count 4 for Felon in Possession of a Firearm was no longer subject to enhancement pursuant to the Armed Career Criminal Act following the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). The District Court denied Petitioner's Section 2255 Motion on all other aspects.

The District Court ordered the Parties to file memoranda addressing their positions as to the procedure for the post-2255 proceedings.  (<u>Id.</u>)

On December 7, 2017, the District Court issued an ORDER CORRECTING THE SENTENCE OF DEFENDANT JAMES TROIANO AS TO COUNT 4 IN THE SUPERSEDING INDICTMENT.  (ECF No. 344).

Also on December 7, 2017, the Court issued an AMENDED JUDGMENT.  (ECF No. 345).

On December 14, 2017, Petitioner filed a REQUEST FOR CERTIFICATE OF APPEALABILITY.  (ECF No. 346).

On February 5, 2018, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY.  (ECF No. 351).

Also on February 5, 2018, Petitioner filed an appeal to the Ninth Circuit Court of Appeals.

On March 22, 2019, the Ninth Circuit Court of Appeals issued a published opinion, affirming the District Court's

order correcting the Defendant's sentence and denying Petitioner's Motion to Expand the Certificate of Appealability.  (ECF No. 353).

On June 17, 2019, the United States Supreme Court denied Petitioner's request for a writ of certiorari.  (ECF No. 357).

On October 22, 2019, Petitioner filed, pro se, his Third Section 2255 Motion.  (ECF No. 358).

On October 25, 2019, the Court issued a briefing schedule and appointed the Federal Public Defender to assist Petitioner in seeking Section 2255 relief.  (ECF No. 359).

On November 21, 2019, the Government filed an Opposition to Petitioner's Motion.  (ECF No. 360).

On January 6, 2020, the Federal Public Defender, on behalf of Petitioner, filed Petitioner's Reply.  (ECF No. 362).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

> (1)   the sentence was imposed in violation of the Constitution or laws of the United States;

(2)   the court was without jurisdiction to impose such
          a sentence;

    (3)   the sentence was in excess of the maximum
          authorized by law; or,

    (4)   the sentence is otherwise subject to collateral
          attack.

28 U.S.C. § 2255(a).

    A prisoner may file a motion to vacate, set aside, or
correct a sentence.  28 U.S.C. § 2255.  The scope of
collateral attack of a sentence is limited, and does not
encompass all claimed errors in conviction and sentencing.

    A district court must hold an evidentiary hearing to
assess the worthiness of a Section 2255 Motion unless the
motion and the files and records of the case conclusively
show that the prisoner is entitled to no relief.  28 U.S.C.
§ 2255(b).


## ANALYSIS


    As an initial matter, the Court construes Petitioner
Troiano's Section 2255 Motion liberally, as he filed it pro
se.  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).
The Court subsequently appointed the Federal Public Defender
to assist Petitioner, and the Reply was filed with the
assistance of counsel.

    The Court declines to hold a hearing.  Petitioner's

Section 2255 Motion does not present any new factual allegations.  The Motion is limited to legal arguments based on new precedent from the United States Supreme Court.  A district court need not hold a hearing when the files and records of the case conclusively show that the prisoner is not entitled to relief.  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  The district court has the discretion to forego a hearing and instead rely on the record where there are no genuine factual disputes.  United States v. Hafoka, 312 Fed. Appx. 77, 77-78 (9th Cir. 2009) (citing Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989) explaining that the district court may rely on the record as well as the judge's own notes and recollection of the trial).

## I.   Timeliness

On October 22, 2019, Petitioner filed his Third Motion To Vacate, Set Aside, Or Correct His Sentence pursuant to 28 U.S.C. § 2255.

Generally, a petitioner must obtain leave from the applicable United State Circuit Court of Appeals in order to file a "second or successive" habeas petition with the District Court.  Wentzell v. Neven, 674 F.3d 1124, 1126-27 (9th Cir. 2012).  The Ninth Circuit Court of Appeals has

explained that a Section 2255 Motion is not "second or successive" if there has been a "new judgment intervening between the two habeas petitions."  Id. (quoting Magwood v. Patterson, 130 S.Ct. 2788, 2802 (2010)).

Here, Petitioner's October 22, 2019 Section 2255 habeas petition is not "second or successive."  There was an intervening Amendment Judgment issued on December 7, 2017 between the Petitioner's habeas petitions.

Petitioner's October 22, 2019 habeas petition is timely.  The October 22, 2019 Motion was filed within a year of the United States Supreme Court's June 17, 2019 denial of Petitioner's request for a writ of certiorari.  28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358 (2005); United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (explaining that a judgment becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

## II.  Petitioner's Challenges To The December 7, 2017 Judgment

Petitioner was convicted of the following four Counts:

**Count 1:**  **Conspiracy To Commit A Hobbs Act Robbery** in violation of 18 U.S.C. §§ 1951 and 2;

**Count 2:**  **Hobbs Act Robbery** in violation of 18 U.S.C. §§ 1951 and 2;

11

**Count 3: Use Of Firearm During A Hobbs Act Robbery** in violation of 18 U.S.C. § 924(c); and,

**Count 4: Felon In Possession Of A Firearm** in violation of 18 U.S.C. §§ 922(g)(1); 924(e).

(Amended Judgment, ECF No. 345).

Petitioner's Section 2255 Motion challenges the December 7, 2017 Judgment on two bases.

<u>First</u>, Petitioner argues that his conviction and sentence as to Count 3 for Use Of A Firearm In Relation To A Hobbs Act Robbery is unconstitutional pursuant to <u>United States v. Davis</u>, 139 S.Ct 2319 (2019).

<u>Second</u>, Petitioner argues that his conviction and sentence as to Count 4 for Felon In Possession Of A Firearm is unconstitutional pursuant to <u>Rehaif v. United States</u>, 139 S.Ct 2191 (2019).

## A. Petitioner's Challenge To Count 3 For Use Of A Firearm During A Hobbs Act Robbery

Petitioner's first challenge to the December 7, 2017 Judgment alleges that Petitioner's conviction as to Count 3 for Use Of A Firearm During A Hobbs Act Robbery, pursuant to 18 U.S.C. § 924(c), is unconstitutional.

18 U.S.C. § 924(c) prohibits the possession, carrying, or use of a firearm in relation to a crime of violence.[1]

---

[1] 18 U.S.C. § 924(c) provides that it is unlawful for a person to use a firearm in relation to a crime of violence, as

Petitioner claims that his Section 924(c) conviction improperly relied upon unconstitutional language defining "crime of violence." Petitioner's challenge is based on the United States Supreme Court's decision in <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019).

Petitioner's claim is misplaced. There are two separate definitions of "crime of violence" in Section 924(c).

The definition for crime of violence in the **"Force or Elements Clause"** set forth in 18 U.S.C. § 924(c)(3)(A)

---

follows, in relevant part:

(1)  (A)  Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment for such crime of violence or drug trafficking crime—
   (i)   be sentenced to a term of imprisonment of not less than 5 years;
   (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
   (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years....

governs Petitioner's conviction.[2]

The definition for crime of violence in the "**Residual Clause**" set forth in 18 U.S.C. § 924(c)(3)(B) is inapplicable, and Petitioner's arguments regarding the Residual Clause do not warrant relief.[3]

> **1. The Force Or Elements Clause In Section 924(c)(3)(A)'s Definition Of Crime Of Violence Applies**

There are two clauses that define a "crime of violence" for purposes of 18 U.S.C. § 924(c). The first definition for "crime of violence" in Section 924(c) is stated in the "Force or Elements Clause." The Force or Elements Clause

---

[2] The first definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A), known as the Force or Elements Clause provides, as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and —
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another.

[3] The second definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), known as the Residual Clause, provides as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and —
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

provides that an offense constitutes a crime of violence
when it "has an element the use, attempted use, or
threatened use of physical force against the person or
property of another."  18 U.S.C. § 924(c)(3)(A).

The Superseding Indictment charged Petitioner with
violating Section 924(c) in relation to both the Conspiracy
To Commit A Hobbs Act Robbery charge in Count 1 and the
substantive Hobbs Act Robbery charge in Count 2.
(Superseding Indictment at p. 3, ECF No. 59).

The jury in this case found Petitioner guilty in Count
2 for committing a substantive Hobbs Act robbery.  As to
Count 3, the jury found Petitioner guilty of Use Of A
Firearm In Relation To A Crime Of Violence.  Petitioner's
conviction in Count 2 constituted the crime of violence for
which Petitioner Troiano used the firearm.

Petitioner argues that his Hobbs Act robbery conviction
does not constitute a crime of violence.  Petitioner's
argument is foreclosed by Ninth Circuit precedent.  A Hobbs
Act robbery is categorically a crime of violence pursuant to
the Force or Elements Clause in Section 924(c)(3)(A) because
it has as an element the use, attempted use, or threatened
use of physical force against the person or property of
another.  The Ninth Circuit Court of Appeals and numerous
other Circuit Courts have ruled that a Hobbs Act robbery

categorically constitutes a crime of violence pursuant to the Force or Elements Clause. <u>United States v. Howard</u>, 650 Fed. Appx. 466, 468 (9th Cir. 2016), as amended (June 24, 2016); <u>In re Saint Fleur</u>, 824 F.3d 1337, 1340 (11th Cir. 2016); <u>United States v. House</u>, No. 14-3011, 2016 WL 3144735 (8th Cir. June 6, 2016); <u>United States v. Hill</u>, 832 F.3d 135, 142-44 (2d Cir. 2016).

Petitioner already raised this exact argument before this Court in his Second Section 2255 Motion. This Court rejected the argument, explaining that a substantive Hobbs Act robbery constitutes a "crime of violence" pursuant to the Force or Elements Clause. (ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER TROIANO'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY at pp. 10-11, ECF No. 340). Petitioner's argument as to the Hobbs Act robbery pursuant to the Force or Elements Clause is without merit.

### 2. The Residual Clause In Section 924(c)(3)(B)'s Definition Of Crime Of Violence Does Not Apply

Petitioner's remaining arguments challenging his conviction as to Count 3 involve the "Residual Clause" found in Section 924(c)(3)(B). The Residual Clause is irrelevant to Petitioner's conviction as to Count 3.

16

The second definition of "crime of violence" in Section 924(c) is provided in what is referred to as the "Residual Clause" in 18 U.S.C. § 924(c)(3)(B). The Residual Clause provides that an offense constitutes a crime of violence when "by its nature," the offense "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The United States Supreme Court reviewed the definition of crime of violence provided in the Residual Clause in United States v. Davis, 139 S.Ct 2319 (2019).

In Davis, the United States Supreme Court held that the Residual Clause of Section 924(c)(3)(B) is unconstitutional. The Supreme Court ruled that the language in the statute stating, "by its nature...involves a substantial risk..." was void for vagueness. Davis, 139 S.Ct. at 2325-27. The Davis court followed other recent United States Supreme Court decisions in the year prior that found similarly worded statutes to be unconstitutional. See Johnson, 135 S.Ct. at 2557 and Sessions v. Dimaya, 138 S.Ct. 1204, 1211-12 (2018).

Petitioner relies on the decision in Davis to challenge his conviction in Count 3. Petitioner claims that his conviction in Count 3 is unconstitutional because the

Superseding Indictment alleged that the "crime of violence," for which he used a firearm, was in relation to both the Conspiracy To Commit A Hobbs Act Robbery and the substantive Hobbs Act Robbery charge.

Petitioner's argument is unpersuasive. A nearly identical argument was clearly examined and rejected by another District Court Judge in this District in Higa v. United States, 413 F.Supp.3d 1012, 1015-16 (D. Haw. 2019). In Higa, the petitioner pled guilty to Conspiracy To Commit A Hobbs Act Robbery and to Use Of A Firearm In Relation To A Crime Of Violence. Higa was also charged in the indictment with committing a substantive Hobbs Act robbery. Higa, however, did not plead guilty to the substantive charge and instead pled only to the conspiracy charge and the use of the firearm charge.

In his Section 2255 Motion, Higa argued that his Section 924(c) conviction for Use Of A Firearm In Relation To A Crime Of Violence was unconstitutional because he did not plead guilty to the underlying substantive Hobbs Act robbery charge. Higa argued, pursuant to Davis, that his Section 924(c) conviction was unconstitutional because the conspiracy charge, upon which the crime of violence was based, relied on the residual clause in 924(c)(3)(B).

The District Court rejected Higa's argument. The

District Court explained that it was immaterial that Higa did not plead guilty to the substantive Hobbs Act charge. The District Court explained that his conviction remained valid because Higa admitted to the conduct of using a firearm during a Hobbs Act robbery, which is categorically a crime of violence pursuant to the Force or Elements Clause in Section 924(c)(3)(A). It was not material that Higa was not convicted for the substantive crime, because he admitted to the conduct. Section 924(c) does not require an underlying or predicate conviction for committing a crime of violence, only underlying conduct that constitutes a crime of violence. Higa, 413 F.Supp.3d at 1016 (citing United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) ("a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or legislative history suggests he must be separately charged with and convicted of the underlying offense.").

Here, just as in Higa, Petitioner Troiano was charged with both Conspiracy to Commit A Hobbs Act Robbery and a substantive Hobbs Act robbery. Both crimes were provided in the Indictment as the basis for the Use Of A Firearm In Relation To A Crime of Violence charge. The two different crimes of violence provided in the indictment do not alter

19

the validity of the conviction.  The finding that Petitioner committed the substantive Hobbs Act robbery forms the basis for the crime of violence upon which the firearm conviction relies.  The substantive Hobbs Act robbery constitutes a crime of violence pursuant to the Force or Elements Clause of Section 924(c)(3)(A).  The conviction for Use Of A Firearm is based on the Force or Elements Clause, not the Residual Clause.

Here, the jury found Petitioner guilty of committing both the substantive Hobbs Act robbery and of Use Of A Firearm In Relation To The Hobbs Act Robbery.  Davis does not apply where the 924(c) conviction is premised on a substantive Hobbs Act robbery conviction.  Higa, 413 F.Supp.3d at 1016 (citing United States v. Howard, 650 Fed. Appx. 466, 468 n.3 (9th Cir. 2016) ("Hobbs Act robbery qualifies as a crime of violence under Section 924(c)'s force clause")).

### B.  Petitioner's Challenge To Count 4 For Being A Felon In Possession Of A Firearm

In Petitioner's second challenge, he alleges that his conviction in Count 4 for being a Felon In Possession Of A Firearm is unconstitutional pursuant to the United States Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019).

In _Rehaif_, the United States Supreme Court held that 18
U.S.C. § 922(g) requires the Government to prove that the
defendant knowingly possessed a firearm _and_ that the
defendant knowingly belonged to the relevant category of
persons barred from possessing a firearm.  139 S.Ct. at
2200.  The relevant category here is convicted felon.
Following the decision in _Rehaif_, the Ninth Circuit Court of
Appeals explained that the Government must prove four
elements when the defendant is a felon for purposes of
Section 922(g)(1):

(1)  the defendant was a felon;

(2)  the defendant knew he was a felon;

(3)  the defendant knowingly possessed a firearm; and,

(4)  the firearm was in or affecting interstate
     commerce.

_United States v. Benamor_, 937 F.3d 1182, 1186 (9th Cir.
2019).

The only issue raised by Petitioner as to Count 4 here
is whether the Government proved that Petitioner Troiano
knew he was a felon.  There can be no dispute that
Petitioner Troiano knew he was a felon, meaning he had been
convicted of a crime punishable by imprisonment for a term
exceeding one year, at the time he was alleged to have
possessed the firearm.

At trial, Petitioner Troiano stipulated to his status

as a felon at the time of the charged conduct.  (Stipulation
of the Parties Regarding Felony Status, ECF No. 142).  The
Stipulation provided, as follows:

> The United States of America and Defendant, JAMES
> TROIANO, also known as: "JOHN KLATT," by and
> through his attorney, hereby stipulate that on May
> 9, 2005, the date of the alleged offense here, the
> defendant had been previously convicted of a crime
> punishable by imprisonment for a term exceeding
> one year.
>
> The defendant stipulates that on July 14, 1999, he
> was convicted of a crime punishable by
> imprisonment for a term exceeding one year.
>
> (Stipulation, ECF No. 142).

The stipulation is dispositive of Petitioner's claim
pursuant to Rehaif.  United States v. Wade, 2020 WL 736234,
*2 (N.D. Cal. Feb. 13, 2020) (finding that Rehaif has no
impact on the defendant's case because the Parties
stipulated to the defendant being a felon).

In addition, the record demonstrates that Petitioner
had five felony convictions and had spent approximately
fifteen years in prison.  (Gov't Opp. at p. 13, ECF No.
360).  There is no reasonable basis to find that
Petitioner's conviction for Felon In Possession Of A Firearm
is affected by Rehaif.  United States v. Hollingshed, 940
F.3d 410, 416 (8th Cir. 2019) (finding defendant not
entitled to relief under Rehaif where he stipulated at trial
that he was a convicted felon and cannot show a reasonable

probability that the outcome of proceedings would have been different); <u>United States v. Dollison</u>, 2019 WL 5653197, at *2-*3 (D. Alaska Oct. 31, 2019) (there was sufficient evidence that the jury's verdict would have been the same even if instructed pursuant to <u>Rehaif</u> where record before the jury included a stipulation that defendants had prior felony convictions).

## III. Certificate Of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

Petitioner Troiano's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law. Reasonable

jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED**.

## CONCLUSION

Petitioner James Troiano's October 22, 2019 Motion to Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (ECF No. 358) is **DENIED**.

A Certificate Of Appealability is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2020.

Helen Gillmor
United States District Judge

James Troiano v. United States of America, Criminal No. 05-00261 HG-01, Civ. No. 19-00572 HG-KJM; **ORDER DENYING PETITIONER JAMES TROIANO'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 358) AND DENYING A CERTIFICATE OF APPEALABILITY**

24